IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARTHA VASSALLE,

and

JEROME JOHNSON

       Plaintiffs,

-vs-

MIDLAND FUNDING, LLC,

and

MIDLAND CREDIT MANAGEMENT, INC.

and

ENCORE CAPITAL GROUP, INC.

       Defendants.

Case No. 3:11-cv-0096

Honorable David M. Katz

**And Related Cases:**
Case No. 3:08-cv- 01434
Case No. 3:10 -cv-0091

### **ELAINE PELZER'S MOTION TO INTERVENE**

For the reasons set forth in the brief below, Elaine Pelzer moves for leave to intervene under Fed.R.Civ.P. 24 and requests that the Court permit her to conduct discovery concerning the fairness of the proposed settlement in this case.

                        Respectfully Submitted,

                        By: <u>s/Randall C.Dixon</u>
                        Randall C. Dixon (0001130)
                        DIXON & HAYES, LTD.
                        Attorney For Elaine Pelzer
                        3361 Executive Parkway, Ste. 100
                        Toledo, OH 43606
                        RandyDixon@DixonHayes.com
                        PHONE: (419) 536-8600
                        FACSIMILE (419) 534-5934

June 1, 2011

                        Ian B. Lyngklip (P47173)
                        LYNGKLIP & ASSOCIATES
                        CONSUMER LAW CENTER, PLC
                        Attorney For Elaine Pelzer
                        24500 Northwestern Highway, Ste. 206
                        Southfield, MI 48075
                        (248) 208-8864
                        IanLyngklip@Att.Net

# BRIEF IN SUPPORT OF
# ELAINE PELZER'S MOTION TO INTERVENE

On March 11, 2011, this Court granted preliminary approval to a proposed settlement of class action claims between plaintiffs Andrea Brent, Martha Vassalle, Jerome Johnson, and Hope Franklin (together, "Plaintiffs") and defendants Midland Funding LLC, Midland Credit Management, Inc., Midland Funding NCC-2 Corporation, MRC Receivables Corporation Inc., and Encore Capital Group Inc., (together, "Midland Group") [R. 111]. Elaine Pelzer moves to intervene in order to,

1. unseal the record relating to the motions for summary judgment and class certification [R.40, 41, 42, 43, 76, 78, 84, 87, 103] so that Ms. Pelzer and other class members may properly evaluate the record evidence, and assess relative strength of the claims that the parties seek to release on a class-wide basis, and render informed decisions regarding the adequacy of the proposed settlement.

2. retain the right on behalf of herself and other Michigan residents to move to set aside the default judgment taken against her by Midland and its attorneys.

3. preserve her right on behalf of herself and other Michigan residents to pursue claims for violations of the Michigan Collection Practices Act against the Midland Group and their attorneys which have not been asserted by the class representatives, but which would be released by the proposed settlement.

4. conduct discovery into the fairness of the proposed settlement on behalf of herself and other Michigan residents.

5. challenge the adequacy of the proposed settlement on behalf of herself and other Michigan residents.

6.      grant Ms. Pelzer leave to respond to Plaintiff Franklin and Plaintiff Vassalle's motion for approval and for fees

Ms. Pelzer brings this motion within the time for the filing of objections and will file her objections to the proposed settlement along with this motion.

## FACTS

Ms. Pelzer is a resident of the state of Michigan. On November 9, 2007, Midland Funding, LLC ("Midland Funding") brought suit against her in the 24th District Court for the City of Allen Park on an account that it claims to have purchased from Fingerhut Credit Advantage. (Exhibit 2). In that suit, Midland Funding submitted an affidavit in support of its claim. That affidavit reflected the same material representations as those reviewed by this Court on summary judgment [R.50] and sought judgment against Ms. Pelzer in the amount of $1,202.41. Unaware that the affidavits may have been false, Ms. Pelzer did not respond to the complaint. On March 6, 2008 Midland Funding requested default judgment on the claims.

The Court has identified Ms. Pelzer as a class member, and she received class notice and a claim form in this case (Exhibit 3). After reviewing the notice and the claim form, she engaged the services of Counsel and requests leave to intervene in this case[1].

### The Nature of Ms. Pelzer's Claims

Ms. Pelzer's claims arise as a result of Midland Funding's representations in its affidavit filed against her on November 7, 2007. The Court has identified her as a class member under the terms of its order preliminarily certifying the class for settlement purposes. That definition includes:

> All natural persons (a) sued in the name of Encore Capital Group, Inc., Midland Funding LLC, Midland Credit Management, Inc., or any other Encore and/or

---

[1] She elected to participate in the class action. At the same time, she has filed her Objections to the terms of the proposed settlement this date.

> Midland-related entity (collectively, "Midland"), (b) between January 1, 2005 and the date the Order of Preliminary Approval of Class Action Settlement is entered by the Court, (c) in any debt collection lawsuit in any court (d) where an affidavit attesting to facts about the underlying debt was used by Midland in connection with the debt collection lawsuit.

(R. 111 at ¶2). In addition to any claims arising under the FDCPA, Ms. Pelzer may also assert claims under Michigan's analogue to the FDCPA: the Michigan Collection Practices Act ("MCPA"), M.C.L. § 445.251 *et seq.*[2] Under that Act, regulated parties like Midland may not engage in prohibited conduct such as making false representations:

> Sec. 2. A regulated person shall not commit 1 or more of the following acts:
> (a) Communicating with a debtor in a misleading or deceptive manner, such as using the stationery of an attorney or credit bureau unless the regulated person is an attorney or is a credit bureau and it is disclosed that it is the collection department of the credit bureau.
> \* \* \*
> (e) Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt.
> (f) Misrepresenting in a communication with a debtor 1 or more of the following:
>   (i) The legal status of a legal action being taken or threatened.
>   (ii) The legal rights of the creditor or debtor.
>   (iii) That the nonpayment of a debt will result in the debtor's arrest or imprisonment, or the seizure, garnishment, attachment, or sale of the debtor's property.
>   (iv) That accounts have been turned over to innocent purchasers for value.
> \* \* \*
> (q) Failing to implement a procedure designed to prevent a violation by an employee.

M.C.L. § 445.254. Under these provisions, a regulated person may not make any form of misleading or deceptive statement. These provision parallel those of the FDCPA under which this Court has already granted partial summary judgment to Ms. Brent.

---

[2]The actions of Midland Group and its affiliates may also be covered by parallel provisions of the Michgan Occupational Code ("MOC"), M.C.L. § 339.901 *et seq*. Because the provisions of the MCPA and the MOC are virtually identical with respect to the relevant conduct (compare M.C.L. § 445.252 to M.C.L. § 339.915) Ms. Pelzer will refer to the provisions of the MCPA for ease of reference.

While the claims at issue in this case arise under the FDCPA, those claims contain a mandatory cap on damages amounting to the lesser of $500,000 or 1% of Midland's value. 15 U.S.C. § 1692k(a)(2)(B). More importantly, the FDCPA does not provide for any form of equitable relief. *Weiss v. Regal Collections*, 385 F.3d 337, 341 (3rd Cir.2004). *Crawford v. Equifax Payment Services, Inc.*, 201 F.3d 877 (7th Cir.2000) (holding that "all private actions under the Fair Debt Collection Practices Act are for damages."); *Bradshaw v. Hilco Receivables, LLC*, --- F.Supp.2d ----, 2011 WL 652476 (D.Md.,2011). See also, *Kafele v. Lerner Sampson & Rothfuss, L.P.A.*, 62 F. App'x 584 (6th Cir.2003). The MCPA provision contain no similar cap. M.C.L. § 445.257. More importantly, the MCPA expressly provides for equitable relief:

> Sec. 7. (1) A person who suffers injury, loss, or damage, or from whom money was collected by the use of a method, act, or practice in violation of this act may bring an action for damages or other equitable relief.
>
> (2) In an action brought pursuant to subsection (1), if the court finds for the petitioner, recovery shall be in the amount of actual damages or $50.00, whichever is greater. If the court finds that the method, act, or practice was a wilful violation, the court may assess a civil fine of not less than 3 times the actual damages, or $150.00, whichever is greater, and shall award reasonable attorney's fees and court costs incurred in connection with the action.

M.C.L. § 445.257. Under this act, a person who has suffered a loss may bring a claim for actual and statutory damages, together with a claim for equitable relief.

In this case, Midland Funding has filed and forwarded an affidavit in support of its claims against Ms. Pelzer. Midland Funding prepared that affidavit using the same "Form 400" document used in relation to Ms. Brent. (See Exhibit 2). Consequently, in addition to the FDCPA claims, Ms. Pelzer likely also possesses claims under Michigan law. Under the terms of the injunction against parallel litigation [R. 110] as modified on May 17, 2011 [R.155], Ms. Pelzer may not pursue these claims on her own behalf or on behalf of other Michigan residents who remain members of the class.

As set forth in the accompanying objections to the proposed settlement, Ms. Pelzer believes

that the settlement is neither adequate nor fair, and she requests leave to intervene to conduct discovery into the settlement so that she may further brief the issue and complete the record for her own benefit and that of other Michigan residents whose claims would be compromised. Ms. Pelzer requests permission to intervene toto challenge the adequacy and fairness of the proposed class settlement in relating to class members who were sued in the State of Michigan and whose claims will expire absent an order tolling those claims. Because Ms. Pelzer meets all of the requirements of Rules 24(a) and (b) she requests that the Court grant this motion.

## Law & Argument

The rules relating to intervention as a matter of right are liberally construed for the benefit of the proposed intervenors, and *any* doubts are resolved in their favor. *See*, *Fed. Savings & Loan Ins. Corp. v. Falls Chase Special Taxing Dist.*, 983 F. 2d 211, 216 (11th Cir. 1993). Prior to the filing of this motion, the Court heard and granted motions to intervene filed by other class members. In light of these prior filings, Ms. Pelzer believes the Court has advised itself as to the standard applicable to this motion within this Circuit and expressed its view of the law concerning this standard [R.156]. Consequently, Ms. Pelzer sets forth only so much of her argument as is necessary to complete the record concerning her request.

1. **Ms. Pelzer may intervene as a matter of right under Rule 24(a).**

Ms. Pelzer seeks to intervene in this case as a matter of right. Under Rule 24(a), Ms. Pelzer may intervene if she has an interest in the case that will be impaired by the resolutions of the case. Fed.R.Civ.P. 24. Additionally, the Sixth Circuit requires that she (1) move timely; (2) possess a substantial legal interest in the case; (3) suffer impairment of her ability to protect that interest unless she is allowed to intervene; and (4) demonstrate that the parties before the Court will not adequately represent her. *Providence Baptist Church v. Hillandale Comm., Ltd.*, 425 F.3d 309, 315 (6th

Cir.2005) (citing *Michigan State AFL-CIO v. Miller*, 103 F. 3d 1240, 1245 (6th Cir 1977)); [R.156]. In this case, Ms. Pelzer meets all the requirements of rule 24(a) mandatory intervention.

Ms. Pelzer has acted within the time permitted by the Court and promptly after receiving the class notice which the Court ordered to be issued in this case. *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 394, 53 L. Ed. 2d 423, 97 S. Ct. 2464 (1977); *Beckert v. TPLC Holdings, Inc. (In re Telectronics Pacing Sys.)*, 221 F.3d 870, 882 (6th Cir.2000); *Geiger v. Foley Hoag LLP Ret. Plan*, 521 F.3d 60, 65 (1st Cir.2008) (Rule 24(a)(2) motion timely when intervenor waited roughly one month after receiving notice of jeopardy to interest. *Stupak–Thrall v. Glickman*, 226 F.3d 467, 472-473 (6th Cir.2000)(timeliness "evaluated in the context of all relevant circumstances."); *Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir.1990). The Court must consider five factors:

> (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; (4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention.

*Stupak-Thrall*, 226 F.3d at 472-473.

In this case, Ms. Pelzer did not know of the existence of her claim until she received the class notice approximately a month ago. That notice served as the first indication that the affidavit she received was false and could give rise to a claim for civil liability. That notice apprised her of her right to object, and as such the Court itself has provided the occasion for this motion. She has filed her motion within weeks of the notice and prior to the deadline for objection. As such her request for leave to intervene is timely.

Second, Ms. Pelzer is a member of the class would be bound by the proposed class settlement and release. That release would operate to waive any of Ms. Pelzer's potential claims under the

FDCPA as well as the MCPA. Under Michigan law, Ms. Pelzer would be entitled to statutory damages of between $50-$150 in the event that she successfully pursued a claim for statutory damages. Under this same law, she could also pursue the same remedy against Midland's attorneys. Under the settlement, Ms. Pelzer waives the right to pursue these statutory, actual damages, and vacation of the judgment. As such, she possess a substantial legal interest, namely the claims against Midland and its attorneys, as well as the potential right to vacate the judgment. These rights are substantial and satisfy the second prong of the Rule 24(a) analysis.

Third, Ms. Pelzer is currently subject to the Court's injunction and she may not pursue any additional action to state claims against Midland related to the use of false affidavits. As such, she meets the minimal requirements for mandatory intervention. *Miller*, 103 F.3d at 1247; [R.156].

Finally, Ms. Pelzer possesses claims under Michigan law that none of the named class plaintiffs possess.[3] And while these named plaintiffs never asserted claims under the MCPA, their settlement agreement with Midland seeks to release this claim. Because none of those class representatives nor their attorneys has the ability to assert these claim on her behalf, she is not adequately represented by the class representatives and class counsel. Ms. Pelzer meets the fourth requirement for mandatory joinder.

**2.     Ms. Pelzer may intervene by leave of the Court under Rule 24(b).**

Under Rule 24(b) the Court may grant permissive leave to appear if the intervenor 1) acts timely, and 2) shares a claim or defense to that of the case. Fed.R.Civ.P. 24(b). In this case, Ms. Pelzer may intervene for the purpose of determining whether the Court should grant final approval

---

[3] Ms. Pelzer notes that at the current time only one of the settling class plaintiffs presently remains before the Court. Neither Brent nor Franklin currently have claims pending before the Court, and Plaitiff Vassalle's complaint (filed January 22, 2011) did not seek any relief under either the FDCPA or the MCPA. [ND OH Case #11-CV-00096 R.1].

to the settlement and in order to obtain disclosure of sealed documents.

As to the timeliness prong of Rule 24(b), the Court should apply the same test for "timeliness" to both intervention as of right and to permissive intervention. *Stupak–Thrall v. Glickman*, 226 F.3d 467, 472 (6th Cir.2000). In this case, Ms. Pelzer has filed her motion within the time for objection and within weeks of learning of the pending action and the falsity of the affidavits provided by Midland. As set forth above, she has acted timely.

As to the second prong, her claims arise from the use of the "Form 400" affidavit used in the Brent case. She therefore shares factual issues with the named plaintiffs, and the Court has identified her has a class member for that reason. Consequently, she meets the second prong of the requirements for rule 24(b) intervention.

As an additional alternative basis for permissive joinder, Ms. Pelzer also seeks to obtain access to the sealed material in this case. This Circuit recognizes that third parties may intervene for the purpose of conducting discovery into similar claims. *Meyer Goldberg, Inc., of Lorain v. Fisher Foods, Inc.*, 823 F.2d 159, 163-164 (6th Cir. 1987).[4] That intervention allows these third parties standing to move for modification of a protective order under which documents have bee filed under seal. *Id*. The Court retains the power to modify protective orders for the benefit of third parties who seek to intervene to conduct discovery concerning claims related to those at issue in the case. *In re Upjohn Co. Antibiotic Cleocin Products Liability Litigation*, 664 F.2d 114, 118 (6th

---

[4]The law in this circuit reflects broad consensus among the remaining circuits that a third party may challenge a protective order. *Brown v. Advantage Eng'g, Inc*., 960 F.2d 1013, 1016 (11th Cir.1992). These challenges find their roots in the public's well-established right of access to public proceedings, particularly where that party has claims based upon the same factual information which has been protected. See. *Jessup v. Luther*, 227 F.3d 993, 997 (7th Cir.2000) (Permissive intervention); *Marshall v. Planz*, 347 F.Supp.2d 1198, 1202 (M.D.Ala.,2004) (citing 6 Moore's Federal Practice, § 24.23[1] (3d ed. 2004)). See also, *Martindell v. International Tel. & Tel. Corp.*, 594 F.2d 291 (2d Cir.1979)(permissive intervention).

Cir.1981).  In this case, a substantial part of the record has been sealed under the auspices of the Court's October 7, 2008 protective order [R.20].  That portion of the record contains not only evidence submitted in association with cross motions for summary judgment, but also with class certification.  Each of these motions may contain information which was garnered within this case, and which may bear on individual class members' decision to opt out or object to this settlement.  Ms. Pelzer's request falls within the ambit of this Circuit's case law recognizing the right of third parties to intervene and challenge protective orders which shield evidence relating to their own claims.  For this reason, Ms. Pelzer requests leave to intervene under Rule 24(b).

Finally, the Court has already granted intervention to other class members whose objections will be at issue and raise concerns similar to Ms. Pelzer's.  Her participation will likely overlap and therefore not delay the proceedings beyond what has already been anticipated by the Court.

## CONCLUSION

For the reasons set forth above, Ms. Pelzer requests that the Court grant the above requested relief.

                                    Respectfully Submitted,

                                    By:  s/Randall C.Dixon
                                    Randall C. Dixon (0001130)
                                    DIXON & HAYES, LTD.
                                    Attorney For Elaine Pelzer
                                    3361 Executive Parkway, Ste. 100
                                    Toledo, OH 43606
                                    RandyDixon@DixonHayes.com
                                    PHONE: (419) 536-8600
                                    FACSIMILE (419) 534-5934

June 1, 2011

>Ian B. Lyngklip (P-47173)
>LYNGKLIP & ASSOCIATES
>CONSUMER LAW CENTER, PLC
>Attorney For Elaine Pelzer
>24500 Northwestern Highway, Ste. 206
>Southfield, MI 48075
>(248) 208-8864
>IanLyngklip@Att.Net

## **Certification**

This is to certify that this document has been electronically filed with the Court on June 1, 2011. Notice of filing will be sent to the parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

>By: s/Randall C, Dixon
>Randall C. Dixon (0001130)
>DIXON & HAYES, LTD.
>Attorney For Elaine Pelzer