**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| MARTHA VASSALLE,<br>1426 Lindsley Street<br>Sandusky, Ohio 44870<br><br>and<br><br>JEROME JOHNSON<br>1601 North Larchmont Drive<br>Sandusky, Ohio 44870<br><br>      Plaintiffs,<br><br>vs.<br><br>MIDLAND FUNDING, LLC<br>8875 Aero Drive<br>San Diego, California 92123<br><br>and<br><br>MIDLAND CREDIT MANAGEMENT, INC.<br>8875 Aero Drive<br>San Diego, California 92123<br><br>and<br><br>ENCORE CAPITAL GROUP, INC.<br>8875 Aero Drive<br>San Diego, California 92123<br><br>      Defendants | Case No. 3:11-cv-0096, N.D. Ohio<br><br>HON. DAVID A. KATZ<br><br>**And Related Cases:**<br>Case No.: 3:08-cv-01434, N.D. Ohio<br>Case No. 3:10-cv-0091, N.D. Ohio<br><br>**SUPPLEMENTAL RESPONSE TO CONSUMER LITIGATION ASSOCIATES' DISCLOSURE OF SOLICITATIONS AND REQUEST FOR CURATIVE CLASS NOTICE** |

Defendants hereby file this supplemental response in order to (1) bring to the Court's attention additional invalid "opt-out" letters that were recently received; and (2) address the proposed "curative notice" emailed to the Court by Mr. Bennett at 2:42 am Saturday morning.

**1.     Additional, Invalid Opt-Out Letters**

Within the last few days, Class Counsel received a copy of CLA's form opt-out letter from a putative class member in Virginia who handwrote across the bottom of CLA's letter: "<u>Not signing this. Do not know what this is about.</u>" (Exhibit 1 hereto; emphasis added.) She also wrote "I called in reference to this and never received a return call. Why I am [sic] now being excluded from this case?" *See id.* The class member's obvious confusion about the letter, and the fact that she could not get a return telephone call from CLA, belies CLA's contention that the form opt-out letters were only sent to retained clients who requested the letters after being advised about the settlement. *See* Erausquin Decl., ¶ 11 (ECF 157-1).

Class Counsel also recently received a copy of CLA's form opt-out letter from another Virginia class member, who altered the form so that it requested "inclusion" in the class instead of "exclusion." (Exhibit 2 hereto.) Not only does this further evidence the confusion caused by CLA's mailing, it creates the specter of class members affirmatively opting in to an opt-out class without making a claim, and raises the issue of how such class members should be treated.

**2.     The Curative Notice Should Be Sent By The Class Administrator To Putative Class Members Who Returned CLA's Pre-Marked Claim Forms Or Form Opt-Out Letters**

In light of the substantial confusion evidenced by the attached letters and the letters attached to Defendants' initial brief, it is clear that the approximately 350 putative class members who attempted to communicate an election to opt out or remain in the class via CLA's pre-marked claim forms or form opt-out letters must be given another opportunity to make an election. The most appropriate way to do this is for the class administrator to send a neutral

curative notice to the 350 class members who returned CLA's pre-marked claim forms or form opt-out letters. Defendants have proposed such a notice (ECF 9, Ex. A), and CLA has not objected to it.

Rather than addressing Defendants' proposed notice, CLA has proposed an alternate mailing, to be sent on CLA letterhead, that would compound the confusion caused by their original opt-out campaign and defeat the purpose of a curative notice. Indeed, CLA's proposed notice amply illustrates why a letter from a plaintiffs' lawyer opposed to a settlement cannot possibly function as a Court-approved curative notice. For example, CLA's proposed mailing represents that it is a Court-required notice – <u>then goes on to advise recipients that the settlement is unfair and they should opt out.</u> In other words, CLA's proposed letter is transparently designed to mislead the recipients into believing that the Court is encouraging them to opt out – or, at minimum, that the Court endorses CLA's advice that they should do so. Not only is this highly misleading, it completely defeats the purpose of a class notice, which is to 'set[] forth an impartial recital of the subject matter of the suit, inform[] members that their rights are in litigation, and alert[] them to take appropriate steps to make certain their individual interests are protected.'" *Georgine v. Amchem Products, Inc.*, 160 F.R.D. 478, 490 (E.D. Pa. 1995) (citing *Erhardt v. Prudential Group, Inc.*, 629 F.2d 843, 846 (2d Cir. 1980)).

Moreover, CLA has demanded its proposed letter be sent not only to the approximately 350 class members who returned the pre-marked CLA claim form or form opt-out letter, but instead to all putative class members that CLA claims to represent – even those who elected to remain in the class. This does not make any sense. The purpose of the curative notice is to allow the putative class members who sent in ambiguous or potentially invalid claim forms and/or letters as a result of CLA's improper mailing to make a valid election as to whether to opt out or remain in the class. There is no need to extend the opt-out period or send the curative notice to

anyone outside this small group. "It is basic that a remedy should be restricted to the minimum necessary to correct the effects of improper conduct under Rule 23." *Georgine*, 160 F.R.D. at 502. Nothing in the record suggests that anyone was confused or misled into remaining in the class, so there is no reason to extend the opt-out period or send a second notice to people who made this choice – for example, those who rejected CLA's opt-out solicitation, ignored it, or never received it. *See id.* at 502-503 (where improper communications by plaintiffs' lawyers may have caused class members to opt out based on confusing or misleading information, curative notice would be sent only to class members who opted out, not class members who elected to remain in the class).

Date: June 7, 2011                                         Respectfully Submitted:


                                                        */s/ Theodore W. Seitz*
                                                        Theodore W. Seitz
                                                        Dykema Gossett PLLC
                                                        Counsel for Midland Funding, LLC, Midland Credit Management, Inc. and Encore Capital Group, Inc.
                                                        Capitol View
                                                        201 Townsend Street, Suite 900
                                                        Lansing, MI 48933
                                                        Tele: (517) 374-9149
                                                        tseitz@dykema.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on June 7, 2011, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to counsel of record.  I hereby certify that I have mailed by United States Postal Service the same to any non-ECF participants.

                                      */s/ Theodore W. Seitz*
                                      Theodore W. Seitz (P60320)
                                      Dykema Gossett PLLC
                                      Attorneys for Midland Funding, LLC, Midland Credit Management, Inc., and Encore Capital Group, Inc.
                                      201 Townsend St., Suite 900
                                      Lansing, MI 48933
                                      (517) 374-9100
                                      tseitz@dykema.com

LAN01\235635.1
ID\TWS - 097356/0045