IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MARTHA VASSALE, et al., ) | |
| ) | CASE NO.: 3:11-cv-0096 |
| Plaintiff, ) | |
| ) | HON. DAVID A. KATZ |
| v. ) | |
| ) | **And Related Cases:** |
| MIDLAND FUNDING LLC, et al., ) | Case No. 3:10-cv-0091 |
| ) | |
| Defendant. ) | |
| ) | **WEST VIRGINIA'S JOINDER** |
| ) | **IN OBJECTORS' JOINT MOTION TO** |
| ) | **SET BRIEFING SCHEDULE AND** |
| ) | **MOTION THAT THE COURT ORDER** |
| ) | **THE SETTLING PARTIES TO** |
| ) | **CLARIFY THEIR INTENT** |
| ) | |
| ) | |

_____

Objectors Clawson (California), Herring (Virginia), Gray (Washington) and Pelzer (Michigan) filed a motion to establish a date in advance of the final approval hearing by which the Settling Parties must file their Motion for Final Approval and/or Motion for Attorney Fees and Costs and similarly, a deadline by which Intervenors and Objectors must respond thereto. Doc. No. 47 at p.1. Objectors propose June 22, 2011 for the former date and July 1, 2011 for the latter. *Id* at p. 2. The State of West Virginia *ex rel.* Darrell V. McGraw, Jr., Attorney General ("West Virginia")[1], hereby joins in this motion and additionally moves that the Court order the Settling Parties to indicate in their Motions for Final Approval whether they will seek an anti-suit injunction that would purport to bar West Virginia from prosecuting any claims (including but

---

[1] West Virginia has filed a special appearance in this action, as this Court does not have personal jurisdiction over West Virginia. In filing this motion, West Virginia does not waive personal jurisdiction and or otherwise waive any of the sovereign immunity protections afforded to the State under the Eleventh Amendment to the United States Constitution.

not limited to injunctive relief, restitution, disgorgement, or penalties) it may have in an enforcement action against the parties to this action should it chose to bring one.

With respect to the scheduling order, requiring the parties to file their motions and responses sufficiently in advance of the hearing will enhance the ability of the parties and the Court to address the issues in this case.

With respect to the request that the Court order the Settling Parties to indicate whether they intend to seek an anti-suit injunction that will apply to government enforcement actions, clarifying the Settling Parties position on this issue will allow West Virginia and any other interested States to respond, if necessary. This Court has previously held that the anti-suit injunction in the preliminary approval order does not apply to claims brought by the State of Minnesota. *See Midland Funding v. Brent,* No. 3:08-cv-01434-DAK, p. 10 (Doc. No. 156). West Virginia assumes that this holding with respect to the preliminary order applies to all of West Virginia's claims. Midland Funding, however, in its response to Minnesota's motion, contended that this Court could enjoin government claims for restitution, disgorgement, and injunctive relief. *Brent, supra,* Doc. No. 145, pp. 1-2. West Virginia is unsure what relief the Settling Parties will seek as part of their Motion for Final Approval.

If the Settling Parties seek to restrict governmental claims in an anti-suit injunction as part of the final judgment in this action, West Virginia intends to oppose such a request. West Virginia requests reasonable notice that such a request will be made and a reasonable opportunity to respond in writing in opposition.

        Respectfully submitted,

        State of West Virginia *ex rel.* Darrell V. McGraw, Jr., Attorney General,

        /s/Anthony J. Majetro_____
        Anthony J. Majestro (*pro hac vice pending*)
        Special Assistant Attorney General
        POWELL & MAJESTRO, PLLC
        405 Capitol Street, Suite P1200
        Charleston, WV 25301
        304-346-2889
        Email: amajestro@powellmajestro.com

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been filed electronically this 11th day of June, 2011. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

        /s/Anthony J. Majetro_____
        Anthony J. Majestro (*pro hac vice pending*)
        Special Assistant Attorney General
        POWELL & MAJESTRO, PLLC
        405 Capitol Street, Suite P1200
        Charleston, WV 25301
        304-346-2889
        Email: amajestro@powellmajestro.com