# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **MARTHA VASSALLE, et al.** | Case No. 3:11-cv-0096 |
| Plaintiffs, | |
| vs. | Judge David A. Katz |
| | **And Related Cases:** |
| **MIDLAND FUNDING LLC, et al.** | Case No. 3:08-CV-1434, N.D. Ohio |
| | Case No. 3:10-cv-0091, N.D. Ohio |
| Defendants. | |

## CLASS COUNSEL'S RESPONSE TO ELAINE PELZER'S MOTION TO INTERVENE

On June 1, 2011, Class Member Elaine Pelzer filed a motion to intervene in this action under Fed.R. Civ.P. 24. In this motion, Ms. Pelzer states that she seeks to intervene for several purposes. These are:

1. to unseal the motions for summary judgment and class certification;

2. to retain her right to move to set aside the default judgment taken against her by Midland.;

3. to preserve her right to pursue claims for violations of the Michigan Collection Practices Act against Midland and its attorneys;

4. to conduct discovery of the proposed settlement;

5. to challenge the adequacy of the proposed settlement; and

6. to respond to the named Plaintiffs' motion for approval and fees.

Ms. Pelzer further claims that she seeks to take these actions on behalf of herself and other Michigan residents.

From the facts stated by Ms. Pelzer in her motion to intervene, it appears that she is a proper class member, and that an affidavit was used in a debt collection action filed by Midland Funding against her. As this Court has recognized previously, in granting another motion to intervene by a class member (Dkt. # 28), "courts frequently permit parties to intervene to participate fully in class action settlement proceedings.", citing 5 Albert Conte & Herbert Newberg, Newberg on Class Actions. § 16.10 (4th ed. 2002). Even though Ms Pelzer, undoubtedly, has an interest that she seeks to protect in this litigation, the scope of the intervention she seeks must be limited.

To the extent Ms. Pelzer wishes to intervene to conduct discovery on the fairness of the proposed settlement, this should not be allowed, premised upon the reasonable discretion of this Court. "Class members who object to a class action settlement do not have an absolute right to discovery". *Hemphill v. San Diego Assoc. of Realtors, Inc.*, 225 F.R.D. 616, 619 (S.D. Cal. 2005). "While objectors are entitled to 'meaningful participation' in the settlement proceedings, and 'leave to be heard', they are not automatically entitled to discovery 'to question and debate every provision of the proposed compromise.'" *Id.* (internal citations omitted). The fundamental question is whether the district judge has sufficient facts before him to intelligently approve or disapprove the settlement." *Id.* citing *In re General Tire & Rubber Co. Sec. Litig.*, 726 F.2d 1075, 1084 n. 6 (6th Cir. 1984).

Discovery should be minimal and it should be conditioned on a showing of *need*, because it may delay settlement, introduce uncertainty, and might be undertaken primarily to justify an award of attorney fees to the objector's counsel. *Manual for Complex Litigation, Fourth* §

21.643 (2994). The burden is, of course, higher if a party seeks discovery of settlement negotiations. *Vollmer v. Publishers Clearing House*, 248 F.3d 698, 708 (7th Cir. 2001). Therefore, discovery under these circumstances should be extremely limited.

Ms. Pelzer, as a class member, may certainly present her objections to the settlement and may seek clarification as to the scope of the release. She may also seek a review of the sealed motions to evaluate them, subject to the Court's Protective Order.

As to Ms. Pelzer's assertions that she is seeking to intervene on behalf of herself and other Michigan residents, she may not do so. Ms. Pelzer does not act in any representative capacity for "other Michigan residents" and it would be inappropriate to allow her to make this claim in intervention. Should this Court grant Ms. Pelzer's motion to intervene, it should be limited in scope and for herself as an individual class member who is also an objector.

Respectfully submitted,

*/s/Dennis E. Murray, Sr.*
Dennis E. Murray, Sr., Esq. (0008783)
dms@murrayandmurray.com
Donna J. Evans, Esq. (0072306)
dae@murrayandmurray.com
MURRAY & MURRAY CO., L.P.A.
111 East Shoreline Drive
Sandusky OH 44870
Telephone: (419) 624-3000
Facsimile: (419) 624-0707

Attorneys for Plaintiffs

## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing **Class Counsel's Response to Elaine Pelzer's Motion to Intervene** was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic system and a copy has been forwarded to the following by electronic mail:

David M. Cullen
Office of the Attorney General
State of Minnesota
david.cullen@state.mn.us
Ste. 1200
445 Minnesota Street
St. Paul, MN 55101

Daniel E. Birkhaeuser
Bramson, Plutzik, Mahler & Birkhaeuser
dbirkhaeuser@bramsonplutzik.com
Ste. 120
2125 Oak Grove Roas
Walnut Creek, CA 94598

Charles Delbaum
Stuart Rossman
The National Consumer Law Center
cdelbaum@nclc.org
7 Winthrop Square, 4th Fl.
Boston, MA 02110

Ian D. Chowdhury
Law Offices of Ian Chowdhury
ian@ianchowdhury.com
8853 Fullbright Avenue
Winnetka, CA 91306

Michael D. Kinkley
Scott M. Kinkley
Law Office of Michael D. Kinkley
mkinkley@qwestoffice.net
Ste. 914
4407 North Division Street
Spokane, WA 99207

A copy of the forgoing has also been forwarded by ordinary mail to the following:

Anamaria Segura
Carolyn E. Coffey
MYF Legal Services
4th Floor
299 Broadway
New York, NY 10007

Karuna B. Patel
Center for Responsible Lending
Ste. 500
910 17th Street, NW
Washington, DC 20006

Tashi T. Lhewa
Legal Aid Society of New York
120-46 Queens Blvd.
Kews Garden, NY 11415

On this 20th day of June, 2011.

                                                      */s/Dennis E. Murray, Sr.*
                                                      Dennis E. Murray, Sr., Esq. (0008783)
                                                      Donna J. Evans, Esq. (0072306)

                                                      Attorneys for Plaintiffs