**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| MARTHA VASSALLE, et al., <br> Plaintiff, <br><br> vs. <br><br> MIDLAND FUNDING, LLC, et al., <br> Defendant. | CASE No. 3:11-cv-00096 <br><br> HON. DAVID A. KATZ <br><br> **And Related Cases:** <br> Case No. 3:10-cv-00091, N.D. Ohio <br> Case No. 3:08-cv-01434, N.D. Ohio |

**MOTION OF FEDERAL TRADE COMMISSION FOR LEAVE TO FILE BRIEF AS
*AMICUS CURIAE***

The Federal Trade Commission ("Commission" or "FTC") hereby requests leave of Court to file the attached Brief as *Amicus Curiae*. As the nation's principal consumer protection agency, the FTC has a broad mandate to prevent "unfair or deceptive acts or practices in or affecting commerce." 15 U.S.C. § 45 (a). The Commission also enforces the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 - 1696p, the federal statute at issue in the class action lawsuits here.

As the chief federal enforcer of the FDCPA, 15 U.S.C. § 1692k, the Commission is uniquely situated to comment on the proposed class action settlement. In addition to the expertise the Commission has developed through its FDCPA law enforcement program, the Commission monitors the marketplace and develops policy proposals. Recently, as part of a

-1-

comprehensive assessment of the debt collection system, the FTC convened a workshop that examined changes in the debt collection landscape. The subsequent Workshop Report, *Collecting Consumer Debts: The Challenges of Change* (February 2009) ("Workshop Report") identified the advent and growth of the debt-buying industry as the most significant change in debt collection since the enactment of the FDCPA more than 30 years ago. The Workshop Report also discussed some of the consumer challenges raised by this industry change. Following the 2009 Workshop Report, the Commission held a series of Roundtables that gathered together consumer advocates, industry representatives, and members of the judiciary specifically to discuss issues related to debt collection litigation. The Commission's 2010 Debt Collection and Arbitration Roundtables Report, *Repairing a Broken System: Protecting Consumers in Debt Collection Litigation and Arbitration* ("Roundtable Report") examined the evidentiary deficiencies in debt collection lawsuits at the filing and default stages, particularly in actions brought by debt buyers.

The Commission also actively seeks to safeguard consumers' privacy and the security of their personal information. Section 5 of the FTC Act, 45 U.S.C. § 45(a), and the Gramm-Leach-Bliley Act ("GLBA"), 15 U.S.C. §§ 6801-6809, cover the practices of debt buyers and debt collectors like the defendants in this action. GLBA, for instance, governs the collection, sharing, and safeguarding of nonpublic personal information by "financial institutions," a term that includes debt collectors. 15 U.S.C. § 6809(3). GLBA also requires debt collectors to implement appropriate safeguards to protect the security and integrity of "customer" information. In addition, under Section 5 of the FTC Act, the Commission has challenged data collection practices as unfair or deceptive if information collected for one purpose was used for another without adequate disclosure and authorization.

The FTC thus has considerable expertise in issues related to debt buyers and debt collection litigation. The FTC has also studied how best to protect consumer interests and other fairness issues in the class action context, and has a tradition of filing *amicus* briefs commenting on potentially unfair class settlements. Moreover, in contrast to the parties to this litigation who represent their own private interests, the FTC represents the public interest. As a consequence, the FTC is uniquely situated to comment on the proposed class settlement.

For these reasons, the Commission respectfully requests that the Court grant its motion and accept the attached Brief as *Amicus Curiae*. The Commission's *amicus* brief focuses on three points, arguing that (1) the apparent breadth of the class release compared to the *de minimis* nature of the class benefit is fundamentally unfair, (2) the notice to the class describing the scope of the release was inadequate, and (3) the claims process unreasonably fails to safeguard consumers' personal information or restrict its use to the claims process.

| | |
|---|---|
| Dated: <u>June 20, 2011</u> | Respectfully submitted, |
| OF COUNSEL: | WILLARD K. TOM<br>General Counsel |
| Tracy S. Thorleifson<br>Telephone: (206) 220-4481<br>Email: tthorleifson@ftc.gov | <u>s/ Larissa L. Bungo</u><br>Larissa L. Bungo (OH Bar # 0066148)<br>Telephone: (216) 263-3403<br>Email: lbungo@ftc.gov |
| Darren H. Lubetzky<br>Telephone: (212) 607-2808<br>Email: dlubetzky@ftc.gov | Facsimile: (216) 263-3426<br>Federal Trade Commission<br>Eaton Center |
| Federal Trade Commission | 1111 Superior Avenue, Suite 200<br>Cleveland, Ohio 44114 |

**PROOF OF SERVICE**

I hereby certify that on June 20, 2011, a copy of the foregoing was filed electronically with the Court's Case Management/Electronic Case Files (CM/ECF) docketing system.  Notice of this filing will be sent by operation of the CM/ECF system.  Parties may access this filing through the CM/ECF.

        *s/ Larissa L. Bungo*
Larissa L. Bungo (OH Bar 0066148)
Federal Trade Commission
Eaton Center
1111 Superior Avenue, Suite 200
Cleveland, OH 44114
Telephone: (216)263-3403
Facsimile: (216)263-3426
Email:  lbungo@ftc.gov