Jason C. White
4245 W. Jolly Road
Lot 190
Lansing, MI 48911

April 19, 2011

Judge David A. Katz
1716 Spielbusch
Room 307
Toledo, OH 43624-1363

RE: Midland Funding, LLC v. Andrea Brent v. Midland Credit Management, Inc.
Case No. 3:08-cv-01434; Case No. 3:11-cv-0096; Case No. 3:10-cv-0091 (N.D. Ohio)

I received notification today, that Midland Funding, LLC is apart of a class action lawsuit due to allegations that the company filled affidavits that contained false information. I look over the entire communication and I'm writing you to advise I do not agree with the amount of the settlement. I only ask that you read this letter and review the supporting documents as to why I disagree with the settlement.

Midland LLC advised the 36th District Court in Detroit, MI that I received a summons on behalf of their client Chase Bank and I signed the request in 2008. During this time, I was not a resident of Detroit since 2003. Due to this information provided the court entered a Garnishment Order due to the fact that I did not show up to contest. On 06/04/2010 my payroll checks at my current employer began to be garnished. I followed all procedures to appeal the garnishment order by traveling to Detroit, MI to appear before the court. The case was before Judge Katherine Hansen on 06/30/2010. When the evidence was reviewed the judge immediately set aside the garnishment and order all funds be refunded back to me. The judge ordered this due to information Midland presented that advised I in fact received information when the evidence they presented was extremely questionable.

I received the funds back and I continued to explain I never received any information from Midland and I believed the information they were presenting was false. Since I was a resident of Lansing, MI, I had the case moved to the 54A District Court. During this time I still pleaded with the courts the information that was being presented was false. It was so questionable that another judge questioned their proof as well.

Midland still pushed the fact that I did receive notification (summons) for the garnishment order; this was presented before Judge Hugh Clarke, Jr on 03/01/2011. They intended they acted in accordance with the law for proof of delivery. They explained to the judge my "alleged" height, weight and the fact that I signed the form. I explained to the judge clearly the description was completely off. Midland insisted the person that signed the request was 6'2" and weight of 180lbs. I'm 5'7" and weigh only 115lbs. I offered to bring in medical documents that verified my weight during past dates to prove

that the information was false. In the end the judgment in Lansing was in favor of Midland. It was in their favor because of paperwork.

I decided to represent myself in this manner. I decided this because the case was going on for almost a year and I thought as long as I told the truth the law would protect me and in this case it did not. I turned in a form late due to a death of a friend and the judge ordered due to the paperwork being a few days late he would have to rule for Midland. In the end the judge ordered that I pay $1,102.97 and I felt completely helpless. I knew that this company submitted false information and it seems they were allowed to get away with what they were doing.

I was humiliated by Midland Funding because of the Garnishment Order that was submitted to my employer and only obtained based on false information. I'm now put in a very difficult situation financially since I was ordered to pay $1,102.97. I submit a payment to Midland each month of $75 due to order of the court. I have no choice but to submit these payments because I do not want Midland to submit a Garnishment Order to my employer to cause more humiliation.

Judge Katz, I'm aware that each situation is different but given all that I went though I don't agree with Midland's settlement offer. I'm currently paying them a monthly payment that is helping them pay this settlement. I feel as if they have no regard for the law and their practices are not truthful. I'm an honest and hard worker and have never asked for any assistance before, but I ask that you review the documents that I include with this letter. I ask that you consider this question: Would you accept a settlement if you would receive $10.00 when you are paying $75/month to a company that won a case against you based on false information?

I know that no advice can be given but I find this whole matter really disappointing. I ask that you make a decision that would restore my faith in the legal system again and reach a decision that is fair.

Thank you,

*Jason C. White*

Jason C. White
4245 W. Jolly Road
Lot 190
Lansing, MI 48911
(248) 504-1039

Enclosure

# 36TH DISTRICT COURT
## DETROIT, MICHIGAN

Date: 6/30/10

Re: Midiano vs. White

No. 08 136625

⌈ Midiano Furgak  
c/o Mary Jane Elliot  
24300 Karim  
Novi, MI 48375 ⌉

**Setting Aside Default Judgment**

The Defaults Judgment is Set Aside. Defendant's Right to object to Venue is preserved. Defendant to file an Answer by July 29, 2010.

⌈ Jason C. White  
4345 W. Jolly Rd.  
Lot 190  
Lansing, MI 48911 ⌉

Signature: [signed] for Plaintiff / Defendant

E. Dobbs Katherine Hawks P45943
JUDGE

Motion ___
Order: ___

| Approved, SCAO | | | Original - Court<br>1st copy - Plaintiff<br>2nd copy - Defendant |
|---|---|---|---|
| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>54A DISTRICT COURT | To order this form, call (517) 337-1211<br>Target Information Management, Inc. | JUDGMENT<br>Civil<br>C0868015 | CASE NO.<br>10-04204GC |

Court address: 6th Floor City Hall LANSING MI 48933 517/483-4426

Court telephone no.

**Plaintiff(s)**
Midland Funding LLC
AS SUCCESSOR IN INTEREST OF

v

**Defendant(s)**
JASON C WHITE

**Plaintiff's/Plaintiff's attorney name, address, and telephone no.**
Mary Jane M Elliott P.C. P32732
24300 Karim Blvd
Novi, MI 48375
248-306-2000

☐ **JUDGMENT**
For: Plaintiff
Against: Defendant(s)

**Defendant's/Defendant's attorney name, address, and telephone no.**
JASON C WHITE
4245 W JOLLY RD LOT 190
LANSING MI 48911

☐ Trial ☐ Consent
☒ Summary Disposition ☐ Default*

☐ **DISMISSAL**
☐ Without prejudice ☐ With prejudice
☐ No cause of action

*For a defendant on active military duty, default judgment shall not be entered except as provided by the Servicemembers Civil Relief Act.

**ORDER OF JUDGMENT**

Damages: $932.97
Costs: filing $ 545.00 jury $ 0.00 motion $ $20.00 service $ $30.00 — $95.00
Attorney fee: ☐ statutory ☐ other (specify) _____ $75.00
Total judgment amount (This judgment will earn interest at statutory rates, computed from the filing date of the complaint.): $1,102.97
The judgment interest accrued thus far is $ $66.10 and is based on: (If additional rates apply, attach a separate sheet.)
☒ the statutory rate of 13 % from September 3, 2008 to 2/17/11
☐ the statutory 6-month rate(s) of _____ % from _____ to _____ and
_____ % from _____ to _____

Other conditions, if any:

☐ Approved as to form, notice of entry waived.
**IT IS ORDERED** that this judgment is granted.
This judgment resolves the last pending claim and closes the case unless checked here. ☐

Judgment date: 3-1-11

Judge/Court clerk signature / Bar no P30656

Plaintiff/Attorney: Daniel J Manion P49904
Defendant/Attorney: JASON C WHITE

Judgment has been entered and will be final unless within 21 days of judgment date a motion for new trial or an appeal is filed.

**CERTIFICATE OF MAILING** I certify that on this date I served a copy of this judgment on the parties or their attorneys by first-class mail addressed to their last-known addresses as defined in MCR 2.107(C)(3).

Date: 3/1/11

MC 10 (8/08) JUDGMENT, CIVIL   MCL 600.2441, MCL 600.5759, MCL 600.6013, MCR 2.601, MCR 2.602, MCR 2.603, 50 USC 521
COURT

Approved, SCAO

| | | |
|---|---|---|
| | | Original - Court<br>1st copy - Plaintiff<br>2nd copy - Defendant<br>3rd copy - Garnishee |
| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>30th District | OBJECTIONS TO GARNISHMENT<br>AND NOTICE OF HEARING | CASE NO.<br>08-136625 |

Court address: 421 Madison, Det MI 48226

Court telephone no.

**Plaintiff's name, address, and telephone no. (judgment creditor)**
Midland Funding LLC
as Successor In Interest of
Chase Manhattan Bank

v

**Defendant's name, address, and telephone no. (judgment debtor)**
Jason White
4245 W. Jolly Road
Lot 190
Lansing, MI. 48911

**Plaintiff's attorney, bar no., address, and telephone no.**
Mary Jane M Elliott PC P32732
24300 Karim Blvd
Novi, MI. 48375

**Garnishee's name and address**
Jackson National Life - MC S39
1 Corporate Way 4POB 24008
Lansing, MI. 48951

## OBJECTIONS TO GARNISHMENT

I object to the garnishment issued on __05-21-2010__ and request a hearing on this objection because

- [ ] a. the funds or property are exempt from garnishment by law.
- [ ] b. garnishment is precluded by the pendency of bankruptcy proceedings.
- [ ] c. garnishment is barred by an installment payment order.
- [ ] d. garnishment is precluded because the maximum amount permitted by law is being withheld under a higher priority order.
- [ ] e. the judgment has been paid.
- [x] f. the garnishment was not properly issued or is otherwise invalid for the following reason(s): Never received notification Original address on order was invalid

I was served with a copy of the writ on __05-28-2010__.

Date: 06/01/2010    Signature of defendant: Jason C. White    Mail

## NOTICE OF HEARING ON OBJECTIONS

1. On __6/10/10__ the defendant filed objections to the writ of garnishment dated __5-17-10__.
2. A hearing is scheduled on __6/30/10__ at __830__ at _____ before Hon. __Hansen__
3. The defendant and plaintiff are required to appear.
4. The garnishee ☐ is ☒ is not required to appear.
5. ☐ a. Objections were filed within 14 days of the defendant being served with the writ. The garnishee shall continue to withhold funds but shall **not** release withheld funds until further order of the court.
   ☐ b. Objections were filed 14 days or more after the defendant was served with the writ. The garnishee shall continue to withhold and release funds unless otherwise ordered by the court.

Date: 6/10/10    Deputy court clerk

## CERTIFICATE OF MAILING

I certify that on this date I served a copy of this objection and notice on the parties or their attorneys by first-class mail addressed to their last-known addresses as defined in MCR 2.107(C)(3).

Date: 6/10/10    Signature

MC 49 (3/08) **OBJECTIONS TO GARNISHMENT AND NOTICE OF HEARING**    15 USC 1672, 15 USC 1673, MCR 3.101(K)(3)

DEFENDANT

| STATE OF MICHIGAN ___ DISTRICT COURT | ORDER ON OBJECTIONS TO GARNISHMENT | CASE NO. 0813665 |
|---|---|---|

| Plaintiff's name and address | v | Principal defendant's name, address, soc. sec., or employee ID |
|---|---|---|
| Midland Funding LLC As Successor In Interest of Chase Manhanhattan Bank | | Jason White 4245 W. Jolly Rd Lot 190 Lansing MI 48911 |

| Plaintiff's attorney, bar no. address and telephone no. | Garnishee's name and address (Employer) |
|---|---|
| Mary Jane M Elliott P.C. 24300 Karim Blvd Novi MI 48375 | Jackson National Life 1 Corporate Way Lansing, MI. 48951 |

1. On _____ the defendant filed objections to the Writ of Garnishment dated _____.

2. A hearing on the objections was held on _____.

IT IS ORDERED:

3. Objections are hereby ☒ granted ☐ denied.

4. The garnishee shall:

    ☐ Immediately release all withheld funds to the ☐ plaintiff ☐ court and shall continue withholding and payment of funds as previously ordered by the court.

    ☒ Immediately release all withheld funds to the defendant. The Writ of Garnishment is released.

_____
Date

CERTIFICATE OF MAILING

I certify on this date I mailed a copy of this order to the plaintiff, garnishee, and defendant at the address stated above.

06/30/2010   E. Hoops
Date          Deputy Court Clerk

Original (White)- Court / 1st Copy (Canary) - Plaintiff / 2nd Copy (Pink - Garnishee / 3rd Copy (Gold) - Defendant

C of D - 10MA (7-94)

Jason White
4245 W. Jolly Road
Apt. 190
Lansing, MI 48911

Judge David A. Katz
1716 Spielbusch
Room 307
Toledo, OH 43624-1363