# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| MARTHA VASSALLE, <br> 1426 Lindsley Street <br> Sandusky, Ohio 44870 <br><br> and <br><br> JEROME JOHNSON <br> 1601 North Larchmont Drive <br> Sandusky, Ohio 44870 <br><br> Plaintiffs, <br><br> vs. <br><br> MIDLAND FUNDING, LLC <br> 8875 Aero Drive <br> San Diego, California 92123 <br><br> and <br><br> MIDLAND CREDIT MANAGEMENT, INC. <br> 8875 Aero Drive <br> San Diego, California 92123 <br><br> and <br><br> ENCORE CAPITAL GROUP, INC. <br> 8875 Aero Drive <br> San Diego, California 92123 <br><br> Defendants | Case No. 3:11-cv-0096, N.D. Ohio <br><br> HON. DAVID A. KATZ <br><br> **And Related Cases:** <br> Case No. 3:08-cv-01434, N.D. Ohio <br> Case No. 3:10-cv-0091, N.D. Ohio <br><br> **STIPULATION AND [PROPOSED] ORDER FOR INJUNCTION** |

Named Plaintiffs Andrea Brent, Martha Vassalle, Jerome Johnson, and Hope Franklin (collectively, "Plaintiffs"), and Defendants Midland Funding LLC, Midland Credit Management, Inc. and Encore Capital Group, Inc. (collectively, "Defendants") jointly submit this Stipulation and Proposed Order for Injunction (the "Stipulated Injunction").

For purposes of this Stipulated Injunction, Plaintiffs and Defendants agree upon the following predicate procedural history and facts:

A. In response to a debt collection action filed against her in the Court of Common Pleas for Erie County, Ohio, Brent filed class action counterclaims on behalf of herself and a class of similarly situated individuals, against Defendants Midland Funding, LLC and Midland Credit Management, Inc. The Action was then removed to the United States District Court for the Northern District of Ohio, Western Division. In her counterclaims, Brent alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and the Ohio Consumer Sales Practice Act, Ohio Rev. Code Ann §1345 *et seq.* ("OCSPA"). Specifically, Brent alleged that Defendants filed debt collection lawsuits using affidavits that contained false attestations of personal knowledge by affiants, and thereby used unfair and deceptive means to collect debts in violation of the FDCPA and OCSPA. In February 2009, Brent filed a motion for summary judgment on her claim that Midland violated the FDCPA and OCSPA by attempting to collect debts using false affidavits. On August 8, 2009, the Court granted summary judgment for Brent and against Midland on these claims. In connection with its ruling, on September 23, 2009, the Court entered an injunction against Midland under the OCSPA, which enjoined Midland from "using form affidavits that falsely claim to be based on the affiant's personal knowledge."

B. In December 2009, Franklin (along with a co-Plaintiff, Thomas Hyder) filed a class action lawsuit against Midland Funding, Midland Credit Management, and Encore Capital

Group in the Ohio Court of Common Pleas for Erie County, Ohio which was then removed to the United States District Court for the Northern District of Ohio, Western Division. On behalf of herself and an alleged nationwide class, Franklin alleged that Midland filed affidavits in state courts throughout the United States that contained false attestations of personal knowledge. The *Franklin* Action stated a single claim for "Unintentional and/or Intentional Misrepresentations Resulting in Individual and Class Damages" and sought certification of a nationwide class. The Court dismissed Plaintiff Franklin's (along with co-Plaintiff Hyder) case, with prejudice, and Franklin appealed the decision to the U.S. Sixth Circuit Court of Appeals.

    C.    In January 2011, Vassalle and Johnson filed a class action lawsuit against Midland Funding, Midland Credit Management, and Encore Capital Group in the United States District Court for the Northern District of Ohio, *Vassalle v. Midland Credit Management, Inc. et al.*, No. 3:11-cv-96 (the "*Vassalle* Action"). In the *Vassalle* Action, Vassalle and Johnson alleged that Midland regularly filed affidavits in state courts throughout the United States that contained false attestations of personal knowledge. The *Vassalle* Action set forth three common law causes of action: Fraudulent Misrepresentation (Count I); Negligence (Count II), and Unjust Enrichment (Count III), and sought certification of a nationwide class.

    D.    Defendants denied, and continue to deny, any and all liability asserted in the *Brent*, *Franklin*, and *Vassalle* lawsuits.

    E.    In 2009 and 2010, the parties participated in four mediation sessions with the Hon. Richard McQuade as the mediator, but were unsuccessful in resolving this litigation. On January 28, 2011, the parties participated in a settlement conference with the Hon. David A. Katz. The settlement negotiations that had begun at the January 28 settlement conference continued over the next two weeks, and on Friday, February 11, 2011, the parties reached an agreement-in-principle to resolve the *Brent*, *Franklin* and *Vassalle* cases. A Settlement

Agreement was executed on March 9, 2011 and preliminarily approved by the Court on March 11, 2011.

F.  Among other things, the Settlement Agreement provided for the entry of a Stipulated Injunction upon Final Approval of the Settlement Agreement.

**WHEREFORE, IT IS HEREBY STIPULATED**, by and between the parties, that the following injunction be entered by the Court without further notice or process:

1.  Defendants, throughout the United States, will create and implement written procedures for the generation and use of affidavits in debt collection lawsuits (the "Affidavit Procedures"). These procedures shall be reasonably assured to prevent the use of affidavits in debt collection lawsuits where the affiant does not have personal knowledge of the facts set forth in the affidavit. Defendants shall also appoint a person responsible for ensuring compliance with the Affidavit Procedures.

2.  The Parties shall jointly request the appointment of Hon. Richard McQuade as Special Master to monitor Defendants' compliance with this Stipulated Injunction.

3.  Within thirty (30) days of entry of this Stipulated Injunction, Defendants shall submit their Affidavit Procedures to Special Master McQuade for review.

4.  Upon review of the Affidavit Procedures, Special Master McQuade shall make findings as to whether the Affidavit Procedures are reasonably assured to prevent the use of affidavits in debt collection lawsuits where the affiant does not have personal knowledge of the facts set forth in the affidavit. In the event that Special Master McQuade finds that the Affidavit Procedures are not reasonably assured to prevent the use of affidavits in debt collection lawsuits where the affiant does not have personal knowledge of the facts set forth in the affidavit, Defendants shall have thirty (30) days to revise the procedures so as to cure any defects identified by Special Master McQuade.

5. The stipulated injunction will lapse and expire 12 months after the Effective Date, as defined in Section V.A of the Settlement Agreement.

6. At the end of the 12-month Stipulated Injunction, Defendants shall submit to Special Master McQuade a declaration from the responsible person confirming that the Affidavit Procedures approved by Special Master McQuade have been implemented.

7. During the 12-month term of this Stipulated Injunction, both parties have the right to seek relief from, or modification of, the Stipulated Injunction based on an unfair burden on the business, or a change in the law. Any request for alteration or modification of the Stipulated Injunction shall be made to Special Master McQuade. Any alteration or modification of the Stipulated Injunction shall not extend the length of the 12-month injunction. Any alteration or modification of the Stipulated Injunction shall only apply prospectively for the remainder of the 12-month injunction.

8. The Court shall retain jurisdiction to enter further orders as may be necessary to implement and/or enforce the provisions of this Stipulated Injunction.

IT IS SO STIPULATED.

| | |
|---|---|
| */s/Dennis E. Murray, Sr.* | */s/ Theodore W. Seitz  (w/permission)* |
| Dennis E. Murray, Sr., Esq. (0008783) | Theodore W. Seitz |
| dms@murrayandmurray.com | Dykema Gossett PLLC |
| Donna J. Evans, Esq. (0072306) | Capitol View |
| dae@murrayandmurray.com | 201 Townsend Street, Suite 900 |
| MURRAY & MURRAY CO., L.P.A. | Lansing, MI 48933 |
| 111 East Shoreline Drive | Tele: (517) 374-9149 |
| Sandusky OH  44870 | tseitz@dykema.com |
| Telephone:    (419) 624-3000 | Attorneys for Defendants |
| Facsimile:     (419) 624-0707 | |
| Attorneys for Plaintiffs | |

IT IS SO ORDERED

DATE:_____    ENTER:_____
                                                     The Honorable David A. Katz

4

\\\LA - 036745/000010 - 487867 v1

**CERTIFICATE OF SERVICE**

I hereby certify that on July 5, 2011, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to counsel of record.  I hereby certify that I have mailed by United States Postal Service the same to any non-ECF participants.

*/s/ Theodore W. Seitz*
Theodore W. Seitz

LAN01\236253.3
ID\TWS - 097356/0045

5

\\\LA - 036745/000010 - 487867 v1