# Exhibit A

# CONSUMER LITIGATION ASSOCIATES

ATTORNEYS AND COUNSELORS AT LAW
A PROFESSIONAL CORPORATION

**HAMPTON ROADS OFFICE:**
12515 Warwick Blvd., Suite 100
Newport News, Virginia 23606

**NORTHERN VIRGINIA OFFICE:**
1800 Diagonal Road
Alexandria, Virginia 22314

Leonard A Bennett, Esquire
lenbennett@clalegal.com
(757) 930-3660 Phone
(757) 930-3662 Facsimile

REPLY TO: HAMPTON ROADS OFFICE

June 10, 2011

Dennis E. Murray, Sr.
Murray and Murray CO, LPA
111 East Shoreline Drive
Sandusky, OH 44871-0019
Email: dms@murrayandmurray.com

Theodore W. Seitz
Dykema Gossett PLLC
Capitol View
201 Townsend Street, Suite 900
Lansing, MI 48933
Email: tseitz@sykema.com

Re: Midland Funding Ohio Settlement

Dear Messrs Murray and Seitz:

As you know, Judge Katz earlier granted the motion of our client Ladon Herring to intervene. We are writing in that capacity and are hopeful that we will reach an accord regarding a mechanism for limited (and hopefully voluntary) exchange of information in the run up to the Court's Fairness hearing.

At present, I am working to coordinate the efforts of the objectors who have appeared through counsel for the purpose of reducing any potential for duplicative discovery efforts that could unnecessarily burden your office or impede our ability to complete discovery in time for the fairness hearing. Assuming that I am able to reach an agreement with these concerned parties, we ask that you produce several categories of documents relating to satisfaction of of Rules 23(c) and 23(e).

First, we ask that you produce the documents that the parties filed under seal in the several Midland cases involving settling class members – Brent, Vassalle, and Johnson. While we believe that these documents should be unsealed, we will endorse the Court's Protective Order in order to immediately review the documents at issue. In the event that we are unable to come to terms on these documents, however, we believe that the case law will support our motion to unseal these documents as the public has a right to inspect court documents. *In Re Knoxville News-Sentinel Co., Inc.*, 723 F.zd.470 (6th Cir. 1983), and that presumption in favor of

public access to court papers holds particular force in class action cases. *Goldstein v. Forbes (In Re Cedant Corp.)* 260 F.3d 183, 193 (3rd Cir. 2001).

On the same subject, the data regarding claims administration that you sent at the Court's direction had the word "confidential" in the right-hand corner. The transmitting email did not state that the documents were confidential pursuant to a protective order and it is plain that they would not properly be so designated. In any event, please confirm that I am free to circulate these materials to the Attorneys General and other interested third parties.

We also believe it necessary to fair consideration of your proposed settlement to review the following documents, which we are requesting:

1. All documents relating to any efforts by the Claims Administrator to update class members' addresses.

2. Opening, Interim and Final data relating to Claims Processing including, but not limited to, Claim Form Processing Status Report, Forms Received by Date, Mailing Status Report, Contact with Class Members, and any other report that the Claims Administrator transmitted to either of the settling parties.

3. All communications between the settling parties relating to negotiations to settle claims against Midland in any of the Northern District of Ohio Midland cases.

4. Any settlement memoranda provided to the Court or any party who assisted in resolving the case.

5. All communications between Brent's counsel and Midland's counsel since December 10, 2010.

6. Retainer agreements for each of the named class representatives.

7. Any communications with experts who you intend to call to support the fairness and adequacy of the proposed settlement.

We understand that you are engaged in multiple tasks in these regards, as are we, and the above requests have been phrased to request documents that are simple to produce and largely limited in time. We ask your agreement to produce these documents no later than June 21, 2011.

Very truly yours,

Leonard A. Bennett

LAB/dlw