**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

MARTHA VASSALLE,

               Plaintiffs,

vs.

MIDLAND FUNDING, LLC., et al.,

               Defendants.

_____/

Case No. 3:11-cv-00096

Hon. David A. Katz
**And Related Cases:**

Case No. 3:08-c-01434, N.D. Ohio
Case No. 3:10-cv-0091, N.D. Ohio

**DECLARATION OF HAYLEY REYNOLDS**

I, HAYLEY REYNOLDS, hereby declare as follows:

1.      My name is Hayley Reynolds, I am over 21, and have never been convicted of a felony, have personal knowledge of the facts stated herein, and am competent to testify to them. The facts stated herein are true and correct.

2.      I am a paralegal at the law firm Bramson, Plutzik, Mahler, & Birkhaeuser, LLP,  counsel for Robert Clawson, an objector in this proceeding.

3.      I obtained copies of USA Today from April 18, 2011 and April 21, 2011 which both contained a Notice of  Pendency of Class Action Settlement.

4.      Attached as Exhibit A is a true copy of The Notice that appeared in the Monday, April 18, 2011 edition of USA Today.

5.      Attached as Exhibit B is a copy of The Notice that appeared in the Thursday, April 21, 2011 edition of USA Today.

6.      I have compared the Published Notice (attached hereto as Exhibits A and B) to the Notice approved by the court on March 11, 2011 (Dkt 107-2).  The Published Notice differs from the notice the Court approved.  Specifically, the following court-approved language has been omitted from the Published Notice:

> 9.      What am I giving up to receive these benefits?
> By staying in the class, all of the Court's orders will apply to you, and you give Defendants and their affiliates "release." A release means you can't sue or be part of any other lawsuit against Defendants about the claims or issues in this lawsuit, or any other claims arising out of affidavits attached or executed in support of collection complaints filed against Class Members by Defendants or any of their subsidiaries or affiliates.

7.      I am familiar with the files maintained by Bramson, Plutzik, Mahler, & Birkhaeuser, LLP in the Reimann v. Brachfeld case pending in Alameda County Superior Court.  Attached hereto as Exhibit C is a true and correct copy of a Motion for Judgment on the Pleadings filed by Midland in that action.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 8th day of July, 2011, at Walnut Creek, California.

HAYLEY REYNOLDS

**EXHIBIT A**

and which advertiser it's from. Deep links to deals from Travelzoo.com.

▶ **Cons:** Pay-to-play model: All deals are from advertisers.

▶ **Takeaway:** My favorite among the four because of breadth of content. Articles about the deals on Travelzoo.com are informational, although not as independent-minded as SmarterTravel's.

ditorial
ditorial

▶ **Takeaway:** Mediocre: Includes deals for adventurous souls, but lacks editorial voice.

# is Week

# Review

nday for scores, highlights

*ennis.usatoday.com*





A GANNETT COMPANY

 

# LEGAL MONDAY

www.marketplace.usatoday.com

Hours of operation: Mon.- Fri., 8:30 am - 7:00 pm (EST)
To advertise call **1.800.872.3433** Toll-free in the U.S. only

A GANNETT COMPANY

**You may benefit from this class action settlement.**

**NOTICE OF PENDENCY OF CLASS ACTION SETTLEMENT**

**If Midland Credit Management, Inc., Midland Funding, LLC, or Encore Capital Group, Inc., or their affiliates, filed a lawsuit against you,**

**PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS MAY BE AFFECTED.**

YOU ARE HEREBY NOTIFIED that actions entitled *Midland Funding, LLC v. Andrea Brent v. Midland Credit Management, Inc.* Case No. 3:08-cv-01434; and related cases: *Martha Vaszalle, et al v. Midland Funding, LLC, et al,* Case No. 3:11-cv-0096; and *Hope Franklin and Thomas Hyder v. Midland Funding, LLC et al,* Case No. 3:10-cv-0091, IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO WESTERN DIVISION, Judge David Katz alleging that Defendants, Midland Credit Management, Inc., Midland Funding, LLC and Encore Capital Group, Inc. (collectively "Defendants" or "Midland"), violated the Fair Debt Collection Practices Act, ("FDCPA"), as well as state common law and consumer statutes (also collectively "the Law"), by filing lawsuits against Plaintiffs between January 1, 2005 and March 11, 2011, with an affidavit that allegedly contained false information.

1. This Notice of Pendency of Class Action Settlement is to inform members of the Class of the proposed settlement; how to obtain the benefits provided for under the settlement; and to describe what to do if you are a member of the Class and want to be excluded from or object to the proposed settlement and information about the Fairness Hearing.

2. The Court has decided that everyone falling under the following definition is a Class Member: All natural persons (a) sued in the name of Midland, (b) between January 1, 2005 and March 11, 2011, (c) in any debt collection lawsuit in any court, (d) where an affidavit attesting to facts about the underlying debt was used by Midland in connection with the debt collection lawsuit. The proposed settlement provides up to $10 to each member of the Class. The Class Payment may be claimed by submitting a properly executed Claim Form. Class Members who did not receive a Notice and Claim Form and know that they are members of the Class may file a Claim Form online at www.BrentSettlement.com. Class Members must submit their Claim Form online on or before June 1, 2011 to be considered.

3. In addition, the costs of settlement administration and notice to the Class shall be paid from the Settlement Fund.

4. The Court has named the law firm of Murray & Murray Co. LPA, Sandusky, Ohio, Dennis E. Murray and Donna Evans as Class Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense. If you choose to hire your own lawyer, he or she must file an appearance by June 1, 2011. The Defendants have agreed not to oppose, and the Court has preliminarily approved, the payment to Class Counsel in the amount of $1.5 million as attorney fees, subject to any final approval after the Fairness Hearing.

5. The terms of the proposed settlement are set forth in detail in the parties' Settlement Agreement, which is available online at www.BrentSettlement.com.

6. This proposed settlement is a compromise of disputed claims and is not an indication of liability of any sort. This Notice is not to be construed as an admission or concession of liability by Defendant.

7. In this lawsuit, the Plaintiffs claimed that Defendants violated the law by filing collection lawsuits against Plaintiffs with an affidavit that allegedly contained false information as to the personal knowledge of the affiant. The Court has already ruled that Midland violated the FDCPA and an Ohio consumer statute by filing these affidavits. The Court has also entered an injunction against Midland, which may be extended as part of this proposed settlement.

However, the Court also dismissed a more recent related lawsuit brought against the Defendants that contained similar claims regarding affidavits filed in collection lawsuits. The Defendants continue to deny that their use of any of their affidavits violated the law. Finally, the Court has not held any of the underlying debts in the collection lawsuits to be invalid.

8. If you are a Class Member, you have the following options:

(a) If you submit a Claim Form online at www.BrentSettlement.com by June 1, 2011, you will remain in the settlement class and be entitled to receive a cash payment from the settlement fund.

(b) To exclude yourself from the settlement, you must send a letter by mail stating that you want to be excluded from *Midland Funding, LLC v. Andrea Brent v. Midland Credit Management, Inc.* Case No. 3:08-cv-01434; Case No. 3:11-cv-0096; Case No. 3:10-cv-0091 (N.D. Ohio). Be sure to include your name, address, telephone number, your signature and the case name and number. You must mail your exclusion request (postmarked by June 1, 2011) to: Brent v Midland Class Action Administrator, c/o Class Action Administration, Inc., PO Box 6848, Broomfield, CO 80021.

(c) If you are a Class Member, you can comment on the settlement. In order to object to the settlement you must send a letter (or legal brief) stating that you object and state any and all reasons why you think the Court should not approve the settlement. You must include the name and number of the case: *Midland Funding, LLC v. Andrea Brent v. Midland Credit Management, Inc.* Case No. 3:08-cv-01434; Case No. 3:11-cv-0096; Case No. 3:10-cv-0091 (N.D. Ohio), your name, address, telephone number and your signature. You must mail any written objection (postmarked by June 1, 2011) to: Judge David A. Katz at 1716 Spielbusch, 210 U. S. Courthouse, Toledo, OH 43624-1363. Regardless of whether you submit a written objection, you may appear at the fairness hearing at your own expense. You must also send a copy of your objection to Murray & Murray Co. LPA; Attention Rhonda Rice, 111 East Shoreline Drive, Sandusky, OH 44870-2517. Be sure to include the name and number of the case on your written objection. The Court will hold a fairness hearing on July 11, 2011 at 10:30 a.m. in the courtroom of Judge Katz. The purpose of the hearing will be for the Court to determine whether the proposed settlement is fair reasonable and adequate and in the best interests of the class and to determine the appropriate amount of compensation for the Class Counsel. At the hearing, the Court will be available to hear objections, but only as set forth in the written objections by an objector concerning the fairness of the proposed settlement. The hearing may be postponed to a later date without notice. *YOU ARE NOT REQUIRED TO ATTEND THIS HEARING.*

9. For more information you can call **Class Administrator** at **1-888-207-0454** or visit www.BrentSettlement.com if you have any questions.

DO NOT CONTACT THE COURT REGARDING THIS NOTICE

**EXHIBIT B**

ented and risk averse, a major brand (Facebook, Twitter, Zynga) is where you end up," Hubbell says. "If you're talented and not risk averse, you start your own company."

**On the hunt for talent**

Companies aren't just hiring at a furious clip. They are poaching one another's staffs for talented engineers and online marketers, he says. At the South by Southwest Interactive festival in Austin last month, representatives from the likes of Adobe Systems, Foursquare and eBay roamed the show floor, hoping to recruit workers.

Social-networking firm Tagged offered limo rides from the Austin airport in hopes of landing hot prospects.

For the first time in years, the "power is with the job seeker and not the employer," says Matthew Henson, a spokesman

## es send
## or a loss

lion, as passenger traffic improved modestly and fares rose since December.

The first quarter is usually the weakest for airlines, and analysts predict that United Continental, Delta and several other U.S. airlines also lost money.

AMR CEO Gerard Arpey said demand for air travel, especially for business, is still improving, "and that enabled us to keep our planes relatively full while charging higher fares."

Even with the scaled-back capacity plans, Arpey said American expected to avoid layoffs but might reduce hiring.

American's troubled labor relations were on display at airports around the country Wednesday. Union members picketed to protest stock-based compensation for several hundred managers while they live with small wage increases. Flight attendants held a vote and "convicted" AMR management of "managerial incompetence."

American was the first of the major airlines to report earnings. United Continental, Southwest Airlines and JetBlue are scheduled to report today.

AMR shares fell 6 cents to $5.64.

## Corrections & Clarifications

USA TODAY is committed to accuracy. To reach us, contact Standards Editor Brent Jones at 1-800-872-7073 or e-mail accuracy@usatoday.com.

The caption on a photo of the redesigned Ford Taurus published Wednesday misidentified the model year. It is a 2013.

---



# MARKETPLACE TODAY

www.russelljohns.com/usatoday | Hours of operation: Mon. - Fri., 8:30 am - 6:00 pm (EST)
To advertise call **1.800.397.0070** Toll-free in the U.S. only

## NOTICES

### LEGAL NOTICE

**You may benefit from this class action settlement.**

### NOTICE OF PENDENCY OF CLASS ACTION SETTLEMENT

### If Midland Credit Management, Inc., Midland Funding, LLC, or Encore Capital Group, Inc., or their affiliates, filed a lawsuit against you,

**PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS MAY BE AFFECTED.**

YOU ARE HEREBY NOTIFIED that actions entitled *Midland Funding, LLC v. Andrea Brent v. Midland Credit Management, Inc.* Case No. 3:08-cv-01434; and related cases: *Martha Vassallé, et al v. Midland Funding, LLC, et al,* Case No. 3:11-cv-0096; and *Hope Franklin and Thomas Hyder v. Midland Funding, LLC et al,* Case No. 3:10-cv-0091, IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO WESTERN DIVISION, Judge David Katz alleging that Defendants, Midland Credit Management, Inc., Midland Funding, LLC and Encore Capitol Group, Inc. (collectively "Defendants" or "Midland"), violated the Fair Debt Collection Practices Act, ("FDCPA"), as well as state common law and consumer statutes (also collectively "the Law"), by filing lawsuits against Plaintiffs between January 1, 2005 and March 11, 2011, with an affidavit that allegedly contained false information.

1. This Notice of Pendency of Class Action Settlement is to inform members of the Class of the proposed settlement; how to obtain the benefits provided for under the settlement; and to describe what to do if you are a member of the Class and want to be excluded from or object to the proposed settlement and information about the Fairness Hearing.

2. The Court has decided that everyone falling under the following definition is a Class Member: All natural persons (a) sued in the name of Midland, (b) between January 1, 2005 and March 11, 2011, (c) in any debt collection lawsuit in any court, (d) where an affidavit attesting to facts about the underlying debt was used by Midland in connection with the debt collection lawsuit. The proposed settlement provides up to $10 to each member of the Class. The Class Payment may be claimed by submitting a properly executed Claim Form. Class Members who did not receive a Notice and Claim Form and know that they are members of the Class may file a Claim Form online at www.BrentSettlement.com. Class Members must submit their Claim Form online on or before June 1, 2011 to be considered.

3. In addition, the costs of settlement administration and notice to the Class shall be paid from the Settlement Fund.

4. The Court has named the law firm of Murray & Murray Co. LPA, Sandusky, Ohio, Dennis E. Murray and Donna Evans as Class Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense. If you choose to hire your own lawyer, he or she must file an appearance by June 1, 2011. The Defendants have agreed not to oppose, and the Court has preliminarily approved, the payment to Class Counsel in the amount of $1.5 million as attorney fees, subject to any final approval after the Fairness Hearing.

5. The terms of the proposed settlement are set forth in detail in the parties' Settlement Agreement, which is available online at www.BrentSettlement.com.

6. This proposed settlement is a compromise of disputed claims and is not an indication of liability of any sort. This Notice is not to be construed as an admission or concession of liability by Defendant.

7. In this lawsuit, the Plaintiffs claimed that Defendants violated the law by filing collection lawsuits against Plaintiffs with an affidavit that allegedly contained false information as to the personal knowledge of the affiant. The Court has already ruled that Midland violated the FDCPA and an Ohio consumer statute by filing these affidavits. The Court has also entered an injunction against Midland, which may be extended as part of this proposed settlement.

However, the Court also dismissed a more recent related lawsuit brought against the Defendants that contained similar claims regarding affidavits filed in collection lawsuits. The Defendants continue to deny that their use of any of their affidavits violated the law. Finally, the Court has not held any of the underlying debts in the collection lawsuits to be invalid.

8. If you are a Class Member, you have the following options:

(a) If you submit a Claim Form online at www.BrentSettlement.com by June 1, 2011, you will remain in the settlement class and be entitled to receive a cash payment from the settlement fund.

(b) To exclude yourself from the settlement, you must send a letter by mail stating that you want to be excluded from *Midland Funding, LLC v. Andrea Brent v. Midland Credit Management, Inc.* Case No. 3:08-cv-01434; Case No. 3:11-cv-0096; Case No. 3:10-cv-0091 (N.D. Ohio). Be sure to include your name, address, telephone number, your signature and the case name and number. You must mail your exclusion request (postmarked by June 1, 2011) to: Brent v Midland Class Administrator, c/o Class Action Administration, Inc., PO Box 6848, Broomfield, CO 80021.

(c) If you are a Class Member, you can comment on the settlement. In order to object to the settlement you must send a letter (or legal brief) stating that you object and state any and all reasons why you think the Court should not approve the settlement. You must include the name and number of the case: *Midland Funding, LLC v. Andrea Brent v. Midland Credit Management, Inc.* Case No. 3:08-cv-01434; Case No. 3:11-cv-0096; Case No. 3:10-cv-0091 (N.D. Ohio), your name, address, telephone number and your signature. You must mail any written objection (postmarked by June 1, 2011) to: Judge David A. Katz at 1716 Spielbusch, 210 U. S. Courthouse, Toledo, OH 43624-1363. Regardless of whether you submit a written objection, you may appear at the fairness hearing at your own expense. You must also send a copy of your objection to Murray & Murray Co. LPA; Attention Rhonda Rice, 111 East Shoreline Drive, Sandusky, OH 44870-2517. Be sure to include the name and number of the case on your written objection. The Court will hold a fairness hearing on July 11, 2011 at 10:30 a.m. in the courtroom of Judge Katz. The purpose of the hearing will be for the Court to determine whether the proposed settlement is fair reasonable and adequate and in the best interests of the class and to determine the appropriate amount of compensation for the Class Counsel. At the hearing, the Court will be available to hear objections, but only as set forth in the written objections by an objector concerning the fairness of the proposed settlement. The hearing may be postponed to a later date without notice. YOU ARE NOT REQUIRED TO ATTEND THIS HEARING.

9. For more information you can call **Class Administrator** at **1-888-207-0454** or visit www.BrentSettlement.com if you have any questions.

DO NOT CONTACT THE COURT REGARDING THIS NOTICE

**EXHIBIT C**

1  TOMIO B. NARITA (SBN 156576)
   ARVIN C. LUGAY (SBN 242599)
2  SIMMONDS & NARITA LLP
   44 Montgomery Street, Suite 3010
3  San Francisco, CA 94104-4816
   Telephone: (415) 283-1000
4  Facsimile:  (415) 352-2625
   tnarita@snllp.com
5  alugay@snllp.com

6  Attorneys for Defendants

7

8

            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       COUNTY OF ALAMEDA

10

11  JUDITH REIMANN and            )   CASE NO.: RG10-529702
    MICHAEL DaRONCO, individually )
12  and on behalf of all others similarly )   **ASSIGNED FOR ALL PURPOSED**
    situated,                     )   **TO JUDGE Robert B. Freedman,**
13                                )   **DEPARTMENT 20**
              Plaintiffs,         )
14                                )   **NOTICE OF MOTION AND**
          vs.                     )   **MOTION FOR JUDGMENT ON**
15                                )   **THE PLEADINGS BY**
    ERICA L. BRACHFELD,           )   **DEFENDANTS MIDLAND**
16  THE BRACHFELD LAW GROUP,      )   **FUNDING, LLC, MIDLAND**
    P.C., MIDLAND FUNDING, LLC,   )   **CREDIT MANAGEMENT, INC.**
17  MIDLAND CREDIT                )   **AND MIDLAND FUNDING NCC-2**
    MANAGEMENT, LLC, and          )   **CORP.; MEMORANDUM IN**
18  MIDLAND FUNDING NCC-2         )   **SUPPORT OF MOTION**
    CORP. and DOES 1-100, inclusive, )
19                                )   **Date:    April 21, 2011**
                                  )   **Time:    2:00 p.m.**
20            Defendants.         )   **Dept.:   20**
                                  )   **Reservation: R-1159532**
21  _____)

22

23

24

25

26

27

28

1

2  TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

3      PLEASE TAKE NOTICE that on April 21, 2011, at 2:00 p.m., or as soon

4  thereafter as the matter may be heard in Department 20 of this Court, located at

5  1221 Oak Street, Oakland, California, 94612, the Honorable Robert B. Freedman

6  presiding, defendants Midland Funding, LLC, Midland Credit Management, Inc.

7  (erroneously sued as "Midland Credit Management, LLC"), and Midland Funding

8  NCC-2 Corp. (collectively, the "Midland Defendants") will and hereby do move

9  this Court for an Order entering judgment on the pleadings, pursuant to California

10  common law and Section 438 of the California Code of Civil Procedure.

11      The motion is made on the grounds that the claims asserted by Plaintiffs are

12  based upon communications made in connection with state court litigation, and are

13  therefore barred as a matter of law by the California litigation privilege.  The

14  claims asserted by Michael DaRonco also fail because they conflict with the

15  findings of the judgment entered against him by the El Dorado County Superior

16  Court, and are therefore barred by the principles of collateral estoppel.  This

17  motion will be based upon this Notice of Motion and Motion, the accompanying

18  Memorandum of Points and Authorities and Request For Judicial Notice in

19  Support of the Motion, the records on file in this action, and all other evidence or

20  argument the Court may permit at the hearing in this matter.

21

22  DATED: March 9, 2011          SIMMONDS & NARITA LLP
                                   TOMIO B. NARITA
23                                 ARVIN C. LUGAY

24

25                      By: _____
                             Tomio B. Narita
26                           Attorneys for Defendants

27

28

# TABLE OF CONTENTS

I.    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   ALLEGATIONS OF THE COMPLAINT . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III.  ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    A.    Standards For a Motion For Judgment on the Pleadings . . . . . . . . . . 3

    B.    The Litigation Privilege Is Absolute And Applies To All Claims
       Based On Communications Made In Connection With Litigation  . . 4

    C.    The Rosenthal Act Claim Is Not Exempted From The Litigation
       Privilege . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    D.    DaRonco's Claims Are Barred By The Principles Of Collateral
       Estoppel . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

IV.   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Reyes v. Kenosian & Meile,*
525 F. Supp. 2d 1158 (N.D. Cal. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

## STATE CASES

*Action Apartment Assoc. v. City of Santa Monica,*
41 Cal. 4th 1232 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 9

*Baughman v. State of Calif.,*
38 Cal. App. 4th 182 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Cabral v. Martins,*
177 Cal. App. 4th 471 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8

*Camacho v. Automobile Club of So. Calif.,*
142 Cal. App. 4th 1394 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Contemporary Servs. Corp. v. Staff Pro., Inc.,*
152 Cal. App. 4th 1043 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Daniels v. Robbins,*
182 Cal. App. 4th 204 (2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Feldman v. 1100 Park Lane Assocs.,*
160 Cal. App. 4th 1467 (2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Fitzgerald v. Herzer,*
78 Cal. App. 2d 127 (1947) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Foothill Fed. Credit Union v. Superior Court,*
155 Cal. App. 4th 632 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Gerawan Farming, Inc. v. Lyons,*
24 Call. 4th 468 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*G.R. v. Intelligator,*
185 Cal. App. 4th 606 (2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Jacob B. v. County of Shasta,*
40 Cal. 4th 948 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Kapsimallis v. Allstate Ins. Co.,*
104 Cal. App. 4th 667 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Kashian v. Harriman,*
98 Cal. App. 4th 892 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Komarova v. National Credit Acceptance, Inc.*,
175 Cal. App. 4th 324 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Murray v. Alaska Airlines, Inc.*,
50 Cal. 4th 860 (2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Olszewski v. Scripps Health*,
30 Cal. 4th 798 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*People v. Simms*,
32 Cal. 3d 468 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Ribas v. Clark*,
38 Cal. 3d 355 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Rubin v. Green*,
4 Cal. 4th 1187 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 7

*Rusheen v. Cohen*,
37 Cal. 4th 1048 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7

*Serrano v. Priest*,
5 Cal. 3d 584 (1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Silberg v. Anderson*,
50 Cal. 3d 205 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 6, 7

*Smiley v. Citibank (South Dakota), N.A.*,
11 Cal. 4th 138 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Steiner v. Eikerling*,
181 Cal. App. 3d 639 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Valiette v. Fireman's Fund Ins. Co.*,
18 Cal. App. 4th 680 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

## FEDERAL STATUTES

Fair Debt Collection Practices Act,
    15 U.S.C. § 1692 *et seq.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
    15 U.S.C. § 1692a . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
    15 U.S.C. §§ 1692b-j . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
    15 U.S.C. § 1692e . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
    15 U.S.C. § 1692g . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
    15 U.S.C. § 1692k . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## STATE STATUTES

California Business & Professions Code,
    § 17200 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4, 6, 7

California Code of Civil Procedure,
    § 438(c)(1)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    § 438(c)(1)(B)(ii) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    § 438(c)(2)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    § 438(h)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

California Rules of Court,
    Rule 1.20 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Privacy Act,
    Penal Code § 630 *et seq.* Cal. Civ. Code § 1788.17 . . . . . . . . . . . . . 6

Rosenthal Fair Debt Collection Practices Act,
    Cal. Civ. Code § 47(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    Cal. Civ. Code § 1788.11 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
    Cal. Civ. Code § 1788.12 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
    Cal. Civ. Code § 1788.15 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
    Cal. Civ. Code § 1788.17 . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

## OTHER AUTHORITIES

United States Code,
    Title 15 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

When plaintiffs Judith Reimann ("Reimann") and Michael DaRonco ("DaRonco") stopped paying their credit card bills, their accounts were charged-off by their lenders and were sold to defendants Midland Funding, LLC and Midland Funding NCC-2, Corp., respectively.  Collection lawsuits were filed against Reimann and DaRonco on behalf of these Midland companies by Defendant Erica L. Brachfeld ("Brachfeld") and her professional law corporation, the Brachfeld Law Group ("BLG").  The collection case against Reimann was dismissed.  The action filed against DaRonco resulted in a judgment against him.

Plaintiffs then filed this case.  They allege that the pre-suit "dunning" letters sent by Defendants, and the pleadings filed by Defendants, in connection with the collection lawsuits violated the Rosenthal Act (*i.e.*, section 1788.17 of the California Civil Code), as well as section 17200 of the California Business & Professions Code.  DaRonco claims the judgment against him was improper, because he was never served with the complaint and there was insufficient evidence to support the judgment.

All of the claims asserted against the Midland Defendants are barred as a matter of law by the litigation privilege.  The California Supreme Court has repeatedly held that a litigant may not pursue claims that are based upon the contents of pleadings or pre-litigation communications.  The Rosenthal Act claims and section 17200 claims in this case are no exception.

DaRonco's claims also fail because they are barred by collateral estoppel. When it entered judgment against him, the El Dorado County Superior Court necessarily determined that DaRonco had been properly served with the complaint, that he had failed to respond to it within the time required by law, and that Midland Funding NCC-2, Corp. was entitled to a judgment against him.

1  DaRonco has never challenged the judgment or moved to set it aside.  He cannot

2  seek to collaterally attack the findings underlying the judgment by filing this

3  action, claiming he was never served or that insufficient evidence was presented to

4  support the claim against him.

5       Plaintiffs cannot amend their complaint to cure these fatal defects.  For this

6  reason, Defendants respectfully request that this Court issue an Order, pursuant to

7  California common law and section 438(c)(1)(B) of the Code of Civil Procedure,

8  granting judgment in favor of the Midland entities.[1]

9  ## II.   **ALLEGATIONS OF THE COMPLAINT**

10       The Complaint alleges that Brachfeld and BLG routinely send pre-suit

11  "dunning" letters and file state court lawsuits on behalf of the Midland Defendants

12  without any "meaningful attorney involvement."  *See* Complaint, ¶¶ 14-20.

13  Plaintiffs contend that Defendants are required to submit "admissible evidence" to

14  obtain default judgments, but they routinely submit "false and inadequate

15  documentation" for this purpose, including affidavits provided by the Midland

16  Defendants.  *Id.* at ¶¶ 21-22.

17       Plaintiff Reimann alleges that BLG sent her a demand letter and sued her on

18  behalf of Midland Funding, LLC in Alameda County Superior Court, and the case

19  was dismissed when she retained an attorney and filed an answer.  *Id.* at ¶¶ 26-28.

20       Plaintiff DaRonco alleges that BLG sued him on behalf of Midland Funding

21  NCC-2, Corp. in El Dorado County Superior Court, and Defendants subsequently

22  obtained a default judgment and garnished his wages.  *Id.* at ¶ 29.  DaRonco says

23  the judgment was obtained based upon a false affidavit submitted by an agent of

24  the Midland Defendants, and that his wages were garnished despite the fact that he

25  "was never served and was unaware of the lawsuit against him. . . .".  *Id.*

26

27      [1] The Midland Entities will also file a joinder in the motion for judgment on

28  the pleadings that will be filed concurrently by Brachfeld and BLG.

1      Contrary to the allegations by DaRonco, however, records of the El Dorado

2  County Superior Court reflect when it entered judgment against him on May 13,

3  2009, the court found that he had been properly served with the collection

4  complaint, that he had failed to appear and respond to the complaint within the

5  time required by law, and that Midland Funding NCC-2 Corp. was entitled to

6  judgment against him in the amount of $6,836.65. *See* Request For Judicial

7  Notice In Support of Defendants' Motion For Judgment On The Pleadings

8  (hereinafter "RJN"), at Ex. C. DaRonco was served with the writ of execution that

9  issued when his wages were garnished, but he never objected. *Id.* at Exs. D and E.

10

11  ## III.  ARGUMENT

12  ### A.  Standards For a Motion For Judgment on the Pleadings

13      The Court may grant a statutory motion for judgment on the pleadings, as to

14  the entire complaint or "as to any of the causes of action" in the complaint, where

15  "[t]he complaint does not state facts sufficient to constitute a cause of action

16  against [the] defendant." *See* Cal. Code Civ. Proc. §§ 438(c)(1)(B)(ii),

17  438(c)(2)(A); *see also Kapsimallis v. Allstate Ins. Co.*, 104 Cal. App. 4th 667, 672

18  (2002) (motion for judgment on pleadings is equivalent to demurrer). Similarly,

19  > [i]n ruling on a common law motion for judgment on the pleadings made by
20  > a defendant, a trial court determines what has been called a pure question of
> law . . . but what is in fact a mixed question of law and fact that is
> predominantly legal:  Does the plaintiff's complaint state facts sufficient to
21  > constitute a cause of action against the defendant? . . . In so doing, the trial
> court generally confines itself to the complaint and accepts as true all
22  > material facts alleged therein. . . . As appropriate, however, it may extend its
> consideration to matters that are subject to judicial notice. . . . A common
23  > law motion for judgment on the pleadings 'ha[s] the purpose and effect of a
> general demurrer.'

24  *See Smiley v. Citibank (South Dakota), N.A.*, 11 Cal. 4th 138, 145-46 (1995);

25  *accord Gerawan Farming, Inc. v. Lyons*, 24 Cal. 4th 468, 515 (2000). Even

26  though the Court accepts as true all "material facts properly pleaded," it does not

27  accept as true "contentions, deductions or conclusions of fact or law." *Serrano v.*

28

accept as true "contentions, deductions or conclusions of fact or law." *Serrano v. Priest*, 5 Cal. 3d 584, 591 (1971). A motion for judgment on the pleadings may, and should be, granted without leave to amend when amendment would be futile; the party opposing the motion bears the burden of proving that any defect can be cured. *See* Cal. Code Civ. Proc. § 438(h)(1); *Camacho v. Automobile Club of So. Calif.*, 142 Cal. App. 4th 1394, 1398 n.4 (2006); *Baughman v. State of Calif.*, 38 Cal. App. 4th 182, 187 (1995); *Valiette v. Fireman's Fund Ins. Co.*, 18 Cal. App. 4th 680, 685 (1993).

## B. The Litigation Privilege Is Absolute And Applies To All Claims Based On Communications Made In Connection With Litigation

The Complaint asserts claims against Defendants under the Rosenthal Act, Cal. Civ. Code § 1788.17, as well as claims under section 17200 of the California Business & Professions Code. All of the claims are based upon statements allegedly made by Brachfeld, BLG or the Midland Defendants in connection with the collection lawsuits filed against Plaintiffs. The litigation privilege bars these claims as a matter of law. Judgment on the pleadings for the Midland Defendants is proper.

"For well over a century, communications with 'some relation' to judicial proceedings have been absolutely immune from tort liability by the privilege codified as section 47(b)." *Rubin v. Green*, 4 Cal. 4th 1187, 1193 (1993).[2] The principal purpose of the privilege is "to afford litigants and witnesses the utmost freedom of access to the courts without fear of being harassed subsequently by derivative tort actions." *Silberg v. Anderson*, 50 Cal. 3d 205, 213 (1990) (citations

---

[2] Section 47(b) of the California Civil Code provides in relevant part as follows: "A privileged publication or broadcast is one made: . . . (b) In any (1) legislative proceeding, (2) judicial proceeding, (3) in any other official proceeding authorized by law . . . ." Cal. Civ. Code § 47(b).

1  omitted).  The usual formulation of the elements of the privilege was stated in

2  *Silberg* as follows:

3  > The privilege applies to any communication (1) made in judicial or quasi-
   > judicial proceedings; (2) by litigants or other participants authorized by law;
4  > (3) to achieve the objects of the litigation; and (4) that have some
   > connection or logical relation to the action.

5  *Id.* at 212.

6  The Midland Defendants allegedly violated state law by filing collection

7  complaints that were prepared without proper attorney review, and by submitting a

8  "false" affidavit in the case filed against DaRonco.  But the California Supreme

9  Court has declared that the contents of all pleadings and process involved in any

10  litigation are privileged communications and may not form the basis of any claim.

11  *See Rusheen v. Cohen*, 37 Cal. 4th 1048, 1058 (2006) (privilege applies to false or

12  perjurious testimony or pleadings); *Rubin*, 4 Cal. 4th at 1195 (privilege barred

13  claims based on contents of pleadings and amended pleadings).

14  In addition to the pleadings themselves, any pre-litigation letters or

15  communicative conduct, such as the act of filing of pleadings or the service of

16  process, is also privileged and may not form the basis of any claim.  *See, e.g.*,

17  *Silberg*, 50 Cal. 3d at 212 (privilege "applies to any publication required or

18  permitted by law in the course of a judicial proceeding to achieve the objects of

19  the litigation, **even though the publication is made outside the courtroom and**

20  **no function of the court or its officers is involved.**" (emphasis supplied);

21  *Rusheen*, 37 Cal. 4th at 1057 (privilege "is not limited to statements made during a

22  trial or other proceedings, but may extend to steps taken prior thereto, or

23  afterwards. (citation)"); *Rubin*, 4 Cal. 4th at 1195-96 (privilege covered

24  communications made by attorneys in anticipation of suit, as well as contents of

25  pleading and amended pleadings).[3]

26

27  [3] Numerous decisions are in accord.  *See, e.g., Daniels v. Robbins*, 182 Cal.

28  App. 4th 204, 216 (2010) (privilege barred claims against attorneys "being sued for

Because the application of the privilege is essential to ensuring the integrity of the judicial process, California courts have given the privilege an expansive reach, using it to bar both statutory and tort causes of action (with the exception of malicious prosecution claims). *See Silberg*, 50 Cal. 3d at 215-16.[4] The compelling policy reasons underling the privilege – allowing for zealous advocacy by attorneys, and free access to the courts by litigants and witnesses – have led the California Supreme Court to observe that <u>no</u> claim – whether statutory, common law, or even **constitutional** – can trump the privilege, regardless of the "label" used by the plaintiff. *See Jacob B.*, 40 Cal. 4th at 962 (claim based on letter sent in connection with litigation was barred: the privilege furthers "the vital public

---

filing a complaint . . . and for filing other documents . . . in the course of the lawsuit"); *Cabral v. Martins*, 177 Cal. App. 4th 471, 485 (2009) ("The privilege applies to communications relative to the defense of an action as well as those relative to its filing and prosecution."); *Feldman v. 1100 Park Lane Assocs.*, 160 Cal. App. 4th 1467, 1484-86 (2008) ("filing of the unlawful detainer action clearly fell within the litigation privilege"); *Contemporary Servs. Corp. v. Staff Pro., Inc.*, 152 Cal. App. 4th 1043, 1055 (2007) (affirming anti-SLAPP ruling: " Plaintiffs' claims are based on defendants' acts of filing the complaint in the underlying action . . . ."); *Kashian v. Harriman*, 98 Cal. App. 4th 892, 917 (2002) (privilege applies to communicative conduct, including filing of allegedly meritless lawsuits on behalf of sham plaintiffs).

[4] *See also Jacob B. v. County of Shasta*, 40 Cal. 4th 948 (2007) (constitutional right of privacy claim barred); *Foothill Fed. Credit Union v. Superior Court*, 155 Cal. App. 4th 632, 634-36(2007) (claim for invasion of privacy based on disclosure of personal financial records barred); *Olszewski v. Scripps Health*, 30 Cal. 4th 798, 831-32 (2003) (claims under Business & Professions Code § 17200 barred); *Ribas v. Clark*, 38 Cal. 3d 355, 364-65 (1985) (claim for damages arising from alleged violations of Privacy Act, Penal Code §§ 630, *et seq.* barred); *Steiner v. Eikerling*, 181 Cal. App. 3d 639, 642-43 (1986) (claim based on publication of forged will prepared for probate barred).

policy of affording free access to the courts and facilitating the crucial functions of the finder of fact.") (citations omitted).[5]

Plaintiffs have not identified any conduct by the Midland entities – other than sending pre-suit letters and filing suit using allegedly improper pleadings – that caused them any harm. None of the claims can escape the absolute bar of the privilege. The California Supreme Court has repeatedly held that section 17200 claims must fail it they are based on statements made in connection with litigation. *See, e.g., Olszewski*, 30 Cal. 4th at 831-32; *Rubin*, 4 Cal. 4th at 1193.

**C.     The Rosenthal Act Claim Is Not Exempted From The Litigation Privilege**

Plaintiffs will undoubtedly argue that the Rosenthal Act claim should be exempted from the bar of the litigation privilege. As explained below, this argument must fail.

The California Supreme Court has recognized a narrow exception to the litigation privilege for those rare cases where a plaintiff seeks to enforce a statute that "is **more specific** than the litigation privilege **and would be significantly or wholly inoperable** if its enforcement were barred when in conflict with the privilege." *Action Apartment Assoc. v. City of Santa Monica*, 41 Cal. 4th 1232, 1246 (2007) (emphasis added) (observing that certain statutes relating to perjury and attorney misconduct had been exempt from privilege); *G.R. v. Intelligator*, 185 Cal. App. 4th 606, 618-19 (2010) (Rule 1.20 of the California Rules of Court would not be eviscerated if litigation privilege barred tort claim based on violation

---

[5] *See also Rusheen*, 37 Cal. 4th at 1064 (privilege encourages attorneys to zealously protect their clients' interests: "It is desirable to create an absolute privilege ... not because we desire to protect the shady practitioner, but because we do not want the honest one to have to be concerned with [subsequent derivative] actions . . .") (citations omitted); *Silberg*, 50 Cal. 3d at 215 (rejecting the "interests of justice" exception to the privilege: "To effectuate its vital purposes, the litigation privilege is held to be absolute in nature.") (citations omitted).

of Rule); *Cabral v. Martins*, 177 Cal. App. 4th 471, 488-89 (2009) (application of litigation privilege would not eviscerate child support evasion statutes).[6]

The claim under section 1788.17 of the Civil Code does not fall within this narrow exception recognized in *Action Apartment*. Section 1788.17 is not more specific than the litigation privilege, nor would it be significantly or wholly inoperable if the privilege were to apply in the context of this case.

Section 1788.17 of the Rosenthal Act is not more specific than the privilege, because it does not expressly regulate the contents of communications made in connection with state court litigation. Rather, section 1788.17 incorporates by reference certain sections of the federal statute, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and it makes a violation of those sections into a violation of state law. *See* Cal. Civ. Code § 1788.17.[7]

Though not binding, the Midland Defendants submit that the reasoning employed in *Reyes v. Kensosian & Miele*, 525 F. Supp. 2d 1158 (N.D. Cal. 2007), is persuasive on this point. The plaintiff in *Reyes* alleged that defendants had violated the Rosenthal Act by falsely alleging in a complaint that the consumer owed a debt, and falsely claiming defendants were entitled to recover attorneys' fees. *See Reyes*, 525 F. Supp. 2d at 1160. In granting the motion to dismiss the

---

[6] *But see Komarova v. National Credit Acceptance, Inc.*, 175 Cal. App. 4th 324 (2009) (holding that, on the facts of that case, the specific subsections of the Rosenthal Act at issue, *i.e.*, sections 1788.11, 1788.12 and 1788.15 of the Civil Code, would conflict with the privilege).

[7] Section 1788.17 provides in relevant part as follows: "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code. However, subsection (11) of Section 1692e and Section 1692g shall not apply to any person specified in paragraphs (A) and (B) of subsection (6) of Section 1692a of Title 15 of the United States Code or that person's principal." *See* Cal Civ. Code §1788.17.

1   claim, *Reyes* court concluded that the Rosenthal Act does <u>not</u> explicitly regulate

2   the contents of complaints and other papers filed in collection litigation, and

3   therefore it was not irreconcilable with the litigation privilege.  The court observed

4   in *Reyes*:

5   **The [Rosenthal Act] does not explicitly regulate the content of**
    **complaints or other pleadings that are transmitted in connection**
6   **with an actual legal proceeding and only prohibits the use of the**
    **courts as a means to collect a debt in a few specific ways, none of**
7   **which are at issue here. . . . The application of the litigation**
    **privilege to the communication at issue in this case would not,**
8   **therefore, vitiate the [Rosenthal Act] and render it meaningless as**
    **was found in *Oei*.**

9   *Reyes*, 525 F. Supp. 2d at 1164 (emphasis added).

10       Here, like *Reyes,* the Rosenthal Act claims are based on the pleadings filed

11  in the collection actions against Plaintiffs, and letters sent in connection with those

12  suits.  The claims do not fall within the narrow exception recognized by *Action*

13  *Apartment*, because section 1788.17 of the Civil Code does not expressly regulate

14  statements made in connection with litigation, and is not more specific than the

15  litigation privilege.  Nor would section 1788.17 be rendered significantly

16  inoperable if the privilege applied to the letters and pleadings at issue in this case.

17  To the contrary, section 1788.17 incorporates by reference several subsections of

18  the FDCPA.  It thus prohibits a host of improper debt collection conduct and

19  communications which are wholly unrelated to pre-suit demand letters and state

20  court pleadings.  The Rosenthal Act claim is barred by the privilege and must fail.

21       **D.    DaRonco's Claims Are Barred By The Principles Of**
                 **Collateral Estoppel**
22

23       The claims asserted by DaRonco fail, because they improperly seek to

24  disrupt the findings underlying the judgment entered by the El Dorado County

25  Superior Court in favor of Midland Funding NCC-2 Corp.  Such claims are barred

26  as a matter of law by principles of collateral estoppel.

27       DaRonco may not pursue claims in this action which conflict with the

28  findings of the court that he was properly served with the state court complaint,

1  further fact-finding function to be performed. Collateral estoppel ... has the
2  dual purpose of protecting litigants from the burden of relitigating an
   identical issue with the same party or his privy and of promoting judicial
   economy, by preventing needless litigation.

3  *Murray v. Alaska Airlines, Inc.*, 50 Cal. 4th 860, 864 (2010) (citations, quotation

4  marks and footnotes omitted). Where there is a subsequent action between two

5  parties involving different claims, collateral estoppel "operates as an estoppel or

6  conclusive adjudication as to such issues in the second action which were actually

7  litigated and determined in the first action." *Id.* at 867.

8  Da Ronco may argue that the judgment should not have preclusive effect,

9  because it was entered by default. He would be mistaken. California law is clear

10  that a default judgment will satisfy the "actually litigated" requirement of

11  collateral estoppel as to all issues that were necessary to the entry of the judgment.

12  *See, e.g., People v. Simms*, 32 Cal. 3d 468, 481 (1982) ("Even a judgment of

13  default in a civil proceeding is res judicata as to all issues aptly pleaded in the

14  complaint and defendant is estopped from denying in a subsequent action any

15  allegations contained in the former complaint") (internal quotation marks omitted),

16  *citing Fitzgerald v. Herzer*, 78 Cal. App. 2d 127, 131 (1947).

17  The judgment has preclusive effect, even if it was entered by default

18  because a litigant never responded to the complaint. *See, e.g., Fitzgerald,* 78 Cal.

19  App. 2d at 132 ("A judgment by default is as conclusive as to the issues tendered

20  by the complaint as if it had been rendered after answer filed and trial had on

21  allegations denied by the answer.").

22  Here, DaRonco's claims are barred by collateral estoppel. He seeks to re-

23  litigate issues that were conclusively established against him by the El Dorado

24  County Superior Court. The default judgment was based upon a finding that he

25  was served with the complaint and that he failed to respond to it. The judgment

26  conclusively establishes that Midland Funding NCC-2 Corp. is entitled to recover

27  the judgment amount against him. DaRonco cannot pursue a Rosenthal Act claim,

28

was served with the complaint and that he failed to respond to it.  The judgment conclusively establishes that Midland Funding NCC-2 Corp. is entitled to recover the judgment amount against him.  DaRonco cannot pursue a Rosenthal Act claim, or a derivative claim under section 17200, which seeks to adjudicate that he was not served with the complaint, or that there was insufficient "admissible" evidence offered in the prior action to support entry of a judgment.

## IV.  CONCLUSION

Plaintiffs' Rosenthal Act claims are based upon communications allegedly made by in connection with the state court collection litigation, and are therefore barred as a matter of law by the litigation privilege.  All of DaRonco's claims are barred by principles of collateral estoppel.  Plaintiffs cannot amend their pleading, so the motion to dismiss should be granted without leave to amend.

DATED: March 9, 2011

SIMMONDS & NARITA LLP
TOMIO B. NARITA
ARVIN C. LUGAY

By: _____
Tomio B. Narita
Attorneys for Defendants

# PROOF OF SERVICE

I, the undersigned, declare:

I am employed in the City and County of San Francisco, California. I am over the age of eighteen years and not a party to this action. My business address is 44 Montgomery Street, Suite 3010, San Francisco, California 94104-4816.

I am readily familiar with the business practices of my employer, Simmonds & Narita LLP, for the collection and processing of correspondence by FedEx Overnight Delivery and that said correspondence is delivered to an authorized representative of the courier services with delivery fees provided for in the ordinary course of business.

On this date, I served a copy of the following document:

1) **NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS BY DEFENDANTS MIDLAND FUNDING, LLC, MIDLAND CREDIT MANAGEMENT, INC. AND MIDLAND FUNDING NCC-2 CORP.; MEMORANDUM IN SUPPORT OF MOTION**

by causing such document to be placed in a sealed envelope for collection and delivery by Federal Express to the addressees indicated below:

**VIA FEDERAL EXPRESS**

Robert M. Bramson
Daniel E. Birkhaeuser
Bramson, Plutzik, Mahler & Birkhaeuser, LLP
2125 Oak Grove Rd., Suite 120
Walnut Creek, CA 94598
Counsel for Plaintiffs

Ian D. Chowdhury
Law Office of Ian Chowdhury
8853 Fullbright Ave.
Winnetka, CA 91306
Counsel for Plaintiffs

Charles Delbaum
Stuart Rossman
7 Winthrop Square, 4th Fl.
Boston, MA 02110
Counsel for Plaintiffs

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at San Francisco, California on this 9th day of March, 2011.

_____
Loretta Ho