UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARTHA VASSALLE, et al,

      Plaintiffs,

v.

MIDLAND FUNDING, LLC, et al,

      Defendants.

Case No.  3:11cv0096

## DECLARATION OF GAMMIEL G. POINDEXTER

I, Gammiel G. Poindexter, declare:

    1.    My name is Gammiel G. Poindexter.  I am over 21 years of age, of sound mind, capable of executing this declaration, and have personal knowledge of the facts stated herein, and they are all true and correct.

    2.    I have been asked to provide this Declaration on behalf of the National Consumer Law Center, which I understand is opposing a proposed class action settlement in Ohio.  While I am not familiar with all of the claims and facts involved in that case, I have reviewed two documents:  An Affidavit in a current Virginia General District Court case filed by "Midland Funding, LLC" (Exhibit "A") and a brief styled, "Brief Amicus Curiae of the Attorneys General of New York [and other states]."

    3.    I am a Virginia attorney.  I am also a retired General District Court Judge for the Sixth Judicial District in Virginia.  I retired in October 2007. I began serving on the bench September 1995, and presided over civil and criminal matters in Greensville, Emporia, Sussex, and the City of Hopewell.    I handled one of the highest caseloads per judge in the Commonwealth, until a fourth

judgeship was added to the Sixth Judicial District. I was Chief Judge of the General District Court from October 1999 to July 2002. Prior to my selection as a judge, I was Commonwealth's Attorney of Surry County. I had served in this position as the chief prosecutor in the county since 1976.

4. In Virginia, there is a general district court for each city and county (some are shared). The general district court handles traffic violations, hears minor criminal cases known as misdemeanors, and conducts preliminary hearings for more serious criminal cases called felonies. It also handles civil cases. Prior to July 1, 2011, Virginia's General district courts had exclusive authority to hear civil cases with claims of $4,500 or less and shared authority with the circuit courts to hear cases with claims between $4,500 and $15,000.

5. Most civil consumer collection cases are heard by the General District Court. These include a large number of cases filed by debt buyers.

6. I am familiar with the law in Virginia, as well as our civil procedures and evidentiary requirements as they apply to collection lawsuits brought by debt buyers and other creditors.

7. In Virginia, and in the General District Court, we may use two court appearance dates in civil collection cases – the initial return date and the trial date. The initial return date is used to schedule a trial date and to determine if a collection claim is disputed. If the consumer is properly served and appears at the return date to contest the claim, the case would typically be set for a future trial date. If the consumer appears and admits owing the debt in the amount and on the terms pled, the General District Court would enter judgment at the return date.

8. In Virginia, a General District Court can enter default judgment on a debt buyer's collection claim only if the creditor has previously served an affidavit stating the account. That affidavit must be on personal knowledge of the underlying contract and account.

9.     It is my understanding that some debt buyers purchase accounts without also obtaining any underlying documents to support that account, and that they do not retain applications or other charge, payment or billing records. It has been represented to me that the debt buyer in this case, Midland Funding, LLC, purchases and owns only an electronic file for most if not all the credit accounts it purchases.

10.     Under those circumstances, in Virginia, Midland Funding, LLC, could not properly provide an affidavit on personal knowledge regarding the actual underlying account and debt. It would not possess such personal knowledge without the ability to at least review the underlying documents. Without that personal knowledge, Midland Funding, LLC could not obtain a return date default judgment against a consumer on such a debt.

11.     I have reviewed the attached affidavit from a Midland Funding, LLC case. In it the affiant states: "I have access to and have reviewed the records pertaining to the account" and that "I am familiar with the manner and method by which MCM creates and maintains its business records." As a Virginia Judge, I would likely have interpreted these representations and the others in the affidavit to mean that the affiant had actually seen the substantive records for that account – the application, account history, payments and charges. I would not conclude that this means only that the Midland affiant merely reviewed an electronic screen like that attached to the affidavit that listed the account sold date and balance purchased amount.

12.     If Midland Credit Management, Inc.'s affiant instead stated, "I have reviewed an electronic screen that listed the account sold date and balance purchased amount" and nothing more, such a statement would not have supported a General District Court claim for default judgment by affidavit. The creditor debt buyer could not lawfully obtain judgment against the debtor in Virginia based on such an affidavit.

13.   I have also reviewed a brief styled, "Brief Amicus Curiae of the Attorneys General of New York [and other states]" in the case styled the same as my declaration.  In that brief, the Attorneys General stated:

> It has been alleged that Defendants possess only an electronic  file for each alleged debtor and do not have the ability to generate affidavits attesting to the amount or validity of the debt based on personal knowledge.  If this is the case, then Defendants would not be able to sustain a default judgment obtained against the vast majority of class members.

I agree that this is a true and correct statement, as it would pertain to Virginia procedure and law.

_____

I declare under penalty of perjury of the laws of the United States that the foregoing is correct.

Signed this   8th day of July, 2011.

Gammiel G. Poindexter

MIDLAND FUNDING LLC,

    Plaintiff

   -vs-                      AFFIDAVIT OF KRISTINE DREWS

Myers, Irene,

    Defendant(s).

---

    Kristine Drews, whose business address is 16 McLeland Rd Suite101, St. Cloud, MN 56303, certifies and says:

1.    I am employed as a Legal Specialist and have access to pertinent account records for Midland Credit Management, Inc. ("MCM"), servicer of this account on behalf of plaintiff. I am a competent person over eighteen years of age, and make the statements herein based upon personal knowledge of those account records maintained on plaintiff's behalf. Plaintiff is the current owner of, and/or successor to, the obligation sued upon, and was assigned all the rights, title and interest to defendant's WASHINGTON MUTUAL BANK account 4185864701729020 (MCM Number 8530554637) (hereinafter "the account"). I have access to and have reviewed the records pertaining to the account and am authorized to make this affidavit on plaintiff's behalf.

2.    I am familiar with the manner and method by which MCM creates and maintains its business records pertaining to this account. The records are kept in the regular course of business. It was in the regular course of business for a person with knowledge of the act or event recorded to make the record or data compilation, or for a person with knowledge to transmit information thereof to be included in such record. In the regular course of business, the record or compilation is made at or near the time of the act or event. The relevant financial information concerning the account includes the following:

3.    The account shows that the defendant(s) owe(s) a just and true balance of $1135.41; and plaintiff or authorized agent of plaintiff seeks interest and a reasonable attorney's fee, if applicable.

---

AFFIDAVIT OF KRISTINE DREWS - 1





4.      Upon information and belief, this action is based upon a revolving credit agreement entered into between defendant(s) and the original credit grantor. Upon information and belief, pursuant to the agreement, defendant(s) agreed to pay monthly installments to the original credit grantor for all goods and/or services and/or cash advances. Upon information and belief, defendant(s) used or authorized the use of the credit card account to obtain loans from the original credit grantor for the purpose of obtaining goods and/or services and/or cash advances but failed to make the payments due pursuant to the agreement.

5.      If called to testify as a witness thereon, I could and would competently testify as to all the facts stated herein.

       I certify under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge.

_____NOV 1 6 2009_____          

Date

Kristine Drews

STATE OF MINNESOTA

COUNTY OF STEARNS

Signed and sworn to (or affirmed) before me on   NOV 1 6 2009   by Kristine Drews.

Notary Public

My commission expires:_____

Shelly Ludwig
(Seal) Notary Public-Minnesota
My Commission Expires Jan. 31, 2013

VA121

Dominion Law Associates

AFFIDAVIT OF KRISTINE DREWS - 2


8530554637


AFFRECORD


17-10823-0

```
Date:  4/12/10 10/12/09   182        SUMMARY SCREEN        628,360      4.
       File #: 17-10823-0                 FIN N02 PMK E1 Collection  Active
       7600-09: Midland Funding LLC            4185864701729020
1. Name..: Myers           F/N: Irene              Jr/Sr:
6. Addr 1: 103 HAMILTON CT                  Phone.: 540-868-2268
   Addr 2:                          MR:   X-Ref#: 00000      Next #: 99390
   City..: STEPHENS CITY   VA 22655  127   Link #: 00000      Next #: 82737
2. Empler: NOne                         5. Status: SP Invalid Status Code
   Addr 1:                                 Ph (B): 7036485867           P2P
   Addr 2:                                 Ver...:  0/00/00             IN
   City..:                                 Gar OK:   Mdse Val:          .00
   Attny.:                                 Attny#:
3. Alt...: N  Alt B/I:                     F/Loc.:
   Comm..:                                 Spouse:
L/Act: MDW  3/29/10 Suit:         RtnDt:  6/10/10        .00   Garn:  0/00/00
                                                        Credit Score:000
     PRINCIPAL     INTEREST      A/FEES  GD/COST    NET BAL  O/COST      TOTAL
C    1,135.41          .00         .00      .00    1,135.41     .00    1,135.41
P         .00          .00         .00      .00         .00     .00         .00
B    1,135.41          .00         .00      .00    1,135.41     .00    1,135.41
L/Py  9/03/08        30.00   Lst Int   2/27/09
                             Rate   .000%
Send Letter Int Calc Text (Chk) View                    Other       PAymt Plan
List R/List Misc His Debtor  Co-Deb  Next PRint <RETURN> Update WP-Rv Quit
```