# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| MARTHA VASSALLE, <br> 1426 Lindsley Street <br> Sandusky, Ohio 44870 <br><br> and <br><br> JEROME JOHNSON <br> 1601 North Larchmont Drive <br> Sandusky, Ohio 44870 <br><br>    Plaintiffs, <br><br> vs. <br><br> MIDLAND FUNDING, LLC <br> 8875 Aero Drive <br> San Diego, California 92123 <br><br> and <br><br> MIDLAND CREDIT MANAGEMENT, INC. <br> 8875 Aero Drive <br> San Diego, California 92123 <br><br> and <br><br> ENCORE CAPITAL GROUP, INC. <br> 8875 Aero Drive <br> San Diego, California 92123 <br><br>    Defendants | Case No. 3:11-cv-0096, N.D. Ohio <br><br> HON. DAVID A. KATZ <br><br> **And Related Cases:** <br> Case No. 3:08-cv-1434, N.D. Ohio <br> Case No. 3:10-cv-0091, N.D. Ohio <br> Case No. 3:11-cv-1332, N.D. Ohio <br><br> **DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO SHOW CAUSE WHY CLASS MEMBERS SHOULD NOT BE ENJOINED FROM PROCEEDING WITH PARALLEL LITIGATION AGAINST DEFENDANTS** |

**COME NOW** Defendants Encore Capital Group, Inc. ("Encore"), Midland Funding, LLC ("Midland Funding") and Midland Credit Management, Inc. ("MCM") (collectively, "Defendants"), by and through their undersigned counsel, and hereby file this Motion to Show Cause why class members Betty Gladden, Clyde Hill, Nikki Newcomb, Frances Seals and Joel Lill (collectively, "Plaintiffs") should not be enjoined from proceeding with their lawsuits in direct contravention of the permanent injunction entered by this Court in *Vassalle v. Midland Funding, et al.*, Case No. 3:11-cv-0096, N.D. Ohio. In support of their Motion, Defendants state as follows:

## I. INTRODUCTION

Despite filing claim forms or failing to timely opt-out, indicating that they wished to be included in the nationwide *Vassalle* class action settlement pending in this Court, Plaintiffs improperly filed lawsuits against the same Defendants, on the same issues, and seek similar relief in the U.S. District Court for the Northern District of Alabama. As this Court is aware, Plaintiffs are prohibited from proceeding any further in their actions because they are barred by a permanent injunction entered in the *Vassalle* case from filing any additional lawsuits against Defendants on the same facts that form the foundation for the *Vassalle* class settlement. The Alabama courts have acknowledged this and issued orders staying these actions while Defendants seek enforcement of this Court's injunction. Exhibit A. Thus, Defendants request an order from this Court barring Plaintiffs from proceeding with their individual cases against Defendants.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. The *Vassalle* Class Action Settlement.

On August 12, 2011, this Court issued an order approving the settlement of several nationwide class action lawsuits, each of which was related *Martha Vassalle v. Midland*

1

*Funding, et al,* No. 3:11-cv-0096 (N.D. Ohio). *See Vassalle*, Doc. 160. The approval of the class action settlement was the culmination of three years of litigation over affidavits used by Midland Funding in its collection lawsuits against debtors. *See id.* at 2.

Earlier, this Court granted the *Vassalle* parties' motion for preliminary approval of the class settlement on March 11, 2011. *See Brent*, Doc. 111; *Franklin*, Doc. 25; *Vassalle*, Doc. 7. This Court also found that the proposed nationwide class met all of the requirements for class certification and approved the form of notice. *Brent*, No. 3:08-cv-01434-DAK, Doc. 164, p. 11. This Court gave class members until June 1, 2011, to submit a claim form, request for exclusion, or an objection to the proposed settlement. *Id.* Further, this Court also granted the motion for a preliminary injunction against parallel litigation. *Id.*

B. **Class Action Notice and the Claims Administrator.**

As part of its preliminary approval of the *Vassalle* class settlement, the court approved Class Action Administration ("CAA") as the Claims Administrator and CAA sent a copy of the Class Notice and Claim Form to each potential class member. *Id.* Out of a class of 1.4 million, more than 133,000 filed claim forms, while 4,262 opted out and 61 filed objections. *Id.* A copy of the Class Notice was also published in the *USA Today* on April 18 and April 21, 2011, and there was a website established to provide class members with information at www.BrentSettlement.com. *Id.* at 11-12. CAA established a toll-free interactive voice response system to provide answers to questions and callers could also speak to a live operator. *Id.* Class members who wanted additional information could contact CAA through email on the settlement website. *Id.*

C. ***Vassalle* Class Action Settlement Approval and Injunction.**

As noted above, on August 12, 2011, this Court approved the class action settlement for all three of the above-referenced cases based upon arguments heard in the fairness hearing on

2

July 11, 2011. *Id.* at 1. The Court first approved certification of the proposed nationwide class. *Id.* at 17-20. The court then found that the settlement was fair, reasonable, and adequate. *Id.* at 24-33.

As part of the *Vassalle* class settlement, this Court also issued an injunction for all related matters, stating:

> The Court hereby permanently enjoins and restrains all class members who did not duly request exclusion from the class in the time and manner provided for in the Class Notice from commencing or prosecuting any action, suit, claim or demand against any of the parties released by virtue of the Settlement Agreement arising out of or related to the released parties' use of affidavits in debt collection lawsuits.

*Id.* at 34. While the Court's August 12, 2011, Order approving the settlement has been appealed to the Sixth Circuit Court of Appeals, no stay has been requested in the underlying matter and the injunctions entered by this Court are valid.

### D. The Gladden, Hill, Newcomb, Seals, and Lill Cases.

On June 30, 2011, Plaintiff Newcomb filed a class action against Defendants. *See Newcomb v. Encore Capital Group, Inc., et al.,* No. 3:11-cv-02383-AKK, Complaint, Doc. 1, June 30, 2011. Later, Plaintiff Newcomb amended her Complaint to bring only an individual action against the Defendants. *Newcomb v. Encore Capital Group, Inc., et al.,* No. 3:11-cv-02383-AKK, Amended Complaint, Doc. 10, Oct. 17, 2011.

The *Newcomb* action against the Defendants, was followed by actions brought by Plaintiffs Gladden, Hill, Seals, and Lill. *See*, *Gladden v. Encore Capital Group, Inc., et al.,* No. 2:11-cv-03880-RDP, Complaint, Doc. 1, filed Nov. 10, 2011; *Hill v. Encore Capital Group, Inc., et al.,* No. 2:11-cv-03282-WMA, Complaint, Doc. 1, filed Sept. 12, 2011.; *Seals v. Encore Capital Group, Inc., et al.,* No. 2:11-cv-03283-RDP, Complaint, Doc. 1, filed Sept. 12, 2011.,

3

and *Lill v. Encore Capital Group, Inc., et al.*; No. 5:11-cv-03887-AKK, Complaint, Doc. 1, filed November 18, 2011.

Plaintiffs Hill and Newcomb failed to file an opt-out form or opt-out letter; indeed, they affirmatively indicated their desire to be included in the *Vassalle* settlement by filing claim forms. Exhibit B, and Exhibit 1 to Pohl Declaration.

In a veiled attempt to explain why she chose to proceed in direct contravention of the permanent injunction that bars her lawsuit, Plaintiff Gladden attached her supposed opt-out letter to her amended complaint. *See Gladden v. Encore Capital Group, Inc., et al.,* No. 2:11-cv-03880-RDP, Amended Complaint, Doc. 7-1, filed Dec. 8, 2011, p. 12. The same is true for Plaintiff Lill, *infra*.

Finally, Plaintiff Seals did not return an opt-out form or opt-out letter and did not provide any evidence whatsoever to support her claim that she opted out of the *Vassalle* class in her Complaint. *See Seals v. Encore Capital Group, Inc., et al.,* No. 2:11-cv-03283-RDP, Plaintiff's Response to Defendants' Motion for Order to Show Cause or, in the Alternative, Motion to Stay Proceedings, Doc. 18, filed Dec. 12, 2011.] Later, Seals provided an affidavit [Doc. 18-1, p. 1-2.] and a blank example of the letter she supposedly sent [Doc. 18-1, p. 3].

### E. The Northern District of Alabama Stays Plaintiffs' Lawsuits.

The Northern District of Alabama has stayed the *Gladden*, *Hill*, *Newcomb*, and *Seals* actions pending the Court's resolution of this matter.[1] *Gladden v. Encore Capital Group, Inc., et al., Text Order,* No. 2:11-cv-03880-RDP, Doc. 19 (N.D. Ala. Jan. 30, 2012); *Hill v. Encore Capital Group, Inc., et al.,* Order, No. 2:11-cv-03282-WMA , Doc. 18 (N.D. Ala. Feb. 13,

---

[1] The court in *Lill* indicated to counsel during a conference call that it would grant the stay motion filed by Defendants on January 3, 2012, but has not yet issued an order. It is the same judge as has ruled in *Newcomb*, *supra*.

4

2012*); Newcomb v. Encore Capital Group, Inc., et al.,* Order, No. 3:11-cv-02383-AKK , Doc. 19 (N.D. Ala. Feb. 9, 2012)*; Seals v. Encore Capital Group, Inc., et al.,* Text Order, No. 2:11-cv-03283-RDP, Doc. 23 (N.D. Ala. Jan. 31, 2012).

In granting Defendants' Motion to Stay, the court in *Newcomb* stated the following:

**The court finds that Newcomb failed to sufficiently opt-out of the Brent class settlement but defers to the Northern District of Ohio since it rendered the permanent injunction at issue.** In deferring to the rendering court, this court notes that "the testimony of a class member, without some documentary proof of mailing, will seldom, if ever, be sufficient to meet the burden of showing a timely request to opt out." *In re Worldcom (Worldcom I*), No. 02 Civ. 3288 (DLC), 2005 WL 1048073, at *4 (S.D.N.Y. May 5, 2005). Indeed, other district courts have found that an affidavit from the plaintiff and a copy of the opt-out letter are not enough to prove a timely exclusion from the class. Rather, courts generally require "proof of mailing to substantiate a class member's claim to have timely opted out of the class action." *See In re Worldcom (Worldcom II*), No. 02 Civ. 3288 (DLC), 2005 WL 2560374, at *1 (S.D.N.Y. Oct. 12, 2005). In Managed Care, the Southern District of Florida considered a factually similar opt-in/opt-out notice form, and a Plaintiff submitting an affidavit that he timely mailed a letter to the Class Administrator. The court held a "presumption of mailing" could only be maintained if "(1) the document was properly addressed; (2) the document was stamped; and (3) the document was mailed." Managed Care, No. 00-1334-MD, 2008 WL 2944897, at *4 (S.D. Fla. July 24, 2008) (quoting *Barnett v. Okeechobee Hosp.*, 283 F.3d 1232, 1237 (11th Cir. 2002)). Without documentary proof of mailing, the testimony of a class member "will seldom, if ever, be sufficient to meet the burden of showing a timely request to opt out." Id.

Finally, the policy reasons behind such an approach are readily apparent. "Finding the testimony of a class member sufficient to warrant exclusion from the class invites false claims of mailing. Without a requirement of documentary corroboration of a class member's efforts to opt out[,] scores of individual credibility determinations may be necessary. There is no inequity in the imposition of a requirement of documentary corroboration." *Id. See also In re Prudential-Bache Energy Income P'ships Sec. Litig.,* No. MDL 888, 1995 WL 263879, at *2 n.1 (E.D. La. May 4, 1995) (suggesting that a receipt from the postal service could satisfy the additional documentary evidence requirement).

Here, Newcomb offers no evidence showing that her letter, or the envelope supposedly mailed, were properly addressed, stamped, or mailed. Instead, all the court has is Newcomb's affidavit—which the case law clearly establishes is insufficient to demonstrate proof of mailing. Absent proof, Defendants' contention that Newcomb is seeking to violate the Brent injunction has some validity.

*Newcomb v. Encore Capital Group, Inc., et al.*, Order, No. 3:11-cv-2383-AKK (N.D. Ala. Feb. 9, 2012) (emphasis added). Exhibit A (also including show cause Order in *Gladden*, which relies upon the *Newcomb* Order).

Thus, Defendants request an order from this Court requiring the Plaintiffs to explain why they have chosen to proceed in direct contravention of the permanent injunction that bars their respective lawsuits.

### III. ARGUMENT

It is axiomatic that the impetus for defendants to settle class action suits is the finality of the litigation. *See O'Brien v. Nat'l Property Analysts Partners*, 739 F. Supp. 896, 900 (S.D.N.Y. 1990) (recognizing that a court must balance the policy in favor of hearing a litigant's claims on the merits with the policy in favor of finality); *see also In re Prudential Securities Inc. Ltd. Partnerships Litigation*, 164 F.R.D. 362, 371 (S.D.N.Y. 1996) ("Defendants would be loath to offer substantial sums of money in compromise settlements of class actions unless they can rely on the notice provisions of Rule 23 to bind class members."); *Burns v. Elrod*, 757 F.2d 151, 155 (7th Cir. 1985) ("Defendants are entitled to some certainty in their settlement liability . . . ."); *In re Four Seasons Secs. Laws Litig.*, 60 F.R.D. 598, 602 n. 10 (W.D. Okla. 1973) ("The notice provisions of Rule 23 . . . are designed to provide due process and, at the same time, achieve finality in class litigation."). The Sixth Cicuit has also made clear that the district court has wide discretion in overseeing the class settlement opt-out process. *Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 353-55 (6th Cir. 2009).

Allowing Plaintiffs to proceed with their claims would undermine the very purpose of class action litigation, as well as this Court's orders in *Vassalle*. As a result, this Court should issue an order enjoining the Plaintiffs Gladden, Hill, Newcomb, Lill, and Seals from proceeding

6

with their lawsuits, in direct contravention of the permanent injunction issued as part of the *Vassalle* class action settlement.

> A. **Plaintiffs Hill and Newcomb Filed a Claim Form in the *Vassalle* Class Action Case and, Therefore, Should Be Required to Show Cause as to Why They Have Initiated Their Lawsuits in Direct Contravention of the Permanent Injunction.**

Plaintiffs cannot enjoy the benefits of being members of the *Vassalle* class action lawsuit and, at the same time, bring separate lawsuits that are in direct violation of the permanent injunction issued by this Court. Attached hereto as Exhibit A is the Declaration of Matthew E. Pohl, who is the President of CAA. [*See* Ex. B, Declaration of Matthew E. Pohl (hereinafter, "Pohl Dec.").] As stated above, CAA was appointed by this Court as Claims administrator in the *Brent*, *Franklin*, and *Vassalle* cases. *See Brent*, No. 3:08-cv-01434-DAK, Doc. 164, p. 11. As explained both in Mr. Pohl's declaration and this Court's opinion approving the settlement, CAA was responsible for sending a copy of the Class Notice and Claim Form and was responsible for maintaining a database with entries for each class member that filed a claim or opted out of the class action settlement. [Ex. B, Pohl Dec., ¶¶ 4-5.] *See Brent*, No. 3:08-cv-01434-DAK, Doc. 164, pp. 11-12.

Pohl's declarations contain the following information about Plaintiff Hill:

> 6. A thorough review of claim forms and opt-out letters submitted in relation to the class action lawsuits listed above reveals that Clyde Hill, 7080 Bradford Road, Bessemer, Alabama, 35020, has not returned an opt-out form or opt-out letter indicating that he does not want to be included in the class.
>
> 7. On May 6, 2011, CAA received a claim form (Exhibit A) from Mr. Hill on which the option to be included in the settlement was checked.
>
> 8. The deadline for submitting a postcard form or letter to opt-out of the class action lawsuits has passed.

[Ex. B, Pohl Dec., ¶¶ 6-8, Ex. 1 to Ex. A]

In regard to Plaintiff Newcomb, Pohl's Declaration provides:

7

> 6. A thorough review of the claim forms submitted in relation to the class action lawsuits listed above [*Brent, Vassalle, and Franklin*] reveals that Nikki L. Newcomb, 2329 Chisholm Road, Florence, Alabama, 35360, submitted a claim form indicating that she wished to be included in the class action settlement. (A true and correct copy of the *Brent v. Midland* claim form submitted by Nikki L. Newcomb is attached hereto as Exhibit 1.)
>
> 7. A thorough review of the database of opt-outs and opt-out letters received by CAA in relation to the class action lawsuits listed above reveals that Nikki L. Newcomb has not returned an opt-out postcard or opt-out letter indicating that she does not want to be included in the class. The deadline for submitting a postcard or letter opting out of the class action lawsuits has passed.

[Ex. B, Pohl Dec., ¶¶ 6-7, Ex. 1 to Ex. B]

Despite failing to opt-out, and therefore, participating in the class action settlement, Plaintiffs each filed another lawsuit against Defendants. This is improper. When a plaintiff asserts claims against a party that was released in a class action settlement that is protected by a permanent injunction in a class action order, the proper course is for the defendant claiming protection to file a motion to show cause. *See Thomas v. Blue Cross and Blue Shield Ass'n*, 594 F.3d 814, 821-22 (11th Cir. 2010).

There is no question that the claims of Hill and Newcomb in the instant case are precluded based on the language of this Court's injunction. The injunction enjoins and restrains all class members who did not duly request exclusion from "commencing or prosecuting **any action, suit, claim or demand against any of the parties released by virtue of the Settlement Agreement arising out of or related to the released parties' use of affidavits in debt collection lawsuits**." *See Brent*, No. 3:08-cv-01434-DAK, Doc. 164, p. 34 (emphasis). In the instant case, paragraph 15 of Plaintiffs' Complaints provides a summary of their claims in their respective cases:

> 15. Instead of providing actual admissible evidence of the proof required in a breach of contract lawsuit, the Defendants hire employees as "Robo-signers". The Robo-signers sign several hundred affidavits a day falsely claiming that they are a business records custodian with personal knowledge of the facts. They

8

>falsely claim in the affidavit knowledge of the assignment(s) of the debt, the amount of the debt, the interest rate, the default date of the debt, the alleged credit card terms and conditions, and the record keeping procedures of every bank in America.

[*See* Doc. 1, Hill Complaint, ¶ 15; Doc. 10, Newcomb Amended Complaint, ¶ 15.] Plaintiffs' Complaints then contains numerous factual allegations addressed solely to the validity of the affidavit submitted by Midland Funding in its state court collection action filed against Plaintiff. [*See id.*, ¶¶ 23-32.] Moreover, Plaintiff cites to the *Brent* Summary Judgment decision, appearing to draw similarities between her affidavit and the affidavit in *Brent*. [*See id.*, ¶¶ 31, 33.] Thus, there is no question that the instant lawsuit involves allegations that are nearly identical to those submitted in *Brent*.

### B. Plaintiffs Gladden, Seals, and Lill Did Not Opt-Out in the *Brent* Class Action Case and, Therefore, Should Be Enjoined From Pursuing Their Individual Lawsuits in Direct Contravention of the Permanent Injunction.

As stated above, CAA was appointed by this Court as Claims administrator in the *Brent*, *Franklin*, and *Vassalle* cases. *See Brent*, No. 3:08-cv-01434-DAK, Doc. 164, p. 11. As explained above, CAA was responsible for sending a copy of the Class Notice and Claim Form and was responsible for maintaining a database with entries for each class member that filed a claim or opted out of the class action settlement.

Pohl's declaration contains the following information about Plaintiff, Betty Gladden:

>6. A thorough review of the database of postcards and opt-out letters submitted in relation to the class action lawsuits listed above reveals that Betty Gladden, 6531 Chrissy Drive, Pinson, AL, 35126, has not returned an opt-out form or opt-out letter indicating that she does not want to be included in the class. The notice mailed to this address was not returned as undeliverable.

>7. The deadline for submitting a claim form or letter to opt-out of the class action lawsuits has passed.

[Ex. B, Pohl Dec., ¶¶ 6-7.]

9

And in regard to Plaintiff Seals, Pohl's Declaration provides:

> 6. A thorough review of the database of opt-out forms and letters submitted in relation to the class action lawsuits listed above reveals that Frances Seals, 4204 10th Ave., Birmingham, Alabama, 35224, has not returned an opt-out form or opt-out letter indicating that she does not want to be included in the class. The deadline for submitting a claim form or letter to opt-out of the class action lawsuits has passed.

[Ex. B, Pohl Dec., ¶ 6.]

Finally, with regard to Plaintiff Lill, Pohl's Declaration provides:

> 6. A thorough review of the database of postcards and opt-out letters submitted in relation to the class action lawsuits listed above reveals that Joel Lill, 10387 US Highway 31, Hanceville, AL 35077, has not returned an opt out form or opt-out letter indicating that he does not want to be included in the class. The notice mailed to this address was not returned as undeliverable.

[Ex. B, Pohl Dec., ¶6.]

### 1. Plaintiffs Fail to Meet Their Burden of Proving a Timely Request for Exclusion from the *Brent* Class.

Another issue here is whether some of the Plaintiffs provided adequate evidence that they opted out of the *Brent* class. Plaintiffs Gladden, Seals, and Lill provided a copy of a supposed opt-out letter, yet failed to provide any proof of a timely exclusion. Plaintiff Gladden, Seals and Lill's letters indicate their intent to opt-out of the *Brent* class settlement, but provides no proof of mailing. As noted by the court in *Newcomb* [Exhibit A], the copy of the letter is insufficient to meet Plaintiff's burden of proving a timely exclusion.

Federal courts have found "the testimony of a class member, without some **documentary proof of mailing**, will seldom, if ever, be sufficient to meet the burden of showing a timely request to opt out." *In re Worldcom, Inc. Sec. Litig. (Worldcom I),* No. 02 Civ. 3288 (DLC), 2005 WL 1048073 at *4 (S.D.N.Y. May 5, 2005) (emphasis added); *see e.g., In re Prudential-Bache Energy Income P'ships Sec. Litig.,* No. MDL 888, 1995 WL 263879 at *2 (E.D.La. May

10

4, 1995). The U.S. District Court for the Southern District of Florida in *In re Managed Care Litigation* (hereinafter "*Managed Care*"), was faced with the same issue presented here: "whether [the plaintiff] . . . timely opted out of the . . . class." *See* No. 00-1334-MD, 2008 WL 2944987 at *2 (S.D. Fla. July 24, 2008). As support for his argument that he opted out of the class, the plaintiff in *Managed Care* produced a copy of his supposed opt out letter, a personal affidavit, and an affidavit from his office manager to corroborate his contention that the opt out letter was mailed. *Id.* at *2-3. The court held that **a copy of the opt-out letter and an affidavit from the plaintiff was not enough to prove he timely opted out**. *Id.* Therefore, the court found the plaintiff was a class member bound by the injunction. *Id.*[2]

The reasoning supporting the documentary evidence requirement was set forth by the U.S. District Court for the Southern District of New York in *Worldcom I*. There, the court stated:

> To allow a party's testimony alone to establish an effort to opt out would set a troubling precedent in this enormous class action litigation . . . . Finding the testimony of a class member sufficient to warrant exclusion from the class invites false claims of mailing. **Without a requirement of documentary corroboration of a class member's efforts to opt out scores of individual credibility determinations may be necessary**. There is no inequity in the imposition of a requirement of documentary corroboration . . . .

---

[2] The *Managed Care* court is not alone in its holding that documentary evidence is required to establish that a party opted out of a class. In *Worldcom I*, the court explained that in the case of a dispute regarding an effective opt-out, "**the practicalities of class action administration require that the burden be on the class member to establish that he or she made a sufficient effort to communicate an intent to opt out through the appropriate channels**." *Worldcom I,* 2005 WL 1048073, at *4 (emphasis added); *see also Four Seasons Sec. Laws Litig.*, 493 F.2d 1288, 1291 (10th Cir. 1974). There, the court held that the plaintiff's testimony and evidence of his intent to opt-out was insufficient to prove timely exclusion. W*orldcom I,* 2005 WL 1048073, at *4. The court went on to say that even if the plaintiff had provided a copy of the completed exclusion form along with his testimony it would not have been enough to meet his burden and establish a timely exclusion. *Id.* at *4-5.

11

*Worldcom I,* 2005 WL 1048073, at *5; *see also In re Worldcom, Inc. Sec. Litig. (Worldcom II),* No. 02 Civ. 3288, 2005 WL 2560374 at *2 (S.D.N.Y. Oct. 12, 2005) (finding that the plaintiff did not meet his burden of establishing timely exclusion with copies of his exclusion form and testimony that he timely mailed the claim form as "unnotarized forms and letters should be given little evidentiary weight in determinations like this one, because they are easily falsified."); *see also In re Prudential-Bache Energy Income P'ships Sec. Litig.*, 1995 WL 263879, at *2 (emphasis in original) (the plaintiff must provide, beyond a simple affidavit, "some *additional* proof that the opt-out form properly completed was mailed in a timely manner . . . .").

Here, Plaintiffs Gladden, Seals and Lill have failed to provide sufficient documentary proof to meet the burden of showing a timely request to opt-out. As explained in *Worldcom I*, documentary proof of mailing is required to prove a timely exclusion. In *Managed Care* and *Worldcom II*, a copy of the opt-out letter **and** an affidavit from the plaintiff was not enough to prove a timely exclusion. Here, Plaintiffs Gladden and Lill have only a copy of the alleged opt-out letter, and Plaintiff Seals has not provided any documentary evidence whatsoever, other than an unsigned letter. As in *Prudential-Bache*, *Worldcom I, Worldcom II,* and *Managed Care*, because any other finding would invite false claims of mailings, Plaintiffs must provide additional proof—some documentary evidence of mailing beyond an unnotarized form or letter and an affidavit—to meet the burden of showing a timely request for exclusion. **Plaintiffs have failed to do so.**

> **2. Plaintiffs Gladden and Lill's Alleged Mailings Are Not Entitled to a Presumption of Receipt Because the "Mailbox Rule" Does Not Apply.**

By supplying only a copy of her opt-out letter, Plaintiff implies that it creates a presumption of receipt of her supposedly timely exclusion. However, **the "mailbox rule" does not apply and Plaintiff is not entitled to any presumption of mailing.**

12

Federal courts have held that three facts must be shown to create a presumption of receipt of a mailing: "(1) the document was properly addressed; (2) the document was stamped; and (3) the document was mailed." *Barnett v. Okeechobee Hospital,* 283 F.3d 1232, 1240 (11th Cir. 2002); *see also Managed Care,* 2008 WL 2944987, at *3; *Spencer v. U.S. Postal Serv.*, 2007 U.S. Dist. LEXIS 64568, at *8 (N.D. Fla. Aug. 31, 2007). In *Barnett v. Okeechobee Hospital*, the plaintiff provided copies of the original letter, copies of the postage-paid "business reply mail" envelope he used, and a statement declaring he timely mailed the document. *Barnett*, 283 F.3d at 1236. That court found because the statement was accompanied by the copy of the envelope proving proper postage and proper address it was enough to create a presumption of receipt. *Id.* at 1240.

Federal courts have since applied *Barnett* to class action exclusions in cases virtually identical to the instant case. In particular, in *Managed Care*, the court applied the *Barnett* factors to determine whether a plaintiff was entitled to a "mailbox rule" presumption. 2008 WL 2944897, at *4. There, the notice to class members describing the opt-out methods required only that a request be postmarked by a certain date and did not address the class administrator's actual receipt of the mailing. *Id.* at *2. The plaintiff provided the court a copy of his opt-out letter, his own affidavit swearing the document was properly addressed, had proper postage, and was mailed prior to the deadline, and a corroborating affidavit from his front office administrator swearing the exclusion was timely mailed. *Id.* at *4. The court found this evidence failed to satisfy the *Barnett* test because it was insufficient to prove that "the Opt Out letter was properly stamped, properly addressed, and timely mailed." *Id.* at *4. The court held the plaintiff was not entitled to the "mailbox rule" presumption of receipt absent additional documentary evidence, such as "a copy of the envelope, or any other proof of mailing." *Id.* at *4-5. Therefore, the court

13

found the plaintiff was bound by the class action injunction and prohibited from prosecuting any state court claim against the defendant. *Id.* at *5-6.

Here, Plaintiffs have no evidence showing their letters were properly addressed, stamped, or mailed. Unlike in *Barnett*, Plaintiffs have failed to produce a copy of the mailed envelope to demonstrate either paid postage or an accurate address. In short, this case is identical to *Managed Care*. Like *Managed Care*, notice to potential *Vassalle* class members required only a postmark by a certain date with no mention of actual receipt of the mailing. Thus, as in *Managed Care*, Plaintiffs' evidence is insufficient to satisfy the *Barnett* test which requires proof that her exclusion "was properly stamped, properly addressed, and timely mailed." Finally, just as in *Managed Care*, **Plaintiffs are not entitled to the "mailbox rule" presumption of receipt and should show cause as to why she should not be bound as *Vassalle* class member to the injunction and be prohibited from prosecuting this state court claim.**

## IV. CONCLUSION

Based on the foregoing, Defendants request that this Court issue an order enjoining the Plaintiffs from proceeding with their lawsuits in violation of the binding permanent injunction issued by this Court, to which Plaintiffs are parties, along with any other relief that this Court deems appropriate.

Date: April 2, 2012　　　　　　　　　　　　　Respectfully Submitted:

　　　　　　　　　　　　　　　　　　　　　　*/s/ Theodore W. Seitz*
　　　　　　　　　　　　　　　　　　　　　　Theodore W. Seitz
　　　　　　　　　　　　　　　　　　　　　　Gary P. Gordon (admitted ***Pro Hac Vice***)
　　　　　　　　　　　　　　　　　　　　　　Dykema Gossett PLLC
　　　　　　　　　　　　　　　　　　　　　　Capitol View
　　　　　　　　　　　　　　　　　　　　　　201 Townsend Street, Suite 900
　　　　　　　　　　　　　　　　　　　　　　Lansing, MI 48933
　　　　　　　　　　　　　　　　　　　　　　Tele: (517) 374-9149
　　　　　　　　　　　　　　　　　　　　　　tseitz@dykema.com

*Counsel for Defendants Midland Funding, LLC, Midland Credit Management, Inc. and Encore Capital Group, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 2, 2012, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to counsel of record. I hereby certify that I have mailed by United States Postal Service the same to any non-ECF participants, including the following individuals.

Ronald C. Sykstus
Bonds, Botes, Sykstus, Tanner & Ezzell, P.C.
225 Pratt Avenue
Huntsville, Alabama 35801

Penny Hays Cauley
Hays Cauley, P.C.
549 West Evans Street, Suite E
Florence, South Carolina 29501

                                                */s/ Theodore W. Seitz*
Theodore W. Seitz
Gary P. Gordon (admitted ***Pro Hac Vice***)
Dykema Gossett PLLC
Capitol View
201 Townsend Street, Suite 900
Lansing, MI 48933
Tele: (517) 374-9149
tseitz@dykema.com

LAN01\258313.1
ID\TWS - 097356/0097