# Exhibit A

FILED
2012 Feb-09 PM 02:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION**

**NIKKI NEWCOMB,**

Plaintiff,

**vs.**

**ENCORE CAPITAL GROUP, INC., et al.,**

Defendants.

Civil Action Number
**3:11-cv-2383-AKK**

**ORDER**

Before the court is Encore Capital Group, Inc. ("Encore"), Midland Funding, LLC ("Midland Funding") and Midland Credit Management, Inc. ("MCM") (collectively "Defendants") motion for Plaintiff Nikki Newcomb ("Newcomb") to show cause "why she has initiated this lawsuit in direct contravention of the permanent injunction entered in *Midland Funding, LLC v. Brent*, No. 3:08-cv-1434, Doc. 164 (N.D. Ohio Aug. 12, 2011)" or, in the alternative, "that this Court stay the instant proceedings while Defendants seek relief from the U.S. District Court for the Northern District of Ohio." Doc. 13. Newcomb responded to the motion and outlined her reasons for filing this action. Therefore, the primary request for a show cause order is moot. As to the alternative relief, because the court believes that Newcomb's suit may violate the *Brent* injunction, a stay is warranted to allow the *Brent* court to address this

matter. *See Stiller v. Hardman*, 324 F.2d 626, 628 (2d Cir. 1963) ("Violation of an injunctive order is cognizable in the court which issued the injunction, regardless of where the violation occurred."); *Employers Ins. of Wausau v. First State Ins. Group*, 324 F. Supp. 2d 333, 337 (D. Mass. 2004) ("[T]he court which issues an injunction is the only one with authority to enforce it."). Accordingly, for the reasons stated herein, the court **STAYS** the above styled action for ninety (90) days to afford Defendants an opportunity to seek relief in the United States District Court for the Northern District of Ohio.

This case arises from litigation against Midland Funding and its affiliates regarding their use of affidavits in collection lawsuits against debtors. *See* doc. 1, at 4-5. Prior litigation based on this theory of liability culminated with the approval of a class action settlement in the Northern District of Ohio. *See* doc. 13, at 3; *Midland Funding, LLC v. Brent*, No. 3:08-cv-1434, Doc. 164 (N.D. Ohio Aug. 12, 2011). This settlement agreement applied to "[a]ll natural persons (a) sued in the name of Encore Capital Group, Inc., Midland Funding, LLC, Midland Credit Management, Inc., or any other Encore and/or Midland-related entity (collectively, 'Midland'), (b) between January 1, 2005 and the date the Order of Preliminary Approval of Class Action Settlement is entered by the Court, (c) in any debt collection action in any court (d) where an affidavit attesting to facts about the underlying debt was used by Midland in connection with the debt collection lawsuit." Doc. 13-1, at *8-9 (*Brent*, No. 3:08-cv-1434, doc. 164, at *8-9 (N.D. Ohio Aug. 12, 2011)). In approving the class settlement, the Northern

District of Ohio also entered a permanent injunction stating "[t]he Court hereby permanently enjoins and restrains all class members who did not duly request exclusion from the class in the time and manner provided for in the Class Notice from commencing or prosecuting any action, suit, claim or demand against any of the parties released by virtue of the Settlement Agreement arising out of or related to the released parties' use of affidavits in debt collection lawsuits." *Id.* at *34. The Ohio court gave class members until June 1, 2011 "to submit a claim form, request for exclusion, or an objection to the proposed settlement." *Id.* at *11.

Here, Newcomb admits to "receiv[ing] a notice of the class action settlement and sign[ing] the claim form seeking to be included in the class for purposes of the settlement on April 19, 2011." Doc. 15, at 2. However, in response to this motion, Newcomb asserts that "after initially indicating she wanted to be included in the class, . . . [she] became aware of the serious nature of the claims against the Defendants and decided to opt out of the settlement in order to pursue her own claims against Defendants." *Id.* As such, Newcomb maintains that "[o]n or about May 28, 2011, prior to the June 1, 2011 deadline for opting out of the class action lawsuit, . . . [she] mailed a letter to both the Claims Administrator and the attorneys, Murray and Murray. [Newcomb] personally mailed a copy of each letter to each of the addresses as noted informing them of her desire to opt out from the class action settlement." *Id.* In support, Newcomb attaches her own affidavit and a copy of the letter purportedly sent to the *Brent* class administrator and the Murray & Murray law firm. Doc. 15-1, at 2-3.

Newcomb offers no other evidence pertaining to this opt-out letter.

On the other hand, Defendants contend that Newcomb failed to properly opt-out of the *Brent* settlement. Defendants present the court with Newcomb's opt-in claim form for the *Brent* settlement. Doc. 13-2, at 4. Defendants also provide an affidavit from Matthew E. Pohl, President of Class Action Administration, Inc. ("CAA"), stating that the Northern District of Ohio appointed CAA to handle the *Brent* class settlement and that "[a] thorough review of the database of opt-outs and opt-out letters received by CAA in relation to the clas action lawsuits listed above reveals that Nikki L. Newcomb has not returned an opt-out postcard or opt-out letter indicating that she does not want to be included in the class. The deadline for submitting a postcard or letter opting out of the class action lawsuits has passed." Doc. 13-2. Finally, in response to Newcomb's affidavit that she mailed an opt-out letter, Defendants assert that "neither the copy of the letter nor [Newcomb's] affidavit is sufficient to meet [Newcomb's] burden of proving a timely exclusion." Doc. 17, at 3. Rather, Defendants maintain that to avoid "invit[ing] false claims of mailings, [Newcomb] must provide additional proof—some documentary evidence of mailing beyond an unnotarized form or letter and an affidavit—to meet the burden of showing a timely request for exclusion." *Id.* at 5.

The court finds that Newcomb failed to sufficiently opt-out of the *Brent* class settlement but defers to the Northern District of Ohio since it rendered the permanent injunction at issue. In deferring to the rendering court, this court notes

that "the testimony of a class member, without some documentary proof of mailing, will seldom, if ever, be sufficient to meet the burden of showing a timely request to opt out." *In re Worldcom* (*Worldcom* I), No. 02 Civ. 3288 (DLC), 2005 WL 1048073, at *4 (S.D.N.Y. May 5, 2005). Indeed, other district courts have found that an affidavit from the plaintiff and a copy of the opt-out letter are not enough to prove a timely exclusion from the class. Rather, courts generally require "proof of mailing to substantiate a class member's claim to have timely opted out of the class action." *See In re Worldcom* (*Worldcom* II), No. 02 Civ. 3288 (DLC), 2005 WL 2560374, at *1 (S.D.N.Y. Oct. 12, 2005). In *Managed Care*, the Southern District of Florida considered a factually similar opt-in/opt-out notice form, and a Plaintiff submitting an affidavit that he timely mailed a letter to the Class Administrator. The court held a "presumption of mailing" could only be maintained if "(1) the document was properly addressed; (2) the document was stamped; and (3) the document was mailed." *Managed Care*, No. 00-1334-MD, 2008 WL 2944897, at *4 (S.D. Fla. July 24, 2008) (quoting *Barnett v. Okeechobee Hosp.*, 283 F.3d 1232, 1237 (11th Cir. 2002)). Without **documentary proof of mailing**, the testimony of a class member "will seldom, if ever, be sufficient to meet the burden of showing a timely request to opt out." *Id.*

Finally, the policy reasons behind such an approach are readily apparent. "Finding the testimony of a class member sufficient to warrant exclusion from the class invites false claims of mailing. Without a requirement of documentary corroboration of a class member's efforts to opt out[,] scores of individual

credibility determinations may be necessary. There is no inequity in the imposition of a requirement of documentary corroboration." *Id. See also In re Prudential-Bache Energy Income P'ships Sec. Litig.*, No. MDL 888, 1995 WL 263879, at *2 n.1 (E.D. La. May 4, 1995) (suggesting that a receipt from the postal service could satisfy the additional documentary evidence requirement).

Here, Newcomb offers no evidence showing that her letter, or the envelope supposedly mailed, were properly addressed, stamped, or mailed. Instead, all the court has is Newcomb's affidavit—which the case law clearly establishes is insufficient to demonstrate proof of mailing. Absent proof, Defendants' contention that Newcomb is seeking to violate the *Brent* injunction has some validity. Accordingly, to allow Defendants to raise this issue with the issuing court, this action is **STAYED** until **April 9, 2012**. Defendants are **ORDERED** to submit written status reports to this court on **March 1, 2012** and **April 1, 2012** regarding the progress of the injunction enforcement. Failure to seek enforcement of the *Brent* injunction against Newcomb in the United States District Court for the Northern District of Ohio will result in this court allowing Newcomb to proceed in this action against Defendants unprejudiced by the *Brent* class settlement.

**DONE** the 9th day of February, 2012.

**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE

FILED
2012 Feb-13 PM 03:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CLYDE HILL,

Plaintiff,

v.

ENCORE CAPITAL GROUP, INC., et al.,

Defendants.

CIVIL ACTION NO. 11-AR-03282-S

**ORDER**

Before the court is the motion of defendants, Encore Capital Group, Inc., Midland Credit Management, Inc., and Midland Funding, LLC ("defendants"), for plaintiff, Clyde Hill ("Hill"), to show cause, if he can do so, "why he has initiated this lawsuit in direct contravention of the permanent injunction entered in *Midland Funding, LLC v. Brent*, No. 3:08-cv-1434, Doc. 164 (N.D. Ohio Aug. 12, 2011)" or, in the alternative, "that this Court stay the instant proceedings while Defendants seek relief from the U.S. District Court for the Northern District of Ohio." Doc. 10. Hill has responded to defendants' motion, outlining his reasons for filing this action. Doc. 13.

For the reasons stated by Judge Abdul Kallon in his order entered February 9, 2012, in *Newcomb v. Encore Capital Group, Inc., et al.*, 3:11-cv-2383-AKK, doc. 19, defendants' motion to stay is hereby **GRANTED**. This action is **STAYED** until **April 9, 2012**. Defendants are **ORDERED** to file with this court a status report on

**March 1, 2012**, and **April 1, 2012**, regarding the progress of the injunction enforcement. Failure to seek enforcement of the *Brent* injunction against Hill in the United States District Court for the Northern District of Ohio will result in this court's allowing Hill to proceed in this action against defendants unprejudiced by the *Brent* class settlement.

The motion for an order to show cause is **MOOT**.

DONE this 13th day of February, 2012.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE