IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARTHA VASSALLE, et al.,

                Plaintiff,         Case No. 3:11 CV 96

-vs-

                                                SPECIAL MASTER FINDINGS

MIDLAND FUNDING LLC, et al.,

                Defendant.

KATZ, J.

    Pending are Defendants' motion for approval of its affidavit procedures (Doc. No. 175), Defendants' submissions regarding those affidavit procedures (Doc. No. 181), Class Counsels' response (Doc. No. 180), and Defendants' reply (Doc. No. 183). A brief history and the authority which enables the undersigned to consider the Defendants' request is set forth before delving into the affidavit procedures.

## BACKGROUND

*A. Brief History*

    This litigation began as a debt collection case in state municipal court and then removed to his Court subject to counterclaims under the Fair Debt Collection Practices Act. *Midland Funding v. Brent*, Case No. 3:08 cv 1434 (N.D. Ohio). Out of that litigation sprang two other related cases, *Franklin v. Midland Funding*, Case No. 3:10 cv 91 (N.D. Ohio); *Vassalle v. Midland Funding*, Case No. 3:11 cv 96 (N.D. Ohio). Collectively, these three cases produced a nationwide class action. The detailed history need not be repeated here. *See Vassalle*, (Doc. No. 160, p. 2-12).

Of significance was the use of form affidavits which were, in reality, not based upon personal knowledge. Following the Court's determination on the issue of validity regarding the affidavits, a settlement was achieved and, following a fairness hearing, the settlement was approved. *Id*. at p. 33. Additionally, the parties agreed to and the Court ordered the following injunctive relief:

> Midland, throughout the United States, will create and implement written procedures for the generation and use of affidavits in debt collection lawsuits (the "Affidavit Procedures"). These procedures shall be reasonably assured to prevent the use of affidavits in debt collection lawsuits where the affiant does not have personal knowledge of the facts set forth in the affidavit. Midland shall appoint a person responsible for ensuring compliance with the Affidavit Procedures.

*Id.* at p. 34.

The Court also appointed the undersigned "to monitor compliance with this injunction. Within thirty (30) days of entry of this injunction, Midland shall submit its Affidavit Procedures to the Special Master for review." *Id.*

*B. Authority of the Special Master*

Under Fed.R. Civ. P. 53(c), the authority of a master is addressed as follows:

**(1)** ***In General***. Unless, the appointing order directs otherwise, a master may:

    **(A)** regulate all proceedings
    **(B)** take all appropriate measures to perform the assigned duties fairly and efficiently; and
    **(C)** if conducting an evidentiary hearing, exercise the appointing court's power to compel, taken and record evidence.

**(2)** ***Sanctions***. The master may by order impose on a party any noncontempt sanction provided by Rule 37 or 45, and may recommend a contempt sanction against a party and sanctions against a nonparty.

The order of appointment is the source of the master's authority. *United States v. Clifford Matley Family Trust*, 354 F.3d 1154, 1159 (9th Cir. 2004), citing *Turner v. Orr*, 722 F.2d 661, 665

(11th Cir. 1984); *Gary W. v. Louisiana*, 601 F.2d 240, 245 (5th Cir. 1979); *Agricultural Services Ass'n, Inc. v. Ferry-Morse Seed Co., Inc.*, 551 F.2d 1057, 1071 (6th Cir. 1977); *Webster Eisenlohr, Inc. v. Kalodner*, 145 F.2d 316, 319 (3rd Cir. 1944), *cert denied*, 325 U.S. 867 (1945).  However, where the order of appointment fails to specify in detail the limit of authority, Rule 53 remains the overriding default authority**.**  9 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 53.32 (3D ED. 2011).

Here, the Court's Order specifies that he shall:

> Conduct a review of the Defendants' Affidavit Procedures (Dkt. 160, pp. 34-35)(defining "Affidavit Procedures"), including making findings as to whether the Affidavit Procedures are reasonably assured to prevent the use of affidavits in debt collection lawsuits where the affiant does not have personal knowledge of the facts set forth in the affidavit.  In the event that the Special Master finds that the Affidavit Procedures are not reasonably assured to prevent the use of affidavits in debt collection lawsuits where the affiant does not have personal knowledge of the facts set forth in the affidavit, Defendants shall have thirty (30) days to revise procedures so as to cure any defects identified by the Special Master.  Defendants shall submit to the Special Master a declaration from the responsible person confirming that the Affidavit Procedures approved by the Special Master have been implemented.  A copy of such declaration shall be filed with this Court.

(Doc. No.  173, p. 3.)   In a subsequent Order the Court further clarified the Special Master's responsibilities as follows:

> Within thirty (30) days thereafter Defendants shall advise the Special Master of the forms of the affidavits to be employed by the Defendants and the legal authority therefore; Plaintiff shall have fourteen (14) days to respond and Defendants seven (7) days to reply.  Thereafter, the Special Master shall make findings as to the sufficiency of the forms of the affidavits.

(Doc. No. 174.)

With this framework in mind, we turn to the matters at hand.

**FINDINGS AS TO AFFIDAVIT LANGUAGE**

The review and approval of affidavit procedures is a two-step process.

The first encompasses the "forms of the affidavit" or the language in an affidavit which satisfies the court's requirement that the affiant has personal knowledge of the facts set forth in the affidavit.

The second requires demonstration and verification of Midland's processes regarding its records which support the assertions in the affidavit.   The purpose of this memorandum is to deal with the first step and leave the second step for another day.

At a hearing on April 17, 2012, Senior Vice President and General Counsel for Encore Capital, Greg Call, testified as to the difficulty in fashioning a template which meets every jurisdictional requirement.  Mr. Call's testimony confirmed that Defendants strive to tailor an affidavit to the particular jurisdiction as local state courts often have differing requirements.  This Court recognizes that it would be impossible to fashion a template for an affidavit which would satisfy every jurisdiction, both state and federal.   However, there are certain requirements listed to support  a valid affidavit and they are as follows:

1. Affidavits made on information and belief are insufficient as a matter of law. *Hicks v. Baines*, 593 F.3d 159, 167 (2nd Cir. 2010); *Harris v. Gonzalez*, 488 F.3d 442, 446 (D.C. Cir. 2007); *Richardson v. Oldham*, 12 F.3d 1373, 1378 (5th Cir. 1994); *Josendis v. Wall to Wall Residence Repairs, Inc.*, 606 F.Supp.2d 1376, 1380 (S.D. Fla. 2009), *aff'd,* 662 F.3d 1292 (11th Cir. 2011); *ColtTech, LLC v. JLL Partners, Inc.*, 538 F.Supp.2d 1355, 1357 (D.Kan. 2008); *Wuliger v.Eberle* , 414 F.Supp.2d 814, 818 (N.D.Ohio 2006); *Fowler v. Borough of Westville,* 97 F.Supp.2d 602, 607 (D.N.J. 2000);  *Murphy v. Ford Motor Co.*, 170 F.R.D. 82, 84-85 (D. Mass. 1997).  The affiant must have perceived or observed what they purport to assert in the affidavit as

recollections of what the affiant has been told are considered inadmissible hearsay. *Coleman v. Blue Cross Blue Shield of Kan.*, 487 F.Supp.2d 1225, 1237 (D. Kan. 2007), *aff'd*, 287 Fed. Appx. 631 (10th Cir. 2008); *Wicker v. Oregon ex rel. Bureau of Labor*, 543 F.3d 1168 (9th Cir. 2008). Therefore, statements that the affiant "is advised," are also insufficient as constituting hearsay absent the supporting documentation.

2. Affidavits must be made on personal knowledge. *Delaware Valley Floral Group, Inc. v. Shaw Rose Nets, LLC*, 597 F.3d 1374, 1382 (Fed. Cir. 2010); *Johnson v. Weld County, Colo.*, 594 F.3d 1202, 1209-1210 (10th Cir. 2010); *Hicks v. Baines*, 593 F.3d 159, 167 (2nd Cir. 2010); *Wells Fargo Home Mortg., Inc. v. Lindquist*, 592 F.3d 838, 845 (8th Cir. 2010); *Wicker v. Oregon ex rel Bureau of Labor*, 543 F.3d 1168, 1178 (9th Cir. 2008); *Dewitt v. Proctor Hosp.*, 517 F.3d 944, 947 (7th Cir. 2008); *Galvin v. Eli Lilly & Co.*, 488 F.3d 1026, 1033 (D.C. Cir. 2007); *Hoffman v. Applicators Sales & Serv. Inc.*, 439 F.3d 9, 14-16 (1st Cir. 2006); *Brainard v. American Skandia Life Assurance Corp.*, 432 F.3d 655, 667 (6th Cir. 2005); *Ellis v. England*, 432 F.3d 1321, 1327 (11th Cir. 2005); *Nieves-Luciano v. Hernandez-Torres*, 397 F.3d 1, 5 (5th Cir. 2005); *Farlow v. Wachovia Bank of N.C.*, 259 F.3d 309, 312 n.3 (4th Cir. 2001); *Aronson v. Peoples Natural Gas Co.*, 180 F.3d 558, 543 n.2 (3rd Cir. 1999).

Compliance with Fed. R. Evid 803(6) satisfies the requirement of personal knowledge.

3. Midland is in the business of purchasing a portfolio of accounts and the seller then provides Midland with an electronic file with data for each account. Midland then integrates those records into its own system. Based upon those integrated records, Midland's Legal Specialists rely upon those integrated records for the statements in their affidavits. Under Fed. R. Evid.

803(6), statements based upon business records created by and integrated into the current owner's records may be relied upon by the affiant where:

* the affiant describes the nature of the business;

* the affiant indicates his/her familiarity with the business's record-keeping system;

* the affiant describes the business' practice of preparing and maintaining its contemporaneous records; and

* the affiant identifies the exhibit as a record maintained in the records of the business.

Fed. R. Evid. 803(6); *Brawner v. Allstate Indem. Co.*, 591 F.3d 984, 987 (8th Cir. 2010), citing, *United States v. Adefehinti*, 510 F.3d 319, 325-26 (D.C. Cir. 2007); *Air Land Forwarders, Inc. v. United States*, 173 F.3d 1338, 1342-44 (Fed. Cir. 1999); *United States v. Childs*, 5 F.3d 1328, 1333-34 (9th Cir. 1993); *United States v. Duncan*, 919 F.2d 981, 986-87 (5th Cir. 1990). *See also Columbia First Bank, FSB v. U.S.*, 58 Fed. Cl. 333, 339 (Fed. Cl. 2003); *In re Ollag Constr. Equipment Corp.*, 665 F.2d 43, 46 (2nd Cir. 1981); *United States v. Carranco*, 551 F.2d 1197, 1200 (10th Cir. 1977).

4. As to affidavits containing references to computer generated documents provided by counsel, such statements fall outside of Fed. R. Evid. 803(6) under the exception to the hearsay rule.

**CONCLUSION**

Defendants are ordered to adopt and incorporate the above requirements into the templates for an affidavit. Defendants shall have thirty (30) days to reform their affidavit template to include these requirements and provide the same to the Special Master and opposing counsel.

A further hearing will be conducted on **May 21, 2012, at 9:00 a.m. in Courtroom 224**, to consider verification of Midland's process regarding its records which support the assertions contained in the affidavits.

>  */s/ Richard B. McQuade, Jr.*
> RICHARD B. MCQUADE, JR.
> SPECIAL MASTER