IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARTHA VASSALLE, et al.,

       Plaintiff,        Case No. 3:11 CV 96

    -vs-          O  R  D  E  R

MIDLAND FUNDING LLC., et al.,

       Defendant.

   This cause is before the Special Master for approval of the form of the affidavits employed by Midland in its business.

   Midland has provided to the Special Master, for his review, hundreds of affidavits to be used by Midland in the jurisdictions in which Midland pursues its business.  The Court assumes that this submission contains all of the affidavit forms employed by Midland.

   In the Memorandum Opinion dated August 12, 2011, the Hon. David A. Katz stated "Midland, throughout the United States, will create and implement written procedures for the generation and use of affidavits in debt collection lawsuits." (Doc. No. 160, p. 34).  To that end, the Special Master was tasked with determining whether "the Affidavit Procedures are reasonably assured to prevent the use of affidavits in debt collection lawsuits where the affiant does not have personal knowledge of the facts set forth in the affidavit." *Id*.  Moreover, in Judge Katz's order of January 19, 2012, he stated, ". . . the Special Master shall make findings as to the sufficiency of the forms of the affidavits." (Doc. No. 174).

Judge Katz's opinion suggests  that the affiant's personal knowledge be based "on the accuracy of [Midland's] records. . . and . . . data." *Midland Funding LLC v. Brent*, Case No. 3:08cv1434 (Doc. No. 50, p. 12). *See also* Fed. R. Evid. 803(6).  Many of the affidavits submitted contain statements that do not appear to be based on personal knowledge of Midland's records.

For instance, most of the proposed affidavits contain the following statements:

\*    It is in the regular course of business of plaintiff's agents and/or its attorneys for demand to be made for payment of the balance herein prior to making this affidavit; defendant(s) failed to make full payment of the amount owed on the account; and the attorneys representing plaintiff were retained for the purpose of collecting the delinquent debt owed on the account set above.

\*    It is in the regular course of business of plaintiff or its agents to send a validation letter to defendant(s) in accordance with the Fair Debt Collection Practices Act (15 U.S.C. § 1692g) setting forth the amount of the debt, identifying plaintiff as the creditor to whom the debt is owed, and notifying defendant(s) that, in accordance with the FDCPA, unless defendant(s) disputes the validity of the debt, or any portion of it, the debt will be assumed valid.

These paragraphs seek to establish that demand and validation letters were directed to the defendants in each particular case. These paragraphs appear to be based on Fed. R. Evid. 803(6) which generally permits the introduction of a specific document or memorandum into evidence when kept in the course of regularly conducted business.  The affidavit language at issue is not offered for the purpose of  introducing a specific business record.

Midland's Senior Legal Specialist, Ashley Hoffman, testified that both Midland and the law firms engaged to collect on those debts, sent validation letters to the debtors as a matter of routine. (Hr'g Tr. 72, May 21, 2012).   Ms. Hoffman testified she was able to determine, from Midland's business records, whether the demand or validation letters were sent.  (*Id*. and at 75).

Accordingly, if Midland's Legal Specialist must testify that a demand or validation letter

was sent, they must do so from personal knowledge that Midland's business records demonstrate such in each specific claim.

Other affidavits contain the following statement:

\*        It is in the ordinary course of business for plaintiff to or its agents to cease collection efforts on accounts where there is record of a legitimate dispute by the consumer.

This is not a statement of personal knowledge.  The meaning of this statement is not clear. Are we to infer that because suit was filed there was no legitimate dispute?  The hearing testimony established Midland's business records that are before the Legal Specialist indicate whether the debt is disputed.  Ms. Hoffman stated that if an account had a dispute or if the validation letter was returned to the sender, it would be noted on the GUI[1] screen.  (*Id*. at 105).  If so, the affiant should state from an examination of the business record that no disputes exist.[2]

Several inconclusive statements are made concerning interest and fees due and owing as follow:

\*        MCM's records show that the defendant(s) owed a balance of $2252,86 and that the defendant(s) currently owe(s) $2250.86 as of 2010-07-31, inclusive of credits, adjustments, interest, and fees, *if applicable*. (Emphasis added.)

\*        MCM's records show that the defendant(s) owed a balance of $2250.86.  Plaintiff or authorized agent of plaintiff may seek interest and reasonable attorney's fees, if applicable.

\*        This suit may include additional amounts including interest, filing fees, and costs associated with service of process.

---

[1]  GUI is the acronym for a graphical user interface.

[2]

 Midland may be attempting to admit these statements as a routine practice pursuant to Fed. R. Evid. 406.  The elements of admissibility under that rule do not appear to be met by the proferred language. *See G.M. Brod & Co., Inc. v. U.S. Home Corp.*, 759 F.2d 1526, 1533-1534 (11th Cir. 1985); 35 Am Jur. *Proof of Facts* § 3 (1983).

3

\* The account shows that the defendant(s) owed a balance of $2252.86 as of 2011-11-13.  MCM's records show that after application of credits and other adjustments (if any), the defendant(s) currently owe(s) $2250.86.  MCM's records further show that interest is due from 2010-07-31 accrued at the rate set forth in the cardholder agreement/original contract and/or as required by law.

\* MCM's records show that the defendant(s) owed a balance of $2250.86.  Such balance may continue to accrue interest at the rate set forth in the cardholder agreement/original contract and/or as required by law, until judgment is entered herein, after which interest on the unpaid balance shall accrue as required by law and as set forth within the terms of the judgment.

These are not statements of personal knowledge.  In addition, there is no way a court could compute interest from these statements.

During the hearing, Ms. Hoffman testified that information provided to Midland from or by the law firms (engaged in the collection efforts)  included the last payment amount, last principal amount, interest date, prejudgment interest rate, total interest accrued, contract fee amount, suit balance and charge off balance.  ( Hr'g Exh. 1 at 25.)  This specific information must be included in the affidavit if interest, fees and expenses are sought.

Some of the affidavits contain the following language:

\* Plaintiff acquired defendant's account as part of a portfolio of accounts that was sold by plaintiff's predecessor to plaintiff on or about 2010-12-09.  A true and correct copy of the Bill of Sale pertaining to the transfer of defendant's account is attached hereto as Exhibit A and incorporated herein by this reference.  Plaintiff received HSBC's data and records that pertained to defendant's account.  Among other things, the records *may* have included defendant's name, address, social security number, account number, and account balance.  Plaintiff adopted and incorporated said data and records into the business records kept on behalf of plaintiff.

(Emphasis added.)

This is not a statement of personal knowledge.  Hearing testimony indicated that the Legal Specialist had specific media access to these records.  The affidavit should reflect specific information that the Legal Specialist observed from Midland's record.

Accordingly, Midland is directed to revise the affidavits in accordance with this opinion and to submit a CD of the affidavits to the Special Master together with a certification setting forth the specific modifications to the affidavits that have been made to comply with this Order.

IT IS SO ORDERED.

         s/ *Richard B. McQuade*
         SPECIAL MASTER