IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARTHA VASSALLE,

                Plaintiff,         Case No. 3:11 CV 96

  -vs-

                                        O R D E R

MIDLAND FUNDING, LLC,

                Defendant.

KATZ, J.

**I. Background**

Currently pending are non-party Scott Huminski's sundry motions to reopen and intervene in the instant matter, for enforcement of injunction, for a declaratory judgment that Defendant Midland Funding's attorneys violate the American Bar Association's rules of professional conduct, and to transfer an unrelated District of Arizona case to this Court. (Doc. 191; Doc. 195). Huminski's motions are denied.

On August 12, 2011, this Court granted final approval of the settlement in the instant class action litigation, and likewise dismissed the lawsuits giving rise thereto. (Doc. 160). Timely notices of appeal were filed, thereby divesting this Court of jurisdiction to grant motions to intervene, *Taylor v. KeyCorp*, 680 F.3d 609, 616 (6th Cir. 2012), or to take any other action that substantively affects the matter. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("[t]he filing of a notice of appeal is an event of jurisdiction [sic] significance–it confers jurisdiction of the circuit court and divests the district court of its control over those aspects of the case involved in the appeal."); 20 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 32[2][a][ii]. This includes a divestiture of jurisdiction to take action on Huminski's motions.

Further, this Court has no jurisdictional basis to transfer a matter pending in another District Court.

## II. Conclusion

For the foregoing reasons, Humanski's motions are denied. (Doc. 191; Doc. 195).

IT IS SO ORDERED.

        s/ *David A. Katz*
        DAVID A. KATZ
        U. S. DISTRICT JUDGE