IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARTHA VASSALLE, et al.,

                Plaintiff,            Case No. 3:11 CV 96

-vs-

                                         O R D E R

MIDLAND FUNDING LLC, et al.,

                Defendant.

### BRIEF BACKGROUND

The background surrounding this litigation is contained in the Special Master's Findings of April 25, 2012 (Doc. No. 186) and are incorporated by reference. Following a hearing before the Special Master on May 21, 2012, Defendants provided the undersigned a CD containing updated templates regarding the affidavit language by letter dated June 1, 2012. Copies of the same were provided to Class Counsel. In the July 5, 2012 Order, the Special Master directed Defendants to revise the affidavits to comply with the personal knowledge requirements of Midland's business records. (Doc. No. 190).

This matter is before the Special Master on Defendants' motion for approval of modifications to affidavit language. Also before the undersigned are responses by Plaintiffs and by Objectors Clawson, Guest and Rivera as well as replies by Plaintiffs and Midland. For the reasons stated the Court adopts the language set forth below.

### DISCUSSION

1.        <u>Proposed Language #1</u>: MCM's records indicate that MCM or its agents made demand for payment of the balance herein prior to making this affidavit and defendant(s) failed to make full payment of the amount owed on the account.

or

>MCM's records indicate that MCM or its agents made demand for payment of the balance herein prior to making this affidavit and defendant(s) failed to make full payment of the amount owed on the account; and the attorneys representing plaintiff were retained for the purpose of collecting the delinquent debt owed on the account set out above.

or

>MCM's records indicate that MCM or its agents made demand for payment of the balance herein more than 30 days prior to making this affidavit and defendant(s) failed to make full payment of the amount owed on the account; and the attorneys representing plaintiff were retained for the purpose of collecting the delinquent debt owed on the account set out above.

Having considered Class Counsel's suggested modifications and Defendant's responses thereto, the Court finds the following proposals to be acceptable:

>Approved Language #1: MCM's records state that MCM or its agents made demand for payment of the balance herein prior to making this affidavit and defendant(s) failed to make full payment of the amount owed on the account.

or

>MCM's records state that MCM or its agents made demand for payment of the balance herein prior to making this affidavit and defendant(s) failed to make full payment of the amount owed on the account; and the attorneys representing plaintiff were retained for the purpose of collecting the delinquent debt owed on the account set out above.

or

>MCM's record state that MCM or its agents made demand for payment of the balance herein more than 30 days prior to making this affidavit and defendant(s) failed to make full payment of the amount owed on the account; and the attorneys representing plaintiff were retained for the purpose of collecting the delinquent debt owed on the account set out above.

2. There being no being no objections to the proposed language contained in proposal number 2, the following is approved:

> Approved Language #2: MCM's records state that MCM sent a letter to defendant(s) on behalf of plaintiff, and that defendant(s) have not contacted MCM to dispute or object to the amounts stated in such correspondence as due and owing.

3. Proposed Language #3: MCM's records indicate that there is no record of any legitimate dispute by defendant(s) or a substantiated claim that any credit card associated with this account has been reported lost or stolen.

Class Counsel's concern center around the subjectivity of the term "legitimate." The undersigned agrees and specifies the following language be implemented:

> Approved Language #3: Midland's records state that there is no record of an active dispute or of a prior unresolved dispute, or a substantiated claim that any credit card associated with this account has been reported lost or stolen.

4. Upon consent of the parties and approval by the Special Master, the following language shall be adopted as to paragraph 4:

> Approved Language #4: MCM records show that the defendant(s) owed $_____ as of [date].

5. Upon consent of the parties and approval by the Special Master, the following language shall be adopted as to paragraph 5:

> Approved Language #5: MCM's records show that the defendant(s) owed a balance of $_____.

6. Proposed Language #6: Withdrawn per Defendants.

7. Proposed Language #7: The account shows that the defendant(s) owed a balance of $_____ as of [date]. MCM's records further show that interest is

> due from [date] accrued at the rate set forth in the cardholder agreement/original contract and/or as required by law, and Plaintiff may seek to recover such interest to the extent allowed by the Court according to proof

Upon consent of the parties and approval by the Special Master, the following language shall be adopted as to paragraph 7 depending on the jurisdiction:

> Approved Language #7: The account shows that the defendant(s) owed a balance of $_____ as of [date]. MCM's records further show that interest is due from [date] accrued at the rate set forth in the cardholder agreement/original contract and/or as allowed by law, and Plaintiff may seek to recover such interest to the extent allowed by the Court according to proof.

8. Proposed Language #8: MCM's records show that the defendant(s) owed a balance of $_____. Such balance may continue to accrue interest at the rate set forth in the cardholder agreement/original contract and/or as required by law, to the extent allowed by the Court according to proof, until judgment is entered herein, after which interest on the unpaid balance shall accrue as required by law and as set forth within the terms of the judgment.

Upon consent of the parties and approval by the Special Master, the following language shall be adopted as to paragraph 8 depending on the jurisdiction:

> Approved Language #8: MCM's records show that the defendant(s) owed a balance of $_____. Such balance may continue to accrue interest at the rate set forth in the cardholder agreement/original contract and/or as allowed by law, to the extent allowed by the Court according to proof, until judgment is entered herein, after which interest on the unpaid balance shall accrue as required by law and as set forth within the terms of the judgment.

9. Regarding the language proposed in #9, the objectors take issue with the introduction of third party records and compliance with hearsay rule. As noted in the Special Master's Findings of April 25, 2012, Fed. R. Evid. 803(6) allows for statements based upon business records created by and integrated into the current owner's records where the affiant: (1) describes the nature of the business; (2) indicates their familiarity with the business's record-keeping system; (3) describes

the business practice of preparing and maintaining its contemporaneous records; and (4) identifies the exhibit as a record maintained in the records of the business. (Doc. No. 186 at p. 6.) *See generally,* WEINSTEIN'S FEDERAL EVIDENCE §803.08[2] (2d 1997).

At the May 21, 2012 hearing, Patrick Minford, Midland's senior manager of business development process, testified that apart from the assurances Midland receives from the seller, Midland itself conducts a "robust due diligence process" during which they "continually validate the data." (Doc. No. 189 at p. 18.) In performing its own due diligence, Midland compares it with the data provided by the putative seller in order to place a value on the portfolio. (Id. at p. 21.) Minford further testified that at the final closing, Midland runs the final data file through a valuation model to ensure that the file "conform[s] to the due diligence file that [Midland] bid on, that the data is complete. . ." (Id. at p. 24.) Only when that process is complete does Midland pay the seller for the portfolio and the file is loaded onto Midland's system.

Additionally, testimony from one of Midland's legal senior legal specialist, Ashley Hoffman confirmed her familiarity with Midland's record keeping systems and detailed the process necessary to prepare and confirm the information for inclusion in an affidavit. This testimony was sufficient to establish the necessary foundational requirements of third party business records under Fed. R. Evid. 803(6). Likewise, other courts have deemed such evidence as sufficient to meet the business records exception. *See Brawner v. Allstate Indem. Co.*, 591 F.3d 984, 987 (8th Cir. 2010) (citing *United States v. Adefehinti,* 510 F.3d 319, 325-26 (D.C.Cir. 2007); *Air Land Forwarders, Inc. v. United States*, 172 F.3d 1338, 1342-44 (Fed. Cir. 1999)). *See also United States v. Weinstock*, 153 F.3d 272, 276 (6th Cir. 1998) (allowing for admission of physician practice profile prepared by insurer in government prosecution).

Having considered the concerns of the objectors, the Special Master finds the proposed language to be acceptable and approves the same.

> <u>Proposed and Approved Language #9</u>: Plaintiff acquired defendant's account as part of a portfolio of accounts that was sold by plaintiff's predecessor to plaintiff on or about [date]. A true and correct copy of the Bill of Sale pertaining to the transfer of defendant's account is attached hereto as Exhibit A and incorporated herein by this reference. Plaintiff received [original creditor's] data and records that pertained to defendant's account. Plaintiff adopted and incorporated said data and records into the records kept on behalf of plaintiff. The accuracy of such records are relied upon by plaintiff and/or its servicer in purchasing and collecting this account. These records are trustworthy and relied upon because the original creditor was required to keep careful records of the account at issue in this case as required by law and/or suffer business loss.

## CONCLUSION

Accordingly, Defendants' motion for approval of proposed modifications to affidavit language (Doc. No. 198) is granted as modified herein. Midland shall revise the affidavits as ordered and submit a copy of the same to the Special Master for his review.

IT IS SO ORDERED.

    s/ *Richard B. McQuade*
Richard B. McQuade
Special Master