*******************************************************************

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

*******************************************************************

| | | |
|---|---|---|
| MARTHA VASSALLE, et al., | : | Case No. 3:11CV0096 |
| Plaintiffs, | : | And Related Case<br>Case No. 3:10CV0091 |
| vs. | : | |
| MIDLAND FUNDING, LLC, et al., | : | HON. DAVID A. KATZ |
| Defendants | : | |

*******************************************************************

## OBJECTOR CLAWSON'S RESPONSE
## TO DEFENDANTS' STATUS REPORT

Perhaps because Defendants attempted to keep their Status Report brief, or because they were relying in part on hearsay, they have provided a statement regarding the purported views of the undersigned, one of Objector Clawson's counsel, that could easily be misconstrued. Defendants have represented to the Court that "Objector Clawson's Counsel, Charles Delbaum, has indicated that he does not agree with the clarified release provision in the MOU." Status Report at p.2. This statement is accurate, but it is incomplete and out of context, and therefore may be misleading.

First, the undersigned has never conveyed Objector Clawson's settlement position to Midland. Contrary to the inference that would most likely be drawn from Midland's statement, Objector Clawson has not been a participant in the settlement negotiations or the creation of the MOU. Rather, with one exception, the undersigned merely has had a few courtesy communications with Class Counsel at the invitation of Class Counsel, nothing more. The one exception is that the undersigned specifically requested all parties working toward a nationwide settlement to carve out of those settlement negotiations the states in which statewide class actions are pending, including at least California, Washington and Michigan. Class Counsel was amenable to this request, but Midland refused.

Second, in his courtesy communications with Class Counsel, the undersigned has never conveyed any endorsement of the MOU. Rather, Clawson Objector clearly and repeatedly has stated that unless the Release provision is revised so as to permit class members to seek to vacate or defend against judgments taken against them on the basis of affidavits falsely purporting to be made on personal knowledge on any ground permitted under their particular state law, including the falsity of the affidavit, then Objector Clawson would not even consider the merits of the balance of the MOU.[1]

---

[1] In the undersigned's most recent communication to Dennis Murray and Donna Evans, an email of June 27, 2013, this position was reiterated as follows: "As I said before, I cannot assure you of our support if you are able to convince Midland of this change [narrowing the Release, as

Respectfully Submitted,


/s/ Charles Delbaum
THE NATIONAL CONSUMER LAW CENTER
By Charles Delbaum
Stuart Rossman
7 Winthrop Square, 4th Fl.
Boston, MA 02110
Telephone: (617) 542-8010
Facsimile: (617) 542-8028
Email: cdelbaum@nclc.org

and

Daniel E. Birkhaeuser
BRAMSON PLUTZIK MAHLER &
BIRKHAEUSER, LLP
2125 Oak Grove Road, Suite 120
Walnut Creek, CA 94598
Telephone: 925-945-0200
Facsimile: 925-945-8792
Email: dbirkhaeuser@bramsonplutzik.com

and

Reginald S. Jackson, Jr. (0003558)
E-Mail: rjackson@cjc-law.com
Adam S. Nightingale (0079095)
EMail: anightingale@cjc-law.com
CONNELLY, JACKSON & COLLIER LLP
405 Madison Avenue, Suite 2300
Toledo, Ohio 43604
Telephone: (419) 243-2100

---

explained in the text accompanying this footnote], but we will give it serious consideration. Without the change, we will have to object to the settlement."

Facsimile: (419) 243-7119

and

LAW OFFICE OF IAN CHOWDHURY
Ian D. Chowdhury (Bar No. 199018)
8853 Fullbright Avenue
Winnetka, CA 91306
Telephone: (818) 407-0510
Facsimile: (818) 337-2215
Email:ian@ianchowdhury.com

*Counsel for Robert Clawson*

## PROOF OF SERVICE

This is to certify that a copy of the foregoing has been electronically filed with the Court this 15th day of July, 2013. Notice of the filing will be sent to the parties by operation of the court's electronic filing system. The parties may access this filing through the Court's system.

/s/ Charles Delbaum
Charles Delbaum