# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| Martha Vassalle and Jerome Johnson, | CASE NO. 3:11-CV-0096 |
| Plaintiffs, | HON. DAVID A. KATZ |
| vs. | **And Related Cases:** |
| Midland Funding LLC, et al. | Case No. 3:08-cv-1434, N.D. Ohio |
| Defendants. | Case No. 3:10-cv-0091, N.D. Ohio |
| | Case No. 3:11-cv-1332, N.D. Ohio |

## _Former Objector Robert Clawson's Counsel's for Motion for Attorneys' Fees and Costs; Hearing Requested_

Submitted by:

THE NATIONAL CONSUMER LAW CENTER
Charles Delbaum
Stuart Rossman
7 Winthrop Square, 4th Fl.
Boston, MA 02110
Telephone: (617) 542-8010
Facsimile: (617) 542-8028
Email: cdelbaum@nclc.org

Daniel E. Birkhaeuser
Email: dbirkhaeuser@bramsonplutzik.com
BRAMSON, PLUTZIK, MAHLER &
BIRKHAEUSER, LLP
2125 Oak Grove Road, Suite 120
Walnut Creek, CA 94598
Telephone: (925) 945-0200
Facsimile: (925) 945-8792

LAW OFFICE OF IAN CHOWDHURY
Ian D. Chowdhury (Bar No. 199018)
8853 Fullbright Avenue
Winnetka, CA 91306
Telephone: (818) 407-0510
Facsimile: (818) 337-2215
Email: ian@ianchowdhury.com

1

## I.   INTRODUCTION

This Court has granted preliminary approval of a revised settlement agreement among the parties to this litigation.  The parties have assured this Court that "[t]he Revised Settlement Agreement cures the problems identified by the Sixth Circuit."  DE 227 at 1.  Several parties have objected to the revised agreement arguing that it is still not fair and reasonable to class members. Moreover,  thirty-three state Attorneys General have filed an amicus brief condemning significant aspects of the new settlement. Those objections may well convince this Court to deny final approval of the revised agreement.

However, if this Court approves the agreement and finds that it does cure the problems identified by the Sixth Circuit, then counsel for former Objector Clawson ("Objector") submits that counsel should be awarded compensation for fees and expenses since their successful objection has resulted in substantial improvements to the terms of the settlement for the class.  For this reason, counsel also requests that this matter be heard on the same date and time as the hearing on final approval, May 15, 2014; further, counsel seeks permission to participate by phone in any proceeding on this fee application.

## II.   ARGUMENT

### A. THE LEGAL STANDARD FOR OBJECTORS' FEE APPLICATIONS

It is well recognized that "objectors are entitled to compensation for attorneys' fees and expenses if the settlement was improved as a result of their efforts." *In re Prudential Ins. Co. of Am. Sales Practices*, 273 F. Supp. 2d 563, 565 (D.N.J. 2003) (quoting *In re Domestic Air Transp. Antitrust Litig.*, 148 F.R.D. 297, 358 (N.D. Ga. 1993)).  For example, "[i]f objectors are successful in challenging an award of attorneys' fees to lead class counsel, their objections have conferred a benefit on the class." *Id.*  The Second Circuit Court of Appeals has observed that in evaluating fee requests from objectors' counsel, "it is well settled that objectors have a valuable and important role to perform in preventing collusive or otherwise unfavorable settlements, and that…they are entitled to an allowance as compensation for attorneys' fees and expenses where a proper showing has been made that the settlement was improved as a result of their efforts." *White v. Auerbach,* 500 F.2d 822, 828 (2d Cir. 1974). *Accord, In re Cendant Corp. Sec. Litig.*, 404 F.3d 173, 201 n. 17 (3d Cir. 2005).  Given the benefits conferred on the class through Objector's efforts, a reasonable fee is appropriate here.

## B.  THE CLAWSON OBJECTIONS IMPROVED THE SETTLEMENT

### 1.  History of the Litigation

On June 1, 2011, Objector Robert Clawson submitted a 24-page brief supporting his objection to the inadequate settlement that the parties to this action proposed. (Docket Entry No. 25). In his objection, Clawson observed that the parties' proposed settlement was inadequate, unfair, and unreasonable because it offered little of value to class members and deprived them of important rights. D.E. 25, pp. 3-7. Clawson also demonstrated that a nationwide class should not be certified in this action. Id at 7-9. Clawson observed that the proposed class was not superior (Id.) and that the proposed class representatives were inadequate because the settlement provided them with far greater relief than absent class members. Id. at 12-14. Objector showed that the release was overbroad and would harm class members by impairing their right to seek to vacate judgments entered against them. Id. at 9-12. Finally, Objector detailed the reasons why the notice to the class was inadequate and, indeed, had not been approved by this Court. Id. at 16-25.

The settling parties each filed briefs assuring this Court that it had discretion to approve the settlement, despite Mr. Clawson's objections. D.E. 127, 133. *See also*, DE 131. Both parties assured this Court that the settlement was adequate and fair to class members. DE 127 at 2-5; DE 133, pp. 6-10. Both parties assured this

4

Court that a nationwide class was appropriate (DE 131 at 28-31), that the proposed

class was superior (DE 131 at 30), and that the class representatives were adequate

(Id. at 29).  Moeover, both parties assured the Court that the notice plan passed

muster.  DE 131 at 31-33.  Both parties claimed that the objectors simply

"misinterpreted" the release.  Id. at 12, n6.

The Sixth Circuit disagreed on all counts and sustained all of Objector's

arguments.  The Court held that the settlement was not fair or adequate to class

members because they received only "perfunctory relief," while the class

representatives fared much better.  *Vassalle v. Midland Funding LLC,* 708 F.3d

747, 755 (6th Cir. 2013).  The Court also found that a nationwide class should not

have been certified because plaintiffs were not adequate representatives and the

proposed class failed to meet the superiority factor.  *Id* at 757-758.  The Court

found that the release deprived class members of their "greatest interest."  Id at

759.  Finally, the Court held that the notice to class members did not satisfy due

process.  *Id.* at 759.

## 2.  The Revised Agreement

The settling parties are now back before this Court with an amended

agreement which they claim satisfies the Sixth Circuit's concerns.  Counsel for

Objector believe that the settlement, while better, still suffers from serious

deficiencies and that it ultimately will not be approved.  However, there can be no

doubt that all the improvements and the benefits to the class flowing from the improvements in the revised settlement are wholly due to the efforts of Objector Clawson. If it is decided that the settlement passes muster, then Counsel should be awarded fees for securing these benefits to the class. See, e.g., *Manners v. American General Life Ins. Co.,* 1999 WL 33581944 at * 32 (M.D. Tenn.1999) (awarding $600,000 to objector's counsel where objection resulted in amended settlement agreement); *see also In re Telectronics Pacing Systems, Inc.,* 137 F.Supp.2d 1029, 1037-38 (S.D. Ohio 2001), *decision clarified,* 148 F.Supp.2d 936 (S.D. Ohio 2001) (Objector awarded fees on a lodestar basis for successful appeal to Sixth Circuit resulting in subsequent amendments to settlement agreement).

At bottom, the revised settlement still provides only "perfunctory" monetary relief to the class. *Vassalle v. Midland Funding LLC,* 708 F.3d 747, 755 (6th Circuit 2013). However, because of Clawson counsel's efforts, the parties have both removed several harmful features of the settlement that the Sixth Circuit condemned and improved other provisions. First, the parties have altered the release provision so that *individual*[1] class members will preserve their right to seek to vacate judgments against them. Second, the revised release now permits class members to challenge the admissibility of Midland affidavits in any ongoing

---

[1] For some reason, the amended settlement prevents two or more class members from joining together to secure the same relief. This is a serious shortcoming and makes it more difficult for class members to obtain legal representation given the relatively small amounts at issue in such cases.

6

litigation. DE 227. P. 8. Finally, the revised settlement will provide new notice to the class which at least does not contain the previous defect identified by the Sixth Circuit. Id. p. 16.[2]

None of these important benefits to the class would have been secured absent Objectors' efforts. The parties presented the former settlement to the Court and the Court approved it. It was only Objector's successful appeal to the Sixth Circuit that vindicated the rights of this class. As is explained below, each of these rights is important.

### 3. Objector Provided a Benefit to the Class In The Form Of A Narrowed Release

The parties' initial release was overbroad. It would have prevented class members from seeking to vacate a judgment on the basis that it was obtained by Midland using a false affidavit. It also would have prevented class members from challenging Midland's affidavits in ongoing litigation. The revised release attempts to cure these deficiencies. At a minimum, individual class members will now be able to seek to vacate defaults previously entered against them based upon Midland's false affidavits.

---

[2] The revised settlement further extends the length of the stipulated injunction to 5 years, which the Settling Parties tout as a benefit to the class, but this provision neither benefits the current class members nor adequately addresses the defects in Midland's affidavits of "personal knowledge." Id. p. 6.

Although it is difficult to quantify the benefit to the class flowing from the narrowed release, courts have recognized that such a benefit is tangible and supports an award of fees.   *See, e.g., Great Neck Capital Appreciation Inv. Partnership, L.P. v. PricewaterhouseCoopers, L.L.P.*  212 F.R.D. 400, 414 - 415 (E.D. Wis. 2002)  ("Moreover, the objector did, in fact, confer a benefit on the entire class. By asking for and obtaining a modified release, he made the settlement less vulnerable to legal challenge. In doing so, he benefitted the class as a whole because a successful challenge to the settlement would have impeded the distribution of funds to class members and required additional expenditures. If I had embraced the arguments of the settling parties and approved the proposed settlement without addressing the objector's concerns, I believe that the settlement might well have been set aside on appeal or pursuant to collateral attack on the ground that it was unfair.") .

There can be no question that this revision conferred an important benefit upon the class in this case.  Indeed, the Sixth Circuit called class members' "most important interest" their ability to use the robo-signed false affidavits of personal knowledge as grounds to vacate judgments taken against them. *Vassalle,* 708 F. 3d at 758-59.  This "most important interest" would not have been secured absent Objector's briefing in this Court and appeal to the Sixth Circuit.  The narrowed release is a significant benefit to the class.

### 4. Objector Improved Notice To The Class

As a result of the Clawson objection, the parties have prepared an amended notice plan to provide individual notice to the class. *See Id.* at___. This notice still suffers from several *new* deficiencies and inaccuracies; however it cures the serious problems that caused the Sixth Circuit to reverse.   Thus, the Clawson objection improved the settlement and benefited the class by causing individual notice of the settlement to be provided to more than 1.4 million class members who otherwise would have had to make a decision based upon a notice that, according to the Sixth Circuit, did not "fairly apprise ... prospective members of the class of the terms of the proposed settlement." *Vassalle, supra*, 708 F. 3d at 759 (citation omitted).

Indeed, the Clawson objection has vindicated the *constitutional* rights of class members.  A notice that does not convey accurate information sufficient to enable a class member to decide whether to remain in the class violates due process. *Vassalle, supra*, at 759; *Gooch v. Life Investors Ins. Co. of Am.*, 672 F.3d 402, 422-24 (6th Cir. 2012), quoting 7B Wright & Miller, § 1797.6 ("A proposed notice that is incomplete or erroneous or that fails to apprise the absent class members of their rights will be rejected as it would be ineffective to ensure due process."); *Phillips Petroleum Co. v. Shutts,* 472 U.S. 797, 812, 105 S. Ct. 2965, 2974 (1985).  There simply can be no doubt that Objector conferred a significant

benefit on the class by vindicating its right to adequate notice. Moreover, it is almost always impossible to quantify the benefit to a class in receiving adequate notice. Nevertheless, failing to award reasonable fees for this effort would discourage objectors in general from expending the time and resources to vindicate this important constitutional right.

### 5. Objector Vindicated the Integrity of the Requirement that Class Representatives be Adequate

The Sixth Circuit agreed with Clawson's contention that the proposed class representatives were inadequate because they received far greater relief than class members. This result vindicated an important safeguard that protects the integrity of the class action device.

If the class representatives are now adequate, as the Settling Parties claim, then the class has Objector to thank for this. Failing to award reasonable fees for this effort would discourage objectors from vindicating the right of the class to adequate representation.

### 6. The Objection Benefitted the Public

Finally, Objector benefitted the public at large by way of this objection. Through the objection in this Court and the Sixth Circuit published opinion, Objector has established significant precedent heralding the rights of absent class members. The Sixth Circuit *Vassalle* opinion champions such rights; cautioning

care when drafting class-wide releases and notice to the class and in providing relief for class representatives that exceeds relief for the class members. Although it has only been just slightly over a year since the *Vassalle* opinion was published, the case has been cited 13 times by other courts. It appears 29 times in secondary sources and is cited in 5 law review articles including one published in the *Harvard Law Review*.

Objector took on this heavy burden because the settlement was harmful to the class and provided little in return. Objector's counsel should be rewarded for these efforts.

## III.  OBJECTOR SHOULD BE AWARDED REASONABLE ATTORNEYS' FEES AND EXPENSES IN THE AMOUNT OF $228,545

### A. Objector's Request for Fees in the Amount of $225,000 is Reasonable

Mr. Clawson was represented in these proceedings by skilled and experienced class action attorneys. As detailed in the attached declarations, Mr. Delbaum of the National Consumer Law Center has practiced law for over 42 years and has written and spoken extensively on a wide variety of subjects involving fair debt collection, class action law and procedure, and consumer law. Declaration of Charles Delbaum (Exhibit 1), while Mr. Birkhaeuser of Bramson, Plutzik, Mahler & Birkhaeuser has been practicing for over 25 years representing

consumers in complex class actions and antitrust matters nationwide.  Declaration of Daniel E. Birkhaeuser  (Exhibit 2).  Following completion of a federal clerkship, Mr. Chowdhury has been practicing for 15 years and has specialized in defending individual consumers in debt collection actions.

Apart from Mr. Chowdhury's signicant contributions to arguments advanced in the briefing of the objection and the appeal, the National Consumer Law Center and Mr. Birkhauser together devoted more than 900 hours to this matter, through only the time of the Sixth Circuit decision, that were necessary to secure the benefits to the class described above.[3]  This time was largely spent preparing Mr. Clawson's objections in this Court, traveling to and participating in the Final Approval Hearing, preparing the opening and reply briefs in the Sixth Circuit, and as to Mr. Delbaum, preparing for and traveling to Cincinnati for the Sixth Circuit's Oral Argument.  Extensive research, analysis and argument was necessary because both class counsel and defendants aggressively defended the deal they had reached and from which they both stood to benefit handsomely.  *See, e.g., Hagy v. Demers & Adams, L.L.C.,* 2013 WL 5728345 (S.D. Ohio Oct. 22, 2013) (awarding attorney fees of $74,195, noting the amount of time expended was, in part, a product of defendant's vigorous defense).

---

[3] No compensation is sought for any time after February 2013.

Objector's counsel has reviewed their billing records and has removed any entries that would not be charged to an hourly client. Delbaum Dec'l, ¶15; Birkhaeuser Dec'l, ¶12.  Moreover, counsel worked efficiently in presenting their objections to this Court and to the Sixth Circuit.  For example, each firm researched and drafted different sections of the briefs presented so as to minimize any duplicative efforts.   The resulting time spent is therefore eminently reasonable. The total hours spent by each firm is as follows:

- ° National Consumer Law Center:  487.3 attorney hours
- ° Bramson Plutzik, Mahler & Birkhaeuser: 432.8 attorney hours (plus 42.5 paralegal hours)

Total: 920 attorney hours

Mr. Delbaum's regular hourly rate, established by the National Consumer Law Center, as well as that of Stuart Rossman, who also worked on this matter, is $525, a rate that is reasonable for an advocate of their skills and experience. Delbaum Declaration  ¶9.  Mr. Birkhaeuser's normal hourly rate during the period in question was $665.  Mr. Birkhaeuser's rate has been approved by Courts as reasonable many times. Birkhaeuser Dec'l, ¶11.  These rates are also reasonable for lawyers of similar expertise and experience in Ohio.  Roddy Declaration ¶12 (Exhibit 3).  Indeed, rates far exceeding Objector's customary rates have been approved by Ohio Courts.  *See, Lonardo v. Travelers Indem. Co.* (N. D. Ohio

2010) 706 F.Supp.2d 766, 793-794 (approving hourly rate of $825 per hour for experienced class action attorney).

Nonetheless, Objector's attorneys are not seeking their customary rates. Instead, counsel is requesting the rate claimed by counsel for plaintiffs, Mr. Murray ($475 per hour).  See, DE 134, 134-1.  This Court has already approved the hourly rate of Mr. Murray[4] as fair and reasonable in the context of this litigation. D.E. 160.  Moreover, the rate this Court approved was for time spent during the years 2008-2011, while Objector's counsel spent the majority of their time in 2012 and 2013 with correspondingly higher hourly rates.

Furthermore, counsel also is not requesting compensation for all of the hours spent pursuing the objection.

Adjusting their rates to the amount of $475 per hour, Objector's lodestar is as follows, as itemized on the attached declarations:

| Firm | Total |
| --- | --- |
| National Consumer Law Center: | $235,267 |
| Bramson Plutzik, Mahler & Birkhaeuser: | $211,955 |
| Law Office of Ian Chowdhury: | not requested |
| Total: | $447,222 |

---

[4] This Court awarded Plaintiffs' counsel a multiplier of 1.5 on the time actually devoted to the case.  DE 160, p. 32.  Plaintiffs' counsel will still be fully compensated for its time and expenses in this case after payment of a fee to Objector's counsel.

14

While this total is fully warranted given the vigorous opposition of both Class Counsel and Midland at the trial and appellate level, counsel for Objector recognizes that there should be a reasonable relationship between the fees awarded to class counsel and fees to an Objector.  With that in mind, Objector submits that a fee of at least half of their downwardly adjusted lodestar, or $225K, would be reasonable.

It must be remembered that Class counsel was awarded a multiplier of more than 1.5 when this court determined that fees of $1.5 Million were appropriate for the original settlement.  Re-allocating $225,000 of this amount to Objector's counsel would merely reduce the multiplier to 1.35, still a substantial enhancement.  This re-allocation to Objector's counsel is entirely appropriate since it was Objector's counsel who was needed to advocate for and to protect class members' rights -- rights that class counsel either had not sufficiently considered or whose importance to the class were not adequately valued, as the Sixth Circuit ruled.  While class counsel has clearly devoted many hours to this litigation since the original settlement was approved, that time is not compensable as it was necessitated by the defects in the original settlement on all the issues raised by Objector.

**B. Objector's Expenses are Reasonable**

Objector incurred a total of $3,545.40 in out of pocket expenses both in this Court and on appeal.  Generally, these expenses were for filing fees, travel to the Final Approval Hearing and the Sixth Circuit.  The expenses incurred by each firm are set forth below:

| Firm | Total |
|---|---|
| National Consumer Law Center: | $2,445.57 |
| Bramson Plutzik, Mahler & Birkhaeuser: | $1,099.83 |
| Total: | $3,545.40 |

## IV.  CONCLUSION

The proposed settlement is still not fair, reasonable and adequate for the class and it should not be approved.  However, if it is approved, Objector's counsel should be awarded fees and expenses in the amounts claimed herein: $228,545.40.


Dated:  April 24, 2014          THE NATIONAL CONSUMER LAW CENTER
Charles Delbaum (admitted *pro hac vice*)
Stuart Rossman
7 Winthrop Square, 4th Fl.
Boston, MA 02110
Telephone:  (617) 542-8010
Facsimile:  (617) 542-8028
Email:  cdelbaum@nclc.org

Daniel E. Birkhaeuser
Email:  dbirkhaeuser@bramsonplutzik.com
BRAMSON, PLUTZIK, MAHLER &
BIRKHAEUSER, LLP
2125 Oak Grove Road, Suite 120
Walnut Creek, CA  94598
Telephone:  (925) 945-0200
Facsimile:  (925) 945-8792

LAW OFFICE OF IAN CHOWDHURY
Ian D. Chowdhury (Bar No. 199018)

8853 Fullbright Avenue
Winnetka, CA  91306
Telephone:  (818) 407-0510
Facsimile:  (818) 337-2215
Email:  ian@ianchowdhury.com

*Counsel for former Objector Clawson*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document is being served upon all parties of record pursuant to the ECF system this 24th day of April, 2014.


/s/ Charles M. Delbaum

Charles M. Delbaum